# EXHIBIT 1

# PROTHONOTARY OF LANCASTER COUNTY

**Andrew E. Spade**
*Prothonotary*

| | | |
|---|---|---|
| DEERFIELD CAPITAL LLC<br>VS<br>ACCORDO LP et al. | | **CASE NUMBER**<br>CI-25-00610 |

## Case Participants

**Plaintiff**
DEERFIELD CAPITAL LLC
16 DEERFIELD ROAD
LANCASTER, PA 17603

**Attorney (Plaintiff)**
ALBERT A CIARDI III, ESQ
CIARDI CIARDI & ASTIN
1905 SPRUCE STREET
PHILADELPHIA, PA 19103
215-557-3550

**Attorney (Plaintiff)**
BRIAN W BISIGNANI, ESQ
POST & SCHELL
1869 CHARTER LANE
PO BOX 10248
LANCASTER, PA 17601
717-391-4437

**ATTORNEY FOR PLAINTIFF**
JOHN W CROUMER, ESQ
POST & SCHELL PC
1869 CHARTER LANE
PO BOX 10248
LANCASTER, PA 17605-0248
717-291-4532

**Defendant**
ACCORDO LP
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
BLACKFORD HOLDINGS LLC
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
BLACKFORD ATM VENTURES
LLC
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
BLACKFORD ATM VENTURES
FUND M LLC
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
BLACKFORD ATM VENTURES
FUND M II LLC
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
BLACKFORD ATM VENTURES
FUND M IV LLC
415 NORTH PRINCE STREET
LANCASTER, PA 17603

**Defendant**
BLACKFORD ATM VENTURES
FUND M V LLC
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
BLACKFORD ATM VENTURES
FUND D LLC
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
BROOKFIELD PARTNERS LP
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
CASH VENTURES IV LLC
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
CHOICE LABS LLC
4497 PHELPS DRIVE
JACKSON, MI 49202-2600

**Defendant**
DATASTAFF ADVISORS LLC
ATTN: PATRICK MCMULLEN
125 EMERYVILLE DRIVE SUISTE
330
CRANBERRY TWP, PA 16066

**Defendant**
DOBE INVESTMENT GROUP LLC
415 N PRINCE STREET
LANCASTER, PA 17603

**Defendant**
DHQM3 LLC
415 N PRINCE STREET
LANCASTER, PA 17603

(c) CountySuite Prothonotary, Teleosoft, Inc.

Printed By: pub

# Case Participants

| | | |
|---|---|---|
| **Defendant** | **Defendant** | **Defendant** |
| GCC MANAGEMENT COMPANY LLC | GCC MICHIGAN ACQUISITIONS LLC | GLORIOUS IL LLC |
| 2055 CROOKS ROAD SUITE B | 415 N PRINCE STREET | 415 N PRINCE STREET |
| ROCHESTER, MI 48309-3254 | LANCASTER, PA 17603 | LANCASTER, PA 17603 |
| **Defendant** | **Defendant** | **Defendant** |
| GRANDVIEW JETS LLC | GRIZZLY RE LLC | KANSAS BLACKJACK LLC |
| C/O DDRB LLC | 415 N PRINCE STREET | 415 N PRINCE STREET |
| 415 N PRINCE STREET | LANCASTER, PA 17603 | LANCASTER, PA 17603 |
| LANCASTER, PA 17603 | | |
| **Defendant** | **Defendant** | **Defendant** |
| LIFTED NY CORP | LYRICAL LLC | NEO MANUFACTURING MA LLC |
| 415 N PRINCE STREET | 415 N PRINCE STREET | 365 BOSTON POST ROAD |
| LANCASTER, PA 17603 | LANCASTER, PA 17603 | UNIT 184 |
| | | SUDBURY, MA 01776-3023 |
| **Defendant** | **Defendant** | **Defendant** |
| PURE GREEN LLC | RAW VENTURES LLC | TYCOON I OPERATIONS LLC |
| 415 N PRINCE STREET | 2055 CROOKS ROAD | 2055 CROOKS ROAD SUITE B |
| LANCASTER, PA 17603 | ROCHESTER, MI 48309-3254 | ROCHESTER, MI 48309-3254 |
| **Defendant** | **Defendant** | **Defendant** |
| CHARLENE HELLER | ETHAN HELLER | TAITE HELLER |
| 909 GREENSIDE DRIVE | 330 N LIME STREET | 909 GREENSIDE DRIVE |
| LITITZ, PA 17543 | LANCASTER, PA 17602 | LITITZ, PA 17543 |

# Attorney Relationships

| **Attorney (Plaintiff)** | **Plaintiff** |
|---|---|
| ALBERT A CIARDI III, ESQ | DEERFIELD CAPITAL LLC |
| **ATTORNEY FOR PLAINTIFF** | **Plaintiff** |
| JOHN W CROUMER, ESQ | DEERFIELD CAPITAL LLC |
| **Attorney (Plaintiff)** | **Plaintiff** |
| BRIAN W BISIGNANI, ESQ | DEERFIELD CAPITAL LLC |

# Prothonotary Docket Entries

| Entry | Pages |
|---|---|
| | |

# Prothonotary Docket Entries

02/12/2025 02:12 PM                                                                                      0
[2/12/2025 2:12 PM]
EVENT(S) [PRELIMINARY INJUNCTION HEARING] ON [2/13/2025 2:00 PM] CANCELLED:
CANCELLED

[2/11/2025 3:27 PM]
EVENT(S) [PRELIMINARY INJUNCTION HEARING] SCHEDULED FOR THURSDAY, FEBRUARY
13, 2025 2:00 PM IN COURTROOM 2 WITH BROWN, III, LEONARD G (JUDGE)

[2/7/2025 2:58 PM]
EVENT(S) [PRELIMINARY INJUNCTION HEARING] SCHEDULED FOR THURSDAY, FEBRUARY
13, 2025 2:00 PM IN COURTROOM 2 WITH BROWN, III, LEONARD G (JUDGE)

02/12/2025 11:00 AM                                                                                     11
COPY OF NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1452, FED. R. BANKR. P. 9027,
AND D.N.J. LBR 9027-1 FILED BY SARI B. PLACONA.

02/11/2025 03:03 PM                                                                                      2
ORDER FILED, AND NOW, THIS 11TH DAY OF FEBRUARY 2025, AFTER NOTIFICATION OF
DARYL HELLER'S BANKRUPTCY FILING AND REMOVAL OF THIS ACTION TO FEDERAL
BANKRUPTCY COURT, THE HEARING ON PLAINTIFF'S COMPLAINT FOR SUPPLEMENTAL
RELIEF SCHEDULED FOR THURSDAY, FEBRUARY 13, 2025, AT 2:30 P.M. IN COURTROOM 2
OF THE LANCASTER COUNTY COURTHOUSE IS HEREBY CANCELLED.
BY THE COURT: LEONARD G. BROWN, III, PRESIDENT JUDGE.  COPIES WITH 236 NOTICE
SENT TO ALBERT A. CIARI, III, ESQ., JOHN W. CROUMER, ESQ., BRIAN W. BISIGNANI, ESQ.
AND ALL DEFENDANTS.

02/11/2025 10:24 AM                                                                                      2
NOTICE OF BANKRUPTCY AS TO DARYL HELLER, DEFENDANT. FILED BY SARI B.
PLACONA, ESQ..

02/07/2025 07:00 PM                                                                                      6
ORDER FOR PRELIMINARY INJUNCTION AND ORDER FOR HEARING FILED.  AND NOW,
THIS 7TH DAY OF FEBRUARY, 2025, UPON CONSIDERATION OF PLAINTIFF'S PETITION FOR
PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND FOR SUPPLEMENTARY RELIEF
UNDER PA.R.C.P. 3118 AND 1533 TO ENJOIN TRANSFERS AND TO PRESERVE
COLLATERAL, AND IT APPEARING TO THE COURT THAT IMMEDIATE AND IRREPARABLE
DAMAGE AND INJURY WILL RESULT TO PLAINTIFF, THE EMERGENCY INJUNCTION IS
GRANTED.
*THIS ORDER WILL BE EFFECTIVE IMMEDIATELY UPON PRESENTATION TO THIS COURT
OF SECURITY BY PLAINTIFF AS SET FORTH IN PA.R.CIV. P. 1531(B)(2), IN THE AMOUNT OF
$500,000.00.*
A HEARING IS SCHEDULED FOR FEBRUARY 13, 2025, AT 2:00 P.M. IN COURTROOM 2.  (SEE
IMAGE FOR FURTHER DETAILS)
BY THE COURT:  LEONARD G. BROWN, III, PRESIDENT JUDGE.  COPIES WITH 236 NOTICE
SENT TO ALBERT A. CIARI, III, ESQ., BRIAN W. BISIGNANI, ESQ., JOHN W. CROUMER, ESQ.
AND ALL DEFENDANTS.

02/07/2025 04:12 PM                                                                                      1
RECEIVED CHECK NO. 234 FROM DEERFIELD CAPITAL, LLC IN THE AMOUNT OF
$500,000.00 THAT WILL BE HELD UNTIL A
SURETY BOND IS FILED  WITH THIS CASE PURSUANT TO THE COURT ORDER DATED
2/7/25.

# Prothonotary Docket Entries

02/06/2025 11:52 AM                                                                                    4
CIVIL COVER SHEET PROTHONOTARY CIVIL COVER SHEET FILED BY DANIEL SIEDMAN,
ESQ.

02/06/2025 11:52 AM                                                                                    5
PROPOSED ORDER

02/06/2025 11:52 AM                                                                                    43
EXHIBITS FILED.

02/06/2025 11:52 AM                                                                                    19
AFFIDAVIT OF ERIC WARFEL IN SUPPORT OF PETITION FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF AND FOR SUPPLEMENTARY RELIEF TO ENJOIN
TRANSFERS AND PRESERVE COLLATERAL. FILED.

02/06/2025 11:52 AM                                                                                    14
MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR PRELIMINARY AND PERMANENT
INJUNCTIVE RELIEF AND FOR SUPPLEMENTARY RELIEF UNDER PENNSYLVANIA RULES
OF CIVIL PROCEDURE 3118 AND 1533 TO ENJOIN TRANSFERS AND TO PRESERVE
COLLATERAL. FILED BY ALBERT A. CIARDI, III, ESQUIRE, AND JOHN W. CROUMER,
ESQUIRE.

02/06/2025 11:52 AM                                                                                    27
PETITION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND FOR
SUPPLEMENTARY RELIEF UNDER PENNSYLVANIA RULES OF CIVIL PROCEDURE 3118 AND
1533 TO ENJOIN TRANSFERS AND TO PRESERVE COLLATERAL. FILED BY ALBERT A.
CIARDI, III, ESQUIRE, AND JOHN W. CROUMER, ESQUIRE.

(BROWN, III)

01/30/2025 12:01 PM                                                                                    0
CASE ASSIGNED TO PRESIDENT JUDGE LEONARD G. BROWN, III

01/29/2025 05:33 PM                                                                                    4
NOTICE

01/29/2025 05:33 PM                                                                                    0
CAPTION ENTRY IS:  DEERFIELD CAPITAL, LLC V. ACCORDO, L.P.; BLACKFORD HOLDINGS,
LLC; BLACKFORD ATM VENTURES, LLC; BLACKFORD ATM VENTURES FUND M, LLC;
BLACKFORD ATM VENTURES FUND M II, LLC; BLACKFORD ATM VENTURES FUND M IV,
LLC; BLACKFORD ATM VENTURES FUND M V, LLC; BLACKFORD ATM VENTURES FUND D,
LLC; BROOKFIELD PARTNERS, L.P.; CASH VENTURES IV, LLC; CHOICE LABS, LLC;
DATASTAFF ADVISORS, LLC; DOBE INVESTMENT GROUP, LLC; DHQM3, LLC; GCC
MANAGEMENT COMPANY, LLC; GCC MICHIGAN ACQUISITIONS, LLC; GLORIOUS IL, LLC;
GRANDVIEW JETS, LLC; GRIZZLY RE, LLC; KANSAS BLACKJACK, LLC; LIFTED NY CORP.;
LYRICAL, LLC; NEO MANUFACTURING MA, LLC; PURE GREEN, LLC; RAW VENTURES, LLC;
TYCOON I OPERATIONS, LLC; CHARLENE HELLER; ETHAN HELLER; TAITE HELLER

01/29/2025 05:33 PM                                                                                    20
COMPLAINT FOR SUPPLEMENTARY RELIEF UNDER PENNSYLVANIA RULES OF CIVIL
PROCEDURE 3118 AND 1533 TO ENJOIN TRANSFERS, RECOVER VOIDABLE TRANSFERS
AND TO PRESERVE COLLATERIAL FILED BY ALBERT A. CIARDI, III, ESQ. AND BRIAN W.
BISIGNANI, ESQ

## Prothonotary Docket Entries

01/29/2025 05:33 PM    32

EXHIBITS - NOT PRINTED

| | |
|---|---|
| **Total Number of Pages:** | **190** |

# EXHIBIT 2

| | |
|---|---|
| | **Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM**<br>**Case Number: CI-25-00610** |

**Supreme Court of Pennsylvania**

**Court of Common Pleas**
**Civil Cover Sheet**

**LANCASTER County**

| For Prothonotary Use Only: |
|---|
| Docket No:<br>**25 - 0 0 6 1 0** |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

---

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** DEERFIELD CAPITAL, LLC

**Lead Defendant's Name:** See Attached Sheet

**Are money damages requested?** [X] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [ ] No

**Is this an *MDJ Appeal*?** [ ] Yes  [ ] No

Name of Plaintiff/Appellant's Attorney: Albert A. Ciardi, III, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

---

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [X] Other:
  Fraudulent Transfer

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

Lancaster County Prothonotary E-Filed - 30 Jan 2025 03:21:35 PM
Case Number: CI-25-00610
PROTHONOTARY

**PROTHONOTARY**

**CIVIL COVER SHEET**

PLEASE LIST NAMES AND ADDRESSES OF ADDITIONAL PARTIES ON A SEPARATE SHEET.

ALL PARTY INFORMATION IS REQUIRED INCLUDING ZIP CODES.  ALL PARTY INFORMATION MUST MATCH THE PLEADING.  PLEASE DO NOT STAPLE THE COVER SHEET TO THE PLEADING.  IF AN EVENT NEEDS TO BE SCHEDULED, A CAO SCHEDULING COVER SHEET MUST ALSO BE ATTACHED.

TYPE OF ACTION:    **COMPLAINT**

For Prothonotary Use Only:

DOCKET No: CI -

## PARTY INFORMATION

PLAINTIFF'S NAME:    **DEERFIELD CAPITAL, LLC**

DEFENDANT'S NAME:    **See Attached Sheet**

ADDRESS:
*If confidential, use 2nd sheet*
**16 Deerfield Road**
**Lancaster, PA 17603**

ADDRESS:

MUNICIPALITY: _____

MUNICIPALITY: _____

TWP/BOROUGH: _____

TWP/BOROUGH: _____

DOB: _____    TELEPHONE #: _____
   *(mm/dd/yyyy)*          *(##########)*

DOB: _____    TELEPHONE #: _____
   *(mm/dd/yyyy)*          *(##########)*

## FILING ATTORNEY / FILING PARTY INFORMATION

FIRM/OFFICE: Ciardi Ciardi & Astin-Albert A. Ciardi, III (ID No. 63598) 1905 Spruce Street, Phila PA  19103 aciardi@ciardilaw.com

Post & Schell, P.C.-Brian W. Bisignani (ID No. 57982) 1869 Charter Lane, P.O.Box 10248, Lancaster PA 17601

bbisignani@postschell.com

## TAX LIEN INFORMATION

MUNICIPALITY: _____

MAP REFERENCE: _____

DEED BOOK: _____

DEED PAGE: _____

DEED DATE: _____

SALE PRICE: _____

TAX YEAR: _____

TAX LIEN AMOUNT: _____

PROPERTY DESCRIPTION:

## PFA/SVPO/PFI INFORMATION

HEARING DATE: _____

SOCIAL SECURITY #: (Defendant – Last 4 digits) _____

POLICE DEPARTMENT: _____

PREVIOUS PETITIONS:   YES ☐   NO ☐    If 'YES', File Date: _____

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

**CIARDI CIARDI & ASTIN**
**Albert A. Ciardi, III, Esquire – PA ID # 63598**
**Daniel S. Siedman, Esquire – PA ID # 306534**
**1905 Spruce Street**
**Philadelphia, PA 19103**
**(215) 557-3550**
**(215) 557-3551 (facsimile)**

*Attorneys for Plaintiff*

| | |
|---|---|
| DEERFIELD CAPITAL, LLC<br>16 Deerfield Road<br>Lancaster, PA 17603, | IN THE COURT OF COMMON PLEAS<br>LANCASTER COUNTY,<br>PENNSYLVANIA |

DEERFIELD CAPITAL, LLC
16 Deerfield Road
Lancaster, PA  17603,

               Plaintiff

        v.

Accordo, L.P.
415 N. Prince Street
Lancaster, PA  17603

Blackford Holdings, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M II, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M IV, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M V, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund D, LLC
415 N. Prince Street

IN THE COURT OF COMMON PLEAS
LANCASTER COUNTY,
PENNSYLVANIA

CIVIL ACTION- LAW

Case No. 25-

**25- 0 0 6 1 0**

1/30/2025  #180.50  RMR  025002048  receipt 190248
                                    190308
1/31/2025  #126.50  check 2464  "

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Lancaster, PA  17603                     :
                                         :
Brookfield Partners, L.P.                :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Cash Ventures IV, LLC                    :
415.N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Choice Labs, LLC                         :
4497 Phelps Drive                        :
Jackson, MI  49202-2600                  :
                                         :
DataStaff Advisors, LLC                  :
Attn:  Patrick McMullen                  :
125 Emeryville Drive                     :
Suite 330                                :
Cranberry Township, PA  16066            :
                                         :
Dobe Investment Group, LLC               :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
DHQM3, LLC                               :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
GCC Management Company, LLC              :
2055 Crooks Road                         :
Suite B                                  :
Rochester, MI  48309-3254                :
                                         :
GCC Michigan Acquisitions, LLC           :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Glorious IL, LLC                         :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Grandview Jets, LLC                      :
c/o DDRB, LLC                            :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :

2

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Grizzly RE, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Kansas Blackjack, LLC                    :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Lifted NY Corp.                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Lyrical, LLC                             :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Neo Manufacturing MA, LLC                :
365 Boston Post Road                     :
Unit 184                                 :
Sudbury, MA  01776-3023                  :
                                         :
Pure Green, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Raw Ventures, LLC                        :
2055 Crooks Road                         :
Rochester, MI 48309-3254                 :
                                         :
Tycoon I Operations, LLC                 :
2055 Crooks Road                         :
Suite B                                  :
Rochester, MI 48309-3254                 :
                                         :
Charlene Heller                          :
909 Greenside Drive                      :
Lititz, PA  17603                        :
                                         :
Ethan Heller                             :
330 N. Lime Street                       :
Lancaster, PA  17602                     :
                                         :
Taite Heller                             :
909 Greenside Drive                      :
Lititz, PA  17603                        :
                                         :

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Defendants            :
                      :
_____

## COMPLAINT FOR SUPPLEMENTARY RELIEF
## UNDER PENNSYLVANIA RULES OF CIVIL PROCEDURE 3118 AND 1533
## TO ENJOIN TRANSFERS, RECOVER VOIDABLE TRANSFERS
## AND TO PRESERVE COLLATERAL

1.      Plaintiff, Deerfield Capital, LLC ("Deerfield" or "Plaintiff") is a limited liability

company formed and operating in the Commonwealth of Pennsylvania, with a mailing address of

16 Deerfield Road, Lancaster, PA 17603.

2.      The Defendants are entities owned by or affiliated with Daryl Heller or family

members of Daryl Heller as listed herein:

    a.   Accordo, L.P. ("Accordo") is a limited partnership with a place of business
located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

    b.   Blackford Holdings, LLC, is a limited liability company with a place of
business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

    c.   Blackford ATM Ventures, LLC, is a limited liability company with a place of
business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

    d.   Blackford ATM Ventures Fund M, LLC, is a limited liability company with a
place of business located at 415 N. Prince Street, Lancaster, Pennsylvania
17603.

    e.   Blackford ATM Ventures Fund M II, LLC, is a limited liability company with
a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania
17603.

4

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

f.   Blackford ATM Ventures Fund M IV, LLC, is a limited liability company
     with a place of business located at 415 N. Prince Street, Lancaster,
     Pennsylvania 17603.

g.   Blackford ATM Ventures Fund M V, LLC, is a limited liability company with
     a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania
     17603.

h.   Blackford ATM Ventures Fund D, LLC, is a limited liability company with a
     place of business located at 415 N. Prince Street, Lancaster, Pennsylvania
     17603.

i.   Brookfield Partners, L.P. ("Brookfield") is a limited partnership with a place
     of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

j.   Cash Ventures IV, LLC ("CV") is s limited liability company with a place of
     business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

k.   Choice Labs, LLC ("Choice") is a limited liability company with a place of
     business located at 4497 Phelps Drive, Jackson, Michigan 49202-2600.

l.   DataStaff Advisors, LLC ("DataStaff") is limited liability company with a
     place of business located at 125 Emeryville Drive, Suite 330, Cranberry
     Township, Pennsylvania 16066.

m.   Dobe Investment Group, LLC ("Dobe") is a limited liability company with a
     place of business located at 415 N. Prince Street, Lancaster, Pennsylvania
     17603.

n.   DHQM3, LLC ("DHQM3") is a limited liability company with a place of
     business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

5

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

o.  GCC Management Company, LLC ("GCC Management") is a limited liability company with a place of business located at 2055 Crooks Road, Suite B, Rochester, Michigan 48309-3254.

p.  GCC Michigan Acquisitions, LLC ("GCC Michigan") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

q.  Glorious IL, LLC ("Glorious IL") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

r.  Grandview Jets, LLC ("Grandview") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

s.  Grizzley RE, LLC ("Grizzley") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

t.  Kansas Blackjack, LLC ("Kansas") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

u.  Lifted NY Corporation ("Lifted") is a corporation with a place of business at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

v.  Lyrical, LLC ("Lyrical") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

w.  Neo Manufacturing MA, LLC ("Neo") is a limited liability company with a place of business located at 365 Boston Post Road, Unit 184, Sudbury, Massachusetts 01776-3023.

6

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

x.  Pure Green, LLC ("Pure Green") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17063.

y.  Raw Ventures, LLC ("Raw") is a limited liability company with a place of business located at 2055 Crooks Road, Rochester, Michigan 48309-3254.

z.  Tycoon I Operations, LLC ("Tycoon") is a limited liability company with a place of business located at 2055 Crooks Road, Suite B, Rochester, Michigan 48309-3254.

aa. Charlene Heller is an individual with an address of 909 Greenside Drive, Lititz, Pennsylvania 17603.

bb. Ethan Heller is an individual with an address of 330 N. Lime Street, Lancaster, Pennsylvania 17602.

cc. Taite Heller is an individual with an address of 909 Greenside Drive, Lititz, Pennsylvania 17603.

3.      Jurisdiction and venue are proper in Lancaster County under Pa. R. Civ. P. 1006(a)(1) and (a)(2).

4.      Plaintiff may seek to amend to add additional defendants during or after discovery of persons or parties who have received transfers from any or all of the Judgment Debtors, as defined below.

5.      On or about April 11, 2024, Heller Capital Group, LLC ("Borrower") made, executed and delivered to the Plaintiff a Promissory Note evidencing Heller Capital's indebtedness and obligations to Deerfield in the face amount of $5,900,000 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A.** The Note contains a warrant of attorney which authorizes a confession of judgment upon the occurrence of an event of default.

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

6.      In order to further induce Lender to provide funds to Borrower under the Note, Borrower provided a Membership Pledge Agreement to the Plaintiff (the "Pledge Agreement"). A true and correct copy of the Pledge Agreement is attached as **Exhibit B**.  Heller Investment Holdings, LLC ("Heller Investment") is a Guarantor and Co-Borrower.  Daryl Heller is a Co-Borrower as well.  Heller Capital, Heller Investment and Daryl Heller are hereinafter referred to as "Judgment Debtors."

7.      Judgment Debtors defaulted on the Note as a result of: (a) the Borrower's failure to pay the entire principal by the maturity date, April 15, 2024, and (b) Heller Investment's failure to pay pursuant to its guaranty under the Pledge Agreement. See **Exhibit A** and **Exhibit B**.

8.      Furthermore, Judgment Debtors made, executed and delivered to Plaintiff a Forbearance Agreement whereby Judgment Debtors acknowledged and confirmed the default under the Note on April 15, 2024, and further acknowledged the total amount due of $6,150,000.00 (the "Forbearance Agreement").

9.      Judgment Debtors defaulted on the Forbearance Agreement by failing to satisfy the loan.

10.     On or about April 23, 2024, Judgment Debtors made, executed and delivered to the Plaintiff a second forbearance agreement whereby Judgment Debtors acknowledged and confirmed the default of the Note and Forbearance Agreement and further acknowledged the total amount due of $6,650,000.00 (the "Second Forbearance Agreement").

11.     Judgment Debtors defaulted on the Second Forbearance Agreement.

12.     On or about June 4, 2024, Judgment Debtors made, executed and delivered to the Plaintiff a third forbearance agreement whereby Judgment Debtors acknowledged and confirmed

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

the default of the Note and Second Forbearance Agreement and further acknowledged the total amount due of $6,680,000.00 (the "Third Forbearance Agreement").

13.    Judgment Debtors defaulted on the Third Forbearance Agreement.

14.    On or about August 12, 2024, Judgment Debtors made, executed and delivered to the Plaintiff a fourth forbearance agreement whereby, Judgment Debtors acknowledged and confirmed the default of the Note and Third Forbearance Agreement and further acknowledged the total amount due of $6,838,653.35 (the "Fourth Forbearance Agreement").

15.    Judgment Debtors defaulted on the Fourth Forbearance Agreement

16.    The Fourth Forbearance Agreement required all obligations to be fully satisfied on or before August 14, 2024, a deadline with which Judgment Debtors did not comply.

17.    On or about October 20, 2024, Judgment Debtors made, executed and delivered to Plaintiff a fifth forbearance agreement whereby, Judgment Debtors further acknowledged and confirmed the default of the Note and Fourth Forbearance Agreement (among other forbearance agreements, all of which are in default) and confirmed the total amount due of $7,349,250.86, plus additional fees, costs and interest (the "Fifth Forbearance Agreement"). A true and correct copy of the Fifth Forbearance Agreement is attached hereto as **Exhibit C**.

18.    The Fifth Forbearance Agreement required all obligations to be fully satisfied on or before October 31, 2024.

19.    Judgment Debtors are in default of the Note and Fifth Forbearance Agreement (and all prior forbearance agreements) for the following reasons:

(a)    failure to timely make payments as set forth in Section 2(a) of the Note;

(b)    failure to pay the balance on maturity as required by Section 1 of the Pledge Agreement; and

9

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

    (c)     failure to pay all forbearance exit fees as required by Section 2(a) of the Fifth Forbearance Agreement.

*See* **Exhibits A, B, and C**.

20.    The Fifth Forbearance Agreement incorporated all the prior Forbearance Agreements and defaults set forth therein. *See* **Exhibit C**. All Forbearance Agreements by and between Judgment Debtors and Plaintiff re-stated the Warrant of Attorney and Confession of Judgment language.

21.    The Confession of Judgment language in the Note specifically states:

> **THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER. IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER, THE MAKER HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, AND, ON THE ADVICE OF SEPARATE COUNSEL OF THE MAKER, UNCONDITIONALLY WAIVE ANY AND ALL RIGHTS THE MAKER HAVE OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR A HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA.**
>
> **UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, MAKER HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ATTORNEYS OF ANY COURT OF COMMON PLEAS OF PENNSYLVANIA, OR ANY ATTORNEY OR ATTORNEYS OF ANY OTHER COURT OF RECORD ELSEWHERE, OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN PENNSYLVANIA OR ELSEWHERE, TO APPEAR FOR MAKER IN SUCH COURT IN AN APPROPRIATE ACTION THERE OR ELSEWHERE BROUGHT OR TO BE BROUGHT AGAINST MAKER AT THE SUIT OF HOLDER ON THIS NOTE, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD, AND THEREIN CONFESS OR ENTER JUDGMENT AGAINST MAKER FOR THE EXACT SUM WHICH SHALL BE THE**

10

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

AMOUNT OF THE AFORESAID PRINCIPAL SUM OF THIS NOTE, WITH LOAN FEES, INTEREST AND WITH ANY OTHER PAYMENTS AND CHARGES WHICH ARE PAYABLE BY THE MAKER UNDER THE TERMS OF THE LOAN DOCUMENTS, AND WITH COSTS OF SUIT AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) FOR COLLECTION (BUT IN NO EVENT LESS THAN TEN THOUSAND DOLLARS ($10,000.00) NOR MORE THAN THE ACTUAL ATTORNEY FEES INCURRED); AND FOR SO DOING, THIS NOTE OR A COPY THEREOF VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT, WITHOUT FURTHER STAY, AND WITH FULL RELEASE OR ERRORS, ANY LAW, USAGE OR CUSTOM TO THE CONTRARY NOTWITHSTANDING. SUCH AUTHORITY AND POWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, AND JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS THERE IS OCCASION THEREFOR.

MAKER ACKNOWLEDGES AND AGREES THAT (i) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (ii) HOLDER'S CONFESSION OF JUDGMENT FOLLOWING AN EVENT OF DEFAULT AND IN ACCORDANCE WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH   MAKER'S REASONABLE EXPECTATIONS, AND (iii) MAKER HEREBY WAIVES THE EFFECT AND APPLICATION OF, AND AGREES THE HOLDER SHALL NOT BE BOUND BY, THE DUTIES AND OBLIGATIONS IMPOSED
BY 20 PA.C.S SECTION 5601.3(b) WITH REGARD TO ANY RIGHT, POWER OR REMEDY GRANTED TO THE HOLDER IN THIS NOTE OR ANY OTHER RELATED LOAN DOCUMENTS.

See **Exhibit A**, Paragraph 8.

22.    The Fifth Forbearance Agreement also includes a separate warrant of attorney provision, which specifically states:

BORROWER, HELLER CAPITAL GROUP, INC., PLEDGOR, HELLER INVESTMENT HOLDINGS, LLC AND GUARANTOR, DARYL HELLER, HEREBY AUTHORIZE AND EMPOWER ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE

11

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR DEBTORS, FOR ALL OBLIGATIONS AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THE OBLIGATIONS, TOGETHER WITH COSTS OR SUIT, AND AN ATTORNEY'S COMMISSION OF (10%) OF THE OBLIGATIONS FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN ONE HUNDRED THOURSAND DOLLARS ($100,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OF MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THE WITHIN AGREEMENT SHALL BE SUFFICIENT WARRANT, THE AUTHORITY GRANTED IN THE WITHIN AGREEMENT TO CONFESS JUDGMENT AGAINST DEBTORS SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THE AGREEMENT, DEBTORS HEREBY WAIVE ANY RIGHT DEBTORS MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT TO THE EXTENT THE ATTORNEY FEES AND OTHER COSTS AND EXPENSES DEMANDED BY LENDER FROM DEBTORS EXCEED TEN PRECENT (10%) OF THE OBLIGATIONS, DEBTORS HEREBY AUTHORIZE LENDER TO PETITION THE COURT FOR AN ADDITIONAL AWARD OF FEES AND EXPENSES AND AGREES NOT TO OPPOSE SUCH PETITION.

See **Exhibit C**, Paragraph 11

23.    Judgment Debtors executed a Disclosure of Confession of Judgment whereby Defendant acknowledged that it was represented by independent legal counsel and knowingly, intelligently and voluntarily waived its rights.   A true and correct copy of the Disclosure of Confession of Judgment is attached hereto as **Exhibit D.**

24.    In order to induce the Plaintiff to enter into the Fifth Forbearance Agreement, Judgment Debtors acknowledged they were represented by counsel and specifically released and waived any defenses to the Note. See **Exhibit C**, Paragraph 6.

25.    Pursuant to the above-mentioned event of default under the Fifth Forbearance Agreement on December 5, 2024, the Plaintiff confessed judgment against Judgment Debtors, for

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

the total amount of $7,916,938.92 and reasonable attorney's fees in the amount of $791,693.89,

for a total of $8,708,632.81, plus interest and costs.

26.    The following amounts are immediately due and payable by Judgment Debtors in

connection with the Note and Fifth Forbearance Agreement:

| | |
|---|---|
| Principal as of November 21, 2024 | $ 7,916,938.92 |
| Attorney's Fees (10% Commission) | $  791,693.89 |
| Total | $ 8,708,632.81 |

27.    On December 5, 2024, the Plaintiff filed the following complaints in confession of

judgment in the Court of Common Pleas of Lancaster County, Pennsylvania:

a. *Deerfield Capital, LLC v. Heller Capital Group*, LLC, No. CI-24-08737;

b. *Deerfield Capital, LLC v. Daryl F. Heller*, No. CI-24-08740; and

c. *Deerfield Capital, LLC v. Heller Investment Holdings, LLC*, No. CI-24-08739.

28.    Judgment by confession was entered on December 5, 2024.

29.    The Plaintiff also holds a Pledge of the membership interests of Judgment Debtors,

a copy of which is attached as **Exhibit B**.

30.    Upon information and belief, the Judgment Debtors are or were insolvent at various

times over the four years preceding the filing of this Complaint.

31.    Upon information and belief, the Judgment Debtors transferred money or assets to

each of the Defendants in exchange for no consideration or for consideration with lacked

reasonable equivalence.

32.    Upon information and belief Daryl Heller transferred a property to Ethan Heller for

one dollar ($1.00) on July 9, 2024.  Such a transfer while Heller was insolvent was an actual or

constructive fraud on creditors.

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

33.    Attached hereto as **Exhibit E** is a redacted version of the personal financial statement of the Judgment Debtors which show assets that may or may not have value and substantial assets having been placed in the names of Defendant Accordo and individuals and thus potentially out of reach of the Plaintiff.

34.    As part of the pre-judgment attempts to negotiate with Judgment Debtors, the Plaintiff became aware of material misrepresentations made by Defendant regarding certain assets represented to be a source of repayment.

35.    The Plaintiff was provided with a series of documents from Judgment Debtors which purported to show a potential distribution that would occur for several million dollars from an entity owned by Daryl Heller. However, a review of the documents' metadata revealed that it was created minutes before being sent to the Plaintiff and based upon a conversation with the counterparty to the document, was a fraud.

36.    The Plaintiff is aware of the allegations asserted against Mr. Heller in the Paramount action pending in this Court at CI-24-06517. Given the nature and gravity of the allegations in the Paramount action and the fraudulent conduct which has occurred in conjunction with the Plaintiff's attempts to collect in the present action, the Plaintiff seeks supplementary relief to protect its collateral.

37.    Daryl Heller, a co-obligor, at a recent hearing in the Paramount matter declined to testify based upon his right not to self-incriminate. However, his right to preserve his liberty creates serious concerns about the value of Plaintiff's collateral and the management of the entities under his control.

38.    The Plaintiff also has a judgment against Heller Investment and Heller Capital and has moved for Appointment of a Receiver of Heller Investment and Heller Capital.

14

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

39.     Heller Capital Inc. recently sold its interest in an entity known as Prevail Ventures, LLC/ProSportsman, but none of those proceeds were paid to the Plaintiff but, rather, were diverted.

40.     Daryl Heller, upon information and belief, is liquidating assets and not paying his debts.

41.     Rule 3118 allows the Court to order supplementary relief in aid of execution.

42.     The Plaintiff requests the following relief:

    a. Discovery on each Defendant regarding transfers made by Judgment Debtors and value exchanged for those transfers.

    b. An injunction preventing Defendants from transferring any asset or property without approval of this Court.

    c. Voiding all voidable or void transfers and requiring the Defendants to turn over the transferred assets or equivalent cash to Plaintiff.

## COUNT I - VOIDABLE TRANSFER

43.     Paragraphs 1 to 41 are incorporated herein as if fully set forth.

44.     The Pennsylvania Uniform Voidable Transactions Act (51 Pa. C.S. § 5101 et seq.) permits a creditor to void certain transfers made or obligations incurred by a debtor of that creditor. See 51 Pa. C.S. § 5104.

45.     Plaintiff has a judgment against Judgment Debtors.

46.     As alleged herein, said Judgment Debtors made transfers and incurred obligations in the value of millions of dollars to Defendants in the exact amount to be determined in discovery.

47.     Some if not all transfers and/or obligations were to made to insiders.

48.     Upon information and belief, the Judgment Debtors retained possession or control of the property transferred.

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

49.    The Judgment Debtors transferred substantially all of the valuable and liquid assets of the Judgment Debtors leaving the Judgment Debtors with investments in potentially worthless assets or assets subject to litigation.

50.    Judgment Debtors made such transfers well aware that representations made to Plaintiff and various other creditors regarding assets were false and with full knowledge of the fraud and mismanagement at the Paramount companies.

51.    Judgment Debtor transferred these assets to move real estate and valuable property away from creditors with full knowledge of their ongoing fraudulent conduct.

52.    Upon information and belief, the value of the consideration received by said Judgment Debtors was not reasonably equivalent to the value of the property transferred and/or the amount of the obligation incurred.

53.    Upon information and belief, said Judgment Debtors were insolvent or became insolvent shortly after said transfers were made or the obligations incurred.

54.    Judgment Debtors and the Defendants each had an actual intent to hinder, delay, or defraud the Plaintiff.

55.    Upon information and belief, said Judgment Debtors had received no reasonably equivalent value in exchange for said transfers or obligations from the Defendants, while they were engaged or were about to engage in a business or a transaction for which said defendants' remaining assets were unreasonably small in relation to the business or transaction.

56.    Judgment Debtors intended to incur or believed or reasonably should have believed that they would incur debts beyond their abilities to pay as they became due.

57.    All transfers or obligations were voidable to Plaintiff pursuant to 51 Pa. C.S. § 5104(a).

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

WHEREFORE, Plaintiff request this Court enter a judgment in their favor and against all

Defendants, and grant said Plaintiff remedies available under 51 Pa. C.S. § 5107, including:

a.    declaring all transfers that Judgment Debtors made to any Defendant to date
      voidable to Plaintiff to the extent that is necessary to satisfy said Plaintiff's
      judgment;

b.    granting attachment or other provisional remedy against assets transferred under
      applicable law;

c.    enjoining said defendant or any transferees of said property, or both, from any
      further disposition of the asset transferred or of other property;

d.    appointing a receiver to take charge of the asset transferred or of other property;
      and/or

e.    any other relief this Court deems just and proper.

                                        **CIARDI CIARDI & ASTIN**

Dated: January 29, 2025          By:    */s/ Albert A. Ciardi, III*
                                        Albert A. Ciardi, III, Esquire
                                        Daniel S. Siedman, Esquire
                                        1905 Spruce Street
                                        Philadelphia, PA  19103
                                        (215) 557-3550
                                        aciardi@ciardilaw.com
                                        dsiedman@ciardilaw.com

                                        **POST & SCHELL**

Dated: January 29, 2025          By:    */s/ Brian W. Bisignani*
                                        John W. Croumer, Esquire
                                        Brian W. Bisignani, Esquire
                                        1869 Charter Lane
                                        P.O. Box 10248
                                        Lancaster, PA  17601
                                        717-391-4437 (Phone)
                                        jcroumer@postschell.com

                                        17

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

## VERIFICATION

I, Eric Warfel, hereby certify that I am an authorized representative of Deerfield Capital, LLC. The facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and/or belief. I make this statement with the understanding that I am subject to penalties under the Pennsylvania Rules of Civil Procedure should it be determined that any of the foregoing facts are knowingly false.

Eric Warfel

Dated:  1/29/2025

18

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

# EXHIBIT A

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

## PROMISSORY NOTE

**$5,900,000.00**                                    **Effective Date:  April 11, 2024**


**FOR VALUE RECEIVED, HELLER CAPITAL GROUP, LLC**, a Delaware limited liability company, with an address at 415 N Prince Street, Lancaster, Pa 17603 (the "Maker"), promises and agrees to pay to the order of the DEERFIELD CAPITAL, LLC (the "Holder"), with an address at 16 Deerfield Road, Lancaster PA 17603, in lawful money of the United States of America, **[FIVE MILLION NINE HUNDRED THOUSAND 00/100 DOLLARS]** (the "Amount") which includes $5,100,000 principal amount plus 800,000 financing/loan fee) (collectively, the "Obligations").

1.      **Loan Fee.**  The loan fee will be $800,000 paid at time of loan repayment

2.      **Payments.**

(a)      Payment to Holder will occur on or before April 15, 2024, and paid directly from the advance funder Madison Group as defined in disbursement email

(b)      All payments due hereunder shall be in lawful money of the United States of America in cash, by wire transfer of immediately available funds to such account of Holder as Holder may from time to time designate in writing to the Maker.

3.      **Prepayment; Acceleration.**

(a)      This Note may be prepaid in full or in part at any time, without penalty, premium or additional interest.

4.      **Default Interest Rate.**  Following and during the continuation of an Event of Default, interest on the unpaid principal balance of the Note shall accrue at a simple rate (computed on the basis of a year of 365 days and actual number of days elapsed) of seventeen (17%) per annum or the maximum rate permissible by applicable law, whichever is less (the "Default Interest Rate").

5.      **Events of Default.**

(a)      The occurrence of any of the following events will be deemed to be an "Event of Default" under this Note:

(i)      a default in the payment when due of all or any part of any obligation payable by the Maker hereunder (whether on the stated maturity or at any other time provided for in this Note) if not cured within One (1) calendar days after the Maker's receipt of written Notice from Holder;

(ii)      the filing of any petition or the commencement of any case or

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

proceeding by or against the Maker under any provision or chapter of the United States Bankruptcy Code, as amended, relating to insolvency, bankruptcy, or the reorganization (and, in the case of any such proceeding instituted against the Maker, such proceeding is not dismissed or stayed within sixty (60) days of the commencement thereof); or

(iii)    the appointment of or the taking possession by a custodian, trustee, or receiver of all or any assets of the Maker.

(b)    Upon the occurrence of an Event of Default, at Holder's option and upon written Notice to the Maker: (i) the then Outstanding Principal Balance and accrued and unpaid interest and loan fees hereunder shall be accelerated and become immediately due and payable; and/or (ii) this Note, including the Outstanding Principal Balance, together with the Loan Fee and all other obligations from the Maker to the Holder will bear interest at the Default Interest Rate from the date of such written Notice from Holder to the Maker.

6.    **Secured Note; Personal Guaranty.**

(a)    Except as provided in this Note, this Note is, and at all times shall be, a general unsecured obligation of the Maker.

(b)    The Maker hereby pledges and grants and shall cuase Heller Investment Holdings, LLC to pledge and grant a security interest to the Holder in the Maker's and Heller Investment Holdings, LLC's direct and indirect interests in GCC Investment Holdings, LLC, including ownership interest, capital invested, right to return of capital, right to return of payment, the proceeds of any loans.  Maker agrees to sign additional pledge agreements and to authorize Maker and Heller Investment Holdings, LLC to file UCC-1 financing statements.  To the extent the ownership interests are certificated, the Maker agrees to sign stock powers and give such certificates to the Holder upon the request of Holder.

(c)    Notwithstanding the foregoing, the Obligations due and owing under this Note shall be personally guaranteed by Daryl Heller pursuant to that certain Personal Guaranty, the form of which is attached hereto as Exhibit A (the "Personal Guaranty").

7.    **Governing Law and Jurisdiction.** This Note will be governed by and interpreted in accordance with the internal laws of the State of Pennsylvania. **EACH OF THE MAKER AND HOLDER HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE STATE OF PENNSYLVANIA AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS, WITH REGARD TO ANY ACTIONS, CLAIMS, DISPUTES OR PROCEEDINGS RELATING TO THE NOTE, OR ANY TRANSACTIONS ARISING THEREFROM, OR ENFORCEMENT AND/OR INTERPRETATION OF THE FOREGOING.**

8.    Upon the occurrence of an Event of Default, the whole of the principal sum and interest and loan fees thereon shall become due and payable at the option of the Holder, and one or more executions for collection of said principal sum with loan fees, interest accrued thereon at the rate specified to the date of default and thereafter at the Default Interest Rate, together with costs of suit and a reasonable attorney's fee for collection may issue forthwith on any judgment or

judgments obtained by the Holder hereof against the undersigned; and Holder (in addition to all other rights and remedies it may have) may exercise any and all rights and remedies which it may have under any document, statute, law or rule and all such rights and remedies, along with those set forth specifically herein shall be cumulative and enforceable alternatively, successively or concurrently.

THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER. IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER, THE MAKER HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, AND, ON THE ADVICE OF SEPARATE COUNSEL OF THE MAKER, UNCONDITIONALLY WAIVE ANY AND ALL RIGHTS THE MAKER HAVE OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR A HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA.

UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, MAKER HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ATTORNEYS OF ANY COURT OF COMMON PLEAS OF PENNSYLVANIA, OR ANY ATTORNEY OR ATTORNEYS OF ANY OTHER COURT OF RECORD ELSEWHERE, OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN PENNSYLVANIA OR ELSEWHERE, TO APPEAR FOR MAKER IN SUCH COURT IN AN APPROPRIATE ACTION THERE OR ELSEWHERE BROUGHT OR TO BE BROUGHT AGAINST MAKER AT THE SUIT OF HOLDER ON THIS NOTE, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD, AND THEREIN CONFESS OR ENTER JUDGMENT AGAINST MAKER FOR THE EXACT SUM WHICH SHALL BE THE AMOUNT OF THE AFORESAID PRINCIPAL SUM OF THIS NOTE, WITH LOAN FEES, INTEREST AND WITH ANY OTHER PAYMENTS AND CHARGES WHICH ARE PAYABLE BY THE MAKER UNDER THE TERMS OF THE LOAN DOCUMENTS, AND WITH COSTS OF SUIT AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) FOR COLLECTION (BUT IN NO EVENT LESS THAN TEN THOUSAND DOLLARS ($10,000.00) NOR MORE THAN THE ACTUAL ATTORNEY FEES INCURRED); AND FOR SO DOING, THIS NOTE OR A COPY THEREOF VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT, WITHOUT FURTHER STAY, AND WITH FULL RELEASE OR ERRORS, ANY LAW, USAGE OR CUSTOM TO THE CONTRARY NOTWITHSTANDING. SUCH AUTHORITY AND POWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, AND JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS THERE IS OCCASION THEREFOR.

MAKER ACKNOWLEDGES AND AGREES THAT (i) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (ii) HOLDER'S CONFESSION OF JUDGMENT FOLLOWING AN EVENT OF DEFAULT AND IN ACCORDANCE WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH MAKER'S REASONABLE EXPECTATIONS AND (iii) MAKER HEREBY WAIVES THE EFFECT AND APPLICATION OF, AND AGREES THE HOLDER SHALL NOT BE BOUND BY, THE DUTIES AND OBLIGATIONS IMPOSED BY 20 PA.C S SECTION 5601.3(b) WITH REGARD TO ANY RIGHT, POWER OR REMEDY GRANTED TO THE HOLDER IN THIS NOTE OR

*Promissory Note*

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

ANY OTHER RELATED LOAN DOCUMENTS.

**9.    WAIVER OF JURY TRIAL. EACH OF THE MAKER AND HOLDER HEREBY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING RELATING TO THIS NOTE OR THE OBLIGATIONS HEREUNDER. THE MAKER AND HOLDER EACH REPRESENTS TO THE OTHER THAT THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY GIVEN.**

**10.    Assignment.** This Note may be assignable by Holder. Maker acknowledges that Holder will be transferring participation interests in the Note and may assign all or part of the Holder's interests in the Note to such participants. Maker shall not assign, pledge, hypothecate or otherwise transfer its interest in this Note or any of its rights or interests hereunder without the prior written consent of the other party, which consent may not be unreasonably withheld or delayed.

**11.    Amendment.** This Note may not be amended or modified other than pursuant to a written agreement executed by Maker and Holder.

**12.    Binding Effect.** This Note shall be binding on and inure to the benefit of the Maker and Holder and their respective successors and permitted assigns. This Note is not intended to confer any rights or remedies upon any person except the Maker and Holder.

**13.    Severability.** If any provision or provisions of this Note are held by a court of competent jurisdiction, for any reason, to be invalid, void or unenforceable, such court is expressly empowered to reform such provision(s) to the minimum extent required to bring such provision(s) in compliance with applicable law, and such provision(s) shall be deemed so reformed to minimum extent required to bring such provision(s), and the remaining provision or provisions will nevertheless be valid, enforceable and carried into effect. For avoidance of doubt, the invalidity or unenforceability of any such provision as written herein shall not invalidate or render unenforceable the remaining provisions hereof, all of which shall nevertheless remain in full force and effect.

**14.    Notices.** All notices, requests, consents, claims, demands, waivers and other communications hereunder (each, a "Notice") shall be in writing and shall be deemed to have been given (a) when delivered by hand (with written confirmation of receipt); (b) when delivered to the addressee if sent by a nationally recognized overnight courier; (c) on the date sent by facsimile or e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the addresses as set forth above (or at such other address for a party as shall be specified in a Notice given in accordance with this Section 14).

**15.    Miscellaneous.** Unless the context clearly indicates otherwise, references to "Section" refers to the corresponding Section of this Note. Section headings contained in this Note are inserted only as a matter of convenience and in no way define, limit, extend or describe the scope or the intent of any of the provisions of this Note. The words "hereof," "herein," "hereto"

*Promissory Note*

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

and "hereunder" and words of like import used in this Note refer to this Note as a whole and not to any particular provision of this Agreement. This Note will be construed as if drafted jointly by the Maker and Holder and no presumption or burden of proof will arise favoring or disfavoring either of them by virtue of the authorship of any provision in this Note.

16.   **Entire Agreement**. This Note and the Purchase Agreement constitute the entire agreement between the Holder and Maker with respect to the subject matter hereof as a complete and final integration thereof, and supersede all prior agreements and understandings (whether written or oral and whether express or implied) between the Holder and Maker with respect to the subject matter hereof.

17.   **Counterparts**. This Note may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement. Counterparts of the signature pages to this Note may be delivered electronically and shall be deemed to have the same legal effect as delivery of an original signed Note.

*[Signatures follow on next page.]*

*Promissory Note*

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

**IN WITNESS WHEREOF**, the Maker and Holder have executed this Note as of April 11, 2024 to be effective as of the Effective Date.

**MAKER:**

**HELLER CAPITAL GROUP, LLC**

By: _____
Name: Daryl Heller
Title: CEO

**HOLDER:**

**DEERFIELD CAPITLAL, LLC**

By: _____
Name: Eric Warfel
Title: Manager

By:

Name:
Title:

By:
Name:
Title:

*[Signature Page to Promissory Note]*

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

## EXHIBIT A
## PERSONAL GUARANTY

See attached.

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

# EXHIBIT B

## MEMBERSHIP PLEDGE AGREEMENT

**THIS MEMBERSHIP PLEDGE AGREEMENT** made this ____ day of April 2024 by and among **Daryl F. Heller, Heller Capital Group, LLC and Heller Investment Holdings LLC** (the "Debtor") and **Deerfield Capital, LLC** (the "Creditor").

### BACKGROUND

Heller Capital Group, LLC is indebted to Creditor pursuant to a note (the "Note") dated on or about the date hereof. Heller Capital Group, LLC and/or Daryl F. Heller have direct or indirect equity ownership in Heller Investment Holdings LLC. Heller Investment Holdings LLC has direct or indirect equity ownership in GCC Investment Holdings, LLC and other entities. Pursuant to the Note Heller Capital Group, LLC and Daryl F. Heller are required to pledge as collateral all of their direct and indirect ownership, equity or right to receive payments from in Heller Investment Holdings LLC. Heller Investment Holdings LLC is required to pledge as collateral all of Heller Investment Holdings LLC's direct or indirect ownership, equity or right to receive payments from GCC Investment Holdings, LLC. The Debtor has agreed to provide this Membership Pledge Agreement as security for the note.

NOW THEREFORE, in consideration of the mutual promises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and intending to be legally bound, the parties hereby agree as follows:

1.      Pledge. Daryl F. Heller and Heller Capital Group, LLC here by pledge any and all indirect ownership, equity and right to receive payments from Heller Investment Holdings LLC ("HIH Membership Interests"). Heller Investment Holdings LLC hereby pledges any and all direct or indirect ownership, equity and right to receive payments from GCC Investment Holdings LLC (the "GCC Membership Interests" and together with HIH Membership Interests the "Membership Interests"). All such Membership Interests are pledged as security for performance and payment in full of all amounts owing from Heller Capital Group, LLC, Daryl F. Heller or Heller Investment Holdings LLC to Creditor pursuant to the Note, Guaranty Agreement and any other loan documents. Heller Investment Holdings LLC hereby guaranties all obligations of Heller Capital Group, LLC pursuant to the Note.

2.      Terms. In the event of a default under the terms of the Note, Creditor, at its option, may declare Debtor in default ("Default"). Upon Default, Creditor is authorized to exercise any or all of the following rights, from time to time, in Creditor's sole discretion:

(a)      To transfer the Membership Interest into the name of Creditor or its nominee, which shall result in satisfaction of all payment and performance obligations of the Debtor, under the Note including but not limited to the payment of all principal outstanding and accrued interest and the payment of all fees and costs of collection (the "Obligations") to the extent of the value of the Membership Interest so transferred, but liability of Debtor shall continue until the Obligations are paid in full;

(b)      To receive and accept any and all distributions and other payments due to the Debtor as a holder of the Membership Interest pursuant to the Operating Agreement, whether distributions, dividends, sale proceeds or otherwise. Any amounts received by the Creditor will be applied to the Obligations;

(c)      Sell or exchange the Membership Interest in such manner and for such price as Creditor may determine and out of the proceeds of such sale to retain an amount sufficient to pay the Obligations to Creditor and pay any balance of such proceeds to Debtor. Debtor waives notice of foreclosure, all other notices and all other statutory requirements, to the extent permitted by law, except that Creditor shall give Debtor five days' prior notice of the time and place of such sale. The parties acknowledge that any registration and/or compliance with other requirements which might be applicable to the public sale of securities would be impractical. Accordingly the parties agree that any sale of the Membership Interest held subsequent to a Default shall be deemed to be held in a commercially reasonable manner if conducted at a private sale. Creditor may purchase the Membership Interest at such sale. The proceeds of sale shall

1

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

be applied first to pay the expenses of conducting such sale, including reasonable legal fees incurred in connection therewith, and the remaining proceeds shall be paid to the Creditor. In the event the proceeds of any such sale are not sufficient to pay all Obligations, Debtor shall remain liable for any deficiency and liability under the Obligations shall continue until the deficiency is paid in full; and/or

(d)        To exercise any and all rights of a secured party under the Pennsylvania Uniform Commercial Code as then in effect.

3.        Voting Rights. At all times while this Agreement is in effect and so long as no Default exists in the payment or performance of the Obligations, Debtor shall have the right to vote the Membership Interest and exercise all rights of ownership for all purposes.

4.        Certification. The Debtor represents and warrants the Membership Interest is not certificated. In the event the Membership Interests become certificated, the Debtor agrees to immediately deliver the certificates to the Creditor together with a stock power.

5.        Financing Statement. The Debtor authorizes the Creditor to file one or more financing statements to perfect the Creditor's security interest in the Membership Interests. The Debtor agrees to cooperate and sign any and all documents necessary to perfect such interests.

6.        Termination of Pledge. After the complete performance and payment of all Obligations under the Note and Agreement any transfer powers and all obligations under this Agreement between Creditor and Debtor shall thereupon cease.

7.        Notices. Notices required or permitted by or in connection with this Agreement shall be in writing and shall be made by hand delivery, overnight delivery service, or by confirmed facsimile transmission together with same-day mailing by first class mail, postage prepaid, addressed to the parties as set forth at the beginning of this Agreement or as may be otherwise provided in a written notice delivered in accordance with the provisions of this paragraph.

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

IN WITNESS WHEREOF and intending to be legally bound hereby, the parties hereto have caused this instrument to be executed and sealed the day and year first above written.

**DEBTOR**

**HELLER CAPITAL GROUP, LLC**

By: _____
Name: Daryl F. Heller
Title: CEO


_____
Daryl F. Heller


**HELLER INVESTMENT HOLDINGS LLC**

By: _____
Name: Daryl F. Heller
Title: CEO


**CREDITOR**

**DEERFIELD CAPITLAL, LLC**

By: _____
Name: Eric Warfel
Title: Manager

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

# EXHIBIT C

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

## <u>FIFTH FORBEARANCE AGREEMENT</u>

THIS FIFTH FORBEARANCE AGREEMENT ("Agreement") made on this ___ day of October, 2024, by and between Daryl F. Heller ("Guarantor"), Heller Capital Group, LLC ("Borrower") and Heller Investment Holdings, LLC (collectively, Daryl F. Heller, Heller Capital Group, Inc., and Heller Investment Holdings, LLC are hereinafter referred to as "Debtors") with an address of 415 N. Prince Street, Lancaster, PA 17603 and Deerfield Capital, LLC, having an address of 16 Deerfield Road, Lancaster, PA 17603 (hereinafter referred to as the "Lender").

## I. <u>FACTUAL BACKGROUND</u>

On or about April 11, 2024, Debtors borrowed the sum of $5,900,000.00 from the Lender as evidenced by the Promissory Note ("Note") ("Loan Obligation") which was tied to a refinancing project with Gold Capital and Madison Group.

In order to secure the Note also on April 11, 2024, the Debtors executed and delivered to the Lender a Membership Pledge Agreement ("Pledge Agreement") by which Daryl F. Heller and Heller Capital Group, LLC pledged any and all indirect ownership, equity and right to receive payments from Heller Investment Holdings LLC ("HIH Membership Interests"). Heller Investment Holdings LLC further pledged any and all direct or indirect ownership, equity and right to receive payments from GCC Investment Holdings LLC (the "GCC Membership Interests" and together with HIH Membership Interests the "Membership Interests").

In order to further secure the Loan Obligation of the Borrower, on or about April 11, 2024, Daryl F. Heller executed a Guaranty whereby he unconditionally guaranteed payment of all amounts owed under the Note by the Borrower.

On or about April 17, 2024, the Debtors executed a forbearance agreement (the "Forbearance Agreement"), whereby they were required to make an initial payment of an extension fee on or before April 18, 2024 at 3:00 p.m. est.

On or about April 23, 2024, the Debtors executed a Second Forbearance Agreement (the "Second Forbearance Agreement") which, *inter alia*, incorporated all terms and conditions in the Forbearance Agreement and the Loan Documents, reaffirmed the Loan Obligation, reaffirmed that the Loan Obligation and all additions were owed without setoff or counterclaim and provided additional collateral.

The Second Forbearance Agreement expired on May 10, 2024 and the Debtors are in default for failing to pay the Loan Obligation in full on May 10, 2024.

A Third Forbearance Agreement was executed on June 4, 2024 which, inter alia, extended loan maturity to July 12, 2024. Borrowers are in default under the Third Forbearance Agreement for, among other defaults as detailed in the Notice of Default dated July 18, 2024, failure to satisfy all outstanding amounts on or before July 12, 2024.

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

A Fourth Forbearance Agreement was executed on August 12, 2024 which, inter alia, extended loan maturity to August 14, 2024.  Borrowers are in default under the Fourth Forbearance Agreement for, among other defaults failure to satisfy all outstanding amounts on or before August 14, 2024.  The Fourth Forbearance Agreement was amended on September 14, 2024 and Borrower is in default under that Fourth Forbearance Agreement and the Amendment to the Fourth Forbearance Agreement.

The Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and the Amendment to Fourth Forbearance Agreement are incorporated herein; provided, however, that none of the financial terms set forth in the Forbearance Agreement, the Second Forbearance Agreement, Third Forbearance Agreement, and Fourth Forbearance Agreement or Amendment to Fourth Forbearance Agreement will apply from and after the date of this Fifth Forbearance Agreement.  Thereafter, all financial terms shall be as set forth in this Amendment.  Nothing herein is a waiver or release of any of the defaults or provisions of the Loan Documents or the Forbearance Agreement or the Second Forbearance Agreement or the Third Forbearance Agreement or the Fourth Forbearance Agreement or Amendment to Fourth Forbearance Agreement.

The Note, Pledge Agreements, Guaranty, Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement are hereinafter sometimes referred to as the "Loan Documents".

## II. DEFAULT

The Debtors defaulted on the Loan Obligation arising under the Loan Documents as they failed to make the payment to Lender on or before April 15, 2024 (the "Maturity Date").  Thereafter, the Loan Obligation of the Debtors was in default and remains in default.

The Debtors defaulted on the Forbearance Agreement by failing to make the necessary payment of the extension fee by the time set forth in the Forbearance Agreement.

The Debtors have defaulted on the Second Forbearance Agreement.

The Debtors have defaulted on the Third Forbearance Agreement.

The Debtors have defaulted on the Fourth Forbearance Agreement.

The Debtors have defaulted on the Amendment to Fourth Forbearance Agreement.

The Lender and Debtors have agreed to this Fifth Forbearance Agreement.

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

1.    **Reaffirmation of Amount Due**

The Debtors acknowledge and agree that as of October 16, 2024, the Lender is owed the total sum of **$7,349,250.86**, plus additional legal fees (if any), costs, and interest (after October 16, 2024).

2.    ***Repayment and Other Covenants***

The Lender and Debtors agree to the following:

a.    The Debtors hereby agree to pay an additional default fee of $500,000.00 (the "Default Fee") as part of the consideration for the Lender's agreement to forebear until October 31, 2024.  This Default Fee is earned as of the execution of this Agreement and shall be added to the principal balance.

b.    The Debtors acknowledge and agree on October 31, 2024 (the "Final Payoff Date"), the entire balance of principal interest and fees on the Loan Obligation shall become immediately due and payable together with any fees and costs which may have been incurred before and after the execution of this Fifth Forbearance Agreement in the amount of **$7,349,250.86** including additional legal fees, default interest, the Default Fee and costs, less any payments made hereunder.

c.    If the Note is not paid in full by the close of business on October 31, 2024, the Debtors agree that an additional $750,000 default fee (the "Second Default Fee") is earned and payable and shall be added to the principal balance of the Note.

d.    In addition, to the extent not specifically modified herein, the terms and conditions of the Loan Documents, Forbearance Agreement, Second Forbearance Agreement and Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement remain in full force and legal effect; provided, however, that none of the financial terms set forth in the Forbearance Agreement or the Second Forbearance Agreement or the Third Forbearance Agreement will apply from and after the date of this Fourth Forbearance Agreement.  Thereafter, all financial terms shall be as set forth in this Amendment to the Fourth Forbearance Agreement.

e.    Nothing herein shall in any way impair the security now held for the loan obligation set forth above, or any other security provided for the outstanding loan obligation and all grants of collateral and security interests under the Loan Documents, Forbearance Agreement and Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement are ratified and confirmed.

f.    The Debtors represent and warrant that they do not have any intent at this time to (i) file any voluntary petition under any Chapter of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, (the "Bankruptcy Code"), or in any manner to seek any proceeding for relief, protection, reorganization, liquidation, dissolution or similar relief for debtors under any local, state, federal or other insolvency law or laws providing relief for debtors (each a "Debtor

3

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

Proceeding"), (ii) directly or indirectly cause or permit any involuntary Borrower or Guarantor, and (iii) directly or indirectly cause or permit the Properties or any portion therefore, or any interest of the Borrower and Guarantor in the Properties to become property of any bankruptcy estate or the subject of any Debtor Proceeding. The Debtors acknowledge that the filing of any petition or the seeking of any relief in a Debtor Proceeding by the Borrower and Guarantor, whether directly or indirectly, would be in bad faith and solely for the purposes of delaying, inhibiting or otherwise impeding the Lender's exercise of its rights and remedies upon the occurrence of an Event of Default under the Loan Documents and this Agreement against the Borrower and Guarantor pursuant to the Loan Documents and this Agreement. Without limiting the foregoing, the Lender shall be and is entitled to, and the Borrower and Guarantor hereby consent to relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, as amended, or from any other stay or suspension of remedies imposed in any other manner with respect to the Lender's exercise of any rights and remedies against the Property and/or the Collateral and any proceeds thereof which otherwise is available to the Lender under Article 9 of the Uniform Commercial Code or other applicable state law of any jurisdiction in which any Collateral or the proceeds thereof may now or hereafter be located.

g.    In addition to the Default Fee in Section 2.a. and Second Default Fee in Section 2.c., the Lender may charge interest at lesser of the highest rate permitted by law or 25% per annum, which shall accrue daily on the Total Amount Due (Principal, Unpaid Forbearance Fees or Default Fees, Unpaid Costs, Unpaid Interest) and unless paid shall be capitalized daily and added to the Total Amount due for calculation of interest the following day until all amounts due are satisfied (the "Default Interest"). This Default Interest started to accrue upon default under the Third Forbearance Agreement on July 12, 2024, is continuing to accrue hereunder and will continue to accrue as set forth herein until all Obligations are fully satisfied.

h.    Additional Collateral. Simultaneously with the execution of this Fifth Forbearance Agreement, the Borrower and Guarantors shall cause execution and delivery of the following:

i. Assignment of Note from Project Catapult LLC to Heller Capital LLC in the approximate amount of $1,000,000.00. An Allonge shall be executed assigning such Note to Lender.

ii. Pledge of Heller Capital's equity interest in Project Catapult LLC which shall be assigned and pledged outright and noted on the records of Project Catapult LLC.

iii. Assignment of a Note from Avail Technologies to Heller Capital LLC in the amount of $1,660,000. An Allonge shall be executed assigning such Note to Lender.

iv. Assignment of a Note from Premier Technologies Group, LLC to Heller Capital LLC in the amount of $1,978,449. An Allonge shall be executed assigning such Note to Lender.

v. Assignment of a Note from Prestige Investment Group to Heller Capital LLC in the amount of $2,000,000.00. An Allonge shall be executed assigning such Note to Lender.

4

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

vi. Assignment of all distributions from PAAS a/k/a Green Cabbage that are due to be paid on October 25 and October 31, 2024.

Borrower and Guarantor represent and warrant that they are the owners of the aforementioned notes and rights to distributions (collectively, the "Additional Collateral") and no other person or party has a lien, claim or right to any of the foregoing. If any representation in this Section 2.g. is false, a default fee of $1,000,000.00 shall be added to the principal balance of the Note. Borrower and Guarantor shall deliver the original notes, security agreements, operating agreements or other documents to perfect the pledges and assignments referenced above with the execution of this Fifth Forbearance Agreement, or as soon thereafter as possible. Lender agrees that: (A) all funds collected or received by Lender from or under any of the Additional Collateral shall be applied against the Loan Obligation; and (B) if, after paying off the Loan Obligation in full, any balance remains, such balance shall be immediately paid over to Borrower or its designee.

3.   *Reaffirmation of Loan Documents*

All of the terms, conditions, and provisions of the Loan Documents, Forbearance Agreement or Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement executed and delivered by the Debtors revised or modified hereby shall remain in full force and legal effect.

The validity, priority and security of the Lender's secured interest and any other documents or instruments executed and delivered by the Borrower and Guarantor shall not be impaired by anything contained in this Fifth Forbearance Agreement.

4.   *Reaffirmation of Loan and Collateral*

The Debtors hereby represent, warrant, and reaffirm to the Lender that all existing collateral security held by the Lender shall continue to remain in full force and legal effect including but not limited to the secured interest of the Lender which may exist in the collateral and assets described above. Additionally, the Debtors further acknowledge and agree that the validity, priority, and security of the Loan Documents as modified hereby and any other documents or instruments executed and delivered by the Borrower and Guarantor shall not be impaired by anything contained in this Fifth Forbearance Agreement.

5.   *Partial Payment Not Waiver.*

Any partial payment amounts made by the Debtors or any other party on behalf of Debtors and accepted by the Lender will not constitute a waiver of any default, waiver of demand, or waiver of any other right held by the Lender under the Loan Documents or this Agreement. Except as otherwise modified or amended by this Agreement, all of the terms of the Loan Documents evidencing the Loan Obligation described above shall remain in full force and effect and are expressly ratified and confirmed by the Borrower and Guarantor.

5

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

6.     *Representations of Debtors by Counsel; General Release; No Representations by the Lender*

(a)     <ins>The Debtors represent to the Lender that they have at all times pertinent to this Agreement, been represented by advisors of their own selection including but not limited to attorneys at law and certified public accountants; that they have not relied upon any representation, warranty, agreement or information provided by the Lender, its employees, agents or attorneys; that they acknowledge that they have been and are informed of their duties and obligations with respect to the commercial loan due the Lender under all applicable laws; that they have no set-offs, defenses counterclaims or claims against the Lender with respect to the commercial loan due the Lender by the Debtors; and that the Debtors are indebted to the Lender in the amounts recited in this Agreement. Additionally, the Debtors release and relinquish any claims they may have had or could have asserted against the Lender up until this time and at all times hereafter arising under the commercial Loan Obligation described above. In this regard, the Debtors, their successors, heirs, and assigns, hereby release waive and further discharge the Lender, and its officers, directors, employees, attorneys and agents from all claims and causes of action of any type or nature whatsoever, known or unknown, suspected or unsuspected and whether sounding in contract, tort, or otherwise that may exist as a result of any event or events occurring before the date of this Agreement having anything to do with the Loan Obligation reflected herein.</ins>

(b) The Debtors acknowledge and confirm that they are in default of the Note, Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement.

7.     *Governing Law*

This Agreement is executed and delivered in the Commonwealth of Pennsylvania (the "Governing Jurisdiction"), and it is the desire and intention of the parties that it be in all respects interpreted according to the laws of the Governing Jurisdiction. The Debtors specifically and irrevocably consent to the jurisdiction and venue of the federal and state courts of the Governing Jurisdiction with respect to all matters concerning this Agreement or the Loan Documents or the enforcement of any of the foregoing. The Debtors agree that the execution and performance of this Agreement shall have a Governing Jurisdiction situs and accordingly, the Debtors consent to personal jurisdiction in the Governing Jurisdiction.

8.     *Binding Effect; No Oral Modification; Ratification of Loan Documents*

(a)     All of the terms and conditions of the Loan Documents supporting the Loan Obligation described above and executed and delivered by the Debtors to the Lender not expressly revised or modified hereby, shall otherwise remain in full force and legal effect.

(b)     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their heirs, executors, administrators, successors, and assigns. The Borrower and Guarantor hereby acknowledge receipt of a true copy of this Agreement.

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

(c)     This Agreement, together with the Loan Documents as modified hereby, represent the entire agreement by the parties, supersedes all prior modifications and discussions, and cannot be modified except by a writing signed by all parties to this Agreement.

(d)     This Agreement is specific to the Loan Obligation and Loan Forbearance described herein and does not include any other obligation that the Debtors may have with the Lender.

### 9.     Waiver of Jury Trial

THE BORROWERS, GUARANTORS, AND THE LENDER UPON ADVICE OF THEIR RESPECTIVE ATTORNEYS, HEREBY KNOWINGLY, INTENTIONALLY, VOLUNTARILY, EXPRESSLY AND MUTUALLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (i) ARISING UNDER THIS AGREEMENT OR ANY OTHER DOCUMENT EVIDENCING THE LOAN, OR (ii) IN ANY WAY CONNECTED WITH OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS AGREEMENT OR ANY OF THE OTHER DOCUMENTS EVIDENCING THE LOAN, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE, AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE THIS ORIGINAL AGREEMENT OR A COPY THEREOF WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THEIR RIGHT TO THE TRIAL BY JURY.

### 10.     Limitation of Liability; Wavier of Punitive Damages

THE BORROWERS, GUARANTORS, AND THE LENDER BY ACCEPTANCE HEREOF, AGREE THAT ANY LEGAL PROCEEDINGS OR ANY CLAIM OR CONTROVERSY AMONG THEM (A "DISPUTE") THAT MAY ARISE OUT OF OR BE IN ANY WAY CONNECTED WITH THIS AGREEMENT, THE LOAN DOCUMENTS OR ANY OTHER AGREEMENT OR DOCUMENTS BETWEEN OR AMONG THEM OR THE OBLIGATIONS EVIDENCED HEREBY OR RELATED HERETO, IN NO EVENT SHALL ANY PARTY HAVE A REMEDY OF, OR BE LIABLE TO THE OTHER FOR (1) INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES, OR (2) PUNITIVE OR EXEMPLARY DAMAGES. THE BORROWERS, GUARANTORS, AND THE LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT OR CLAIM TO ANY PUNITIVE OR EXEMPLARY DAMAGES THEY MAY HAVE OR WHICH MAY ARISE IN THE FUTURE IN CONNECTION WITH ANY DISPUTE WHETHER THE DISPUTE IS RESOLVED BY ARBITRATION, MEDIATION, JUDICIALLY OR OTHERWISE.

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4B83F-58F6-42B6-906C-8822DB58B88E

11.  **CONFESSION OF JUDGMENT**

BORROWER, HELLER CAPITAL GROUP, INC., PLEDGOR, HELLER INVESTMENT HOLDINGS, LLC AND GUARANTOR, DARYL HELLER, HEREBY AUTHORIZE AND EMPOWER ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR DEBTORS, FOR ALL OBLIGATIONS AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THE OBLIGATIONS, TOGETHER WITH COSTS OR SUIT, AND AN ATTORNEY'S COMMISSION OF (10%) OF THE OBLIGATIONS FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN ONE HUNDRED THOUSAND DOLLARS ($100,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OF MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THE WITHIN AGREEMENT SHALL BE SUFFICIENT WARRANT, THE AUTHORITY GRANTED IN THE WITHIN AGREEMENT TO CONFESS JUDGMENT AGAINST DEBTORS SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS AGREEMENT, DEBTORS HEREBY WAIVE ANY RIGHT DEBTORS MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT TO THE EXTENT THE ATTORNEY FEES AND OTHER COSTS AND EXPENSES DEMANDED BY LENDER FROM DEBTORS EXCEED TEN PRECENT (10%) OF THE OBLIGATIONS, DEBTORS HEREBY AUTHORIZE LENDER TO PETITION THE COURT FOR AN ADDITIONAL AWARD OF FEES AND EXPENSES AND AGREES NOT TO OPPOSE SUCH PETITION.

DEBTORS STATE THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO DEBTORS' ATTENTION OR DEBTORS HAVE HAD THE OPPORTUNITY TO BE REPRESENTED BY INDEPENDENT LEGAL COUNSEL OF DEBTOR'S CHOICE.

Borrower's Initials _DFH_            Guarantor's Initials _DFH_

Pledgor's Initials _DFH_

Lanc Co Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

IN WITNESS WHEREOF, the parties have hereunder executed this Amendment the day and year first above written.

Witness:

*Rose Cole*

BORROWER:
Heller Capital Group, LLC.

*Daryl Heller*

Name: Daryl Heller
Title: CEO

COMMONWEALTH OF PENNSYLVANIA                    :
                                                SS
COUNTY OF ___Lancaster___                       :

ON THIS ___20th___ day of ___October___, 2024, before me, a Notary Public, personally appeared ___Daryl F Heller___, known or satisfactorily proven to be the person who signed the foregoing instrument and who acknowledged himself to be ___CEO___ of Heller Capital Group, LLC and that he being duly authorized to do so executed the foregoing instrument on behalf of Heller Capital Group, LLC for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

*Rose Cole*
Notary

Witness:

*Rose Cole*

Heller Investment Holdings, LLC

*Daryl Heller*

Name: Daryl Heller
Title: CEO

COMMONWEALTH OF PENNSYLVANIA                    :
                                                SS
COUNTY OF ___Lancaster___                       :

ON THIS ___20th___ day of ___October___, 2024, before me, a Notary Public, personally appeared ___Daryl F Heller___, known or satisfactorily proven to be the person who signed the foregoing instrument and who acknowledged himself to be ___CEO___ of Heller Investment

9

Lancaster County Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

Holdings, LLC and that he being duly authorized to do so executed the foregoing instrument on behalf of Heller Investment Holdings, LLC for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_Rose Cole_
AB5A093B8D3849A

Notary

**Witness:**

_Rose Cole_
AB5A093B8D3849A

Name: Rose Cole

**GUARANTOR:**

_Daryl Heller_
B8238E6A3DC74C1...

Daryl F. Heller

**COMMONWEALTH OF PENNSYLVANIA**          :

                                          SS

**COUNTY OF** Lancaster                   :

ON THIS 20th day of October, 2024, before me, a Notary Public, personally appeared Daryl F. Heller, who, I am satisfied, is the person named in the foregoing instrument, and he acknowledged that he executed the foregoing instrument as his voluntary act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_Rose Cole_
AB5A093B8D3849A

Notary

**DEERFIELD CAPITAL, LLC**

_ElllV_

Names: Eric G. Wall
Title: President

**COMMONWEALTH OF PENNSYLVANIA**          :

                                          SS

**COUNTY OF** Lancaster                   :

ON THIS 5th day of December, 2024, before me, a Notary Public, personally appeared Eric Wall known or satisfactorily proven to be the person who signed the foregoing instrument and who acknowledged himself to be authorized representative of Deerfield Capital, LLC, and

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

that he being duly authorized to do so executed the foregoing instrument on behalf of Deerfield Capital, LLC, for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary

Commonwealth of Pennsylvania - Notary Seal
Joshua M. Resch, Notary Public
Lancaster County
My commission expires October 2, 2028
Commission number 1454297
Member, Pennsylvania Association of Notaries

11

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

# EXHIBIT D

Docusign Envelope ID: 62FE63E5-A693-4714-A84F-0C0A2036C10F

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

## DISCLOSURE FOR CONFESSION OF JUDGMENT

THE UNDERSIGNED IS EXECUTING ON BEHALF OF DECLARANT, THIS 14 DAY OF Sept , 2024, AN AMENDMENT TO THE FOURTH FORBEARANCE AGREEMENT ("AGREEMENT") OF A PROMISSORY NOTE DATED APRIL 11, 2024, IN THE ORIGINAL AMOUNT OF $5,900,000.00 OBLIGATING DECLARANT TO REPAY THE AMOUNT AS STATED IN THE PRIOR FORBEARANCE AGREEMENTS. **THE DECLARANT IS RE-AFFIRMING AND RE-ACKNOWLEDGING ANY PRIOR OBLIGATIONS.**

   A.  THE UNDERSIGNED UNDERSTANDS THAT THE AGREEMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION THAT WOULD PERMIT LENDER TO ENTER JUDGMENT AGAINST DECLARANT IN COURT, AFTER A DEFAULT ON THE NOTE, WITHOUT ADVANCE NOTICE TO DECLARANT AND WITHOUT OFFERING DECLARANT AN OPPORTUNITY TO DEFEND AGAINST THE ENTRY OF JUDGMENT.  IN EXECUTING THE AGREEMENT, BEING FULLY AWARE OF DECLARANT'S RIGHTS TO ADVANCE NOTICE AND TO A HEARING TO CONTEST THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT LENDER MAY ASSERT AGAINST DECLARANT UNDER THE NOTE, THE UNDERSIGNED, ON BEHALF OF THE DECLARANT, IS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVING THESE RIGHTS, INCLUDING ANY RIGHT TO ADVANCE NOTICE OF THE ENTRY OF JUDGMENT, AND THE UNDERSIGNED EXPRESSLY AGREES AND CONSENTS TO LENDER'S ENTERING JUDGMENT AGAINST DECLARANT BY CONFESSION AS PROVIDED FOR IN [ DS DFH ] NFESSION OF JUDGMENT PROVISION.

Initials: DFH

   B.  THE UNDERSIGNED FURTHER UNDERSTANDS THAT IN ADDITION TO GIVING LENDER THE RIGHT TO ENTER JUDGMENT AGAINST DECLARANT WITHOUT ADVANCE NOTICE OR A HEARING, THE CONFESSION OF JUDGMENT PROVISION IN THE AGREEMENT ALSO CONTAINS LANGUAGE THAT WOULD PERMIT LENDER, AFTER ENTRY OF JUDGMENT, AGAINST WITHOUT EITHER NOTICE OF A HEARING, THE EXECUTE ON THE JUDGMENT BY FORECLOSING UPON, ATTACHING, LEVYING ON, TAKING POSSESSION OF OR OTHERWISE SEIZING DECLARANT'S PROPERTY, IN FULL OR PARTIAL PAYMENTS OF THE JUDGMENT.  IN EXECUTING THE AGREEMENT, BEING FULLY AWARE OF DECLARANT'S RIGHTS TO ADVANCE NOTICE AND A HEARING AFTER JUDGMENT IS ENTERED AND BEFORE EXECUTION OF THE JUDGMENT.  THE UNDERSIGNED, ON BEHALF OF DECLARANT, IS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVING THESE RIGHTS, AND THE UNDERSIGNED EXPRESSLY AGREES AND CONSENTS TO LENDER'S IMMEDIATELY EXECUTING ON THE JUDGMENT, IN ANY MANNER PERMITTED BY APPLICABLE STATE AND FEDERAL LAW, WITHOUT GIVING DECLARANT ANY ADVANCE NOTICE [ DS DFH ]

Initials: DFH

   C.  AFTER HAVING READ AND DETERMINED WHICH OF THE FOLLOWING STATEMENTS ARE APPLICABLE, B [ DS DFH ] LING EACH STATEMENT THAT APPLIES, THE UNDERSIGNED REPRESENTS THAT:

   [ DFH ] _1.  DECLARANT WAS REPRESENTED BY DECLARANT'S OWN INDEPENDENT COUNSEL IN CONNECTION WITH THE AGREEMENT.

   _____ 2.  A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THE CONFESSION OF JUDGMENT PROVISION IN THE AGREEMENT TO DECLARANT'S ATTENTION.

**THIS DISCLOSURE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS DISCLOSURE IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.**

DocuSigned by:

*Daryl Heller*
B823BE563DC74C1.
Heller Investment Holdings LLC

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

# EXHIBIT E

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

*Daryl F Heller*
*Personal Financial Statement*

*Updated: December 31, 2023*

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

**Name:** Daryl Heller
Email:
Linked
**Mobile:** 717
**Education:** Rosedale Bible College (1990; started first company in first year of school; left thereafter to focus on that preliminary venture)
**Board Participation:** Chair and member of various commercial boards, philanthropic boards, and

Daryl Heller is the Founder and Chief Executive Officer of Heller Capital. Growing up the south-central Pennsylvanian son of a bivocational conservative protestant pastor and dairy farmer, Mr. Heller's story is one of multi-generational humility and prudence accentuated by learned business sophistication and savvy that engenders confidence in his personal and professional relationships and business engagements. As a middle child, it is no wonder that Heller has worn well and

*From Trekking in Telecom to Structured Holdings Company (1990s – 2000s)*
In 1990, he started his entrepreneurial career while he was in his first semester of college, founding his first Telecom company and whetting his palette for future endeavors. Shortly thereafter, he pioneered a broker / analyst / procurement model in the Telecom space, building it to a market leader in the then-nascent Telecom Brokerage / Procurement space with a successful exit. In 1997, he co-founded a Telecom / VOIP entity, rolling up multiple companies and

Thereafter, he founded a holding company and led it for a decade as CEO, effectively developing a strong executive team under him.  Divisions included telecom, technology, and energy with

*Rest, Rejuvenation & Rebirth (2012)*
In 2012, Heller took a sabbatical that would forever change the trajectories for his own life and that of his organizations. Over three months, he spent time enjoying his young family and followed that by a time of solitude, going "underground" to journal and write a 10-year plan. Out of this, Heller

*Building Boutique Private Equity (2013 – Current)*
Today, Heller Capital has an increasing portfolio companies across select industries and private placements with most significant holdings in the emerging markets of Cannabis and Cryptocurrency to add to its legacy involvement in technology and other cumulative enterprise valuations over $1B+ of those entities (note – Valuation represents enterprise rollup estimations, not Heller Capital equity). Heller Capital's primary holdings in Cannabis HIH – Glorious Cannabis, Choice Labs, Doobie, Superior, and Electraleaf
Cryptocurrency – Bitstop, Margo, American Crypto, Hilt, Just Cash, and Powercoin
Technology – AVAIL and various entities under Green Cabbage companies
Financial Services – Paramount, Sharenet, First Regents, and PowerQwest
Additional – Blackworth (Dining), Prevail Ventures (eComm), various real estate holdings

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

Heller has always believed in building strong, lasting partnerships. This extends to Heller Capital as it seeks to live out its Purpose and Values, practicing a "Shared Fate" philosophy, engaging "patient, flexible, and creative" capital while adhering to its proven proprietary process: The Heller Capital Way – Super Six. Moreover, Heller believes that there should be full integrity between the high quality of relationships and the quantitative aspects of his entities. As such, financial expectations generally include primary investment holding periods of 4-6 years with 3-5x+ MOIC

*Fundamentally Philanthropic*

Above all, Heller is grateful – thankful for the family, friends, and resources he has gained along this journey. As you may expect, the young boy who grew up in a culture of giving back has grown into a man that models the concept. In the early 2000s, what can only be described as a divinely appointed humanitarian trip to Uzbekistan created an epiphany for Heller with regard to using his resources, gifts, talents, and network for even greater good. Thereafter, he co-founded <u>Horizon</u> with a close friend from Toronto. Today, Horizon operates in Kenya, Honduras, and Guatemala with a mission to rescue, restore, and empower underprivileged children to self-sustainability and has successfully done so for over two decades.  Finally, his hope to merge international service with domestic aide has come to fruition in the formation and growth of "Circle of Hope," the 501c3 Heller Capital has established to do collective, corporate giving. Through the collective efforts of leaders and

*Bringing it Home*

In all of this, Heller seeks to maintain a quiet life. He and his wife            still live in bucolic Lancaster County and are blessed with two adult children            e has loved to father and now call "friends." When he makes time for it, a lodge in northern Pennsylvania is where he finds solace.  His hobbies include dabbling in the making and curating of fine wine, spending time in the woods of the "Pennsylvania Wilds," and continuing the life of a visionary leader and mentor,

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

**Daryl F. Heller**
*Personal Financial Statement*
*Updated: December 31, 2023*

**Cash Assets**

| | $ | 420,000 |
|---|---|---|
| | $ | 10,000 |
| Cash Totals | $ | 430,000 |

**Investment/Securities Assets**

| | $ | 255,557 |
|---|---|---|
| Investment/Securities Totals | $ | 2,866,854 |
| Total Cash/Securities | $ | 3,467,853 |

P.

**Heller Capital Group, LLC (operating entities)**

| | |
|---|---|
| Avail Technology / PTG (Equity, FMV) | $ |
| Blackford (All Blackford Entities - Equity, FMV) | $ |
| BitStop, LLC (Equity, FMV) | $ |
| Broadclip/Innoventures | $ |
| Brookfield Energy (Equity, FMV) | $ |
| Cash Ventures I (Equity, FMV) | $ |
| Cash Ventures II (Equity, FMV) | $ |
| Cash Ventures III (Equity, FMV) | $ |
| Cash Ventures IV (Equity, FMV) | $ |
| Cash Ventures V (Equity, FMV) | $ |
| DataStaff, LLC (Equity, FMV) | $ |
| Edie-Heller Capital Group (Equity, FMV) | $ |
| Eagle Air / Grandview Jets (Equity, FMV) | $ |
| Elevated Holdings (Equity, FMV) | $ |
| First Regents Holdings, LLC (Equity, FMV) | $ |
| H2 Ventures (Equity, FMV) | $ |
| Horizon WG Fund (Equity, FMV) | $ |
| Horizon Energy Group (Equity, FMV) | $ |
| HHG, LLC (Equity, FMV) | $ |
| HSG, LLC (Equity, FMV) | $ |
| HS Solar (Equity, FMV) | $ |
| Invari, LLC (Equity, FMV) | $ |
| Just Cash, LLC (Equity, FMV) | $ |
| PAAS (Equity - FMV) | $ |
| Paramount Management Group (Equity, FMV) | $ |
| PowerQwest Financial LLC (Equity, FMV) | $ |
| PowerCoin, LLC (Equity, FMV) | $ |
| Prestige Investment Group (Equity, FMV) | $ |
| Pro Sportsman, LLC - Prevail Ventures (Equity, FMV) | $ |
| Rockford Flip, LLC (Equity, FMV) | $ |
| Rockford Capital Group Fund I (Equity, FMV) | $ |
| Rockford Capital Group Fund II (Equity, FMV) | $ |
| RD Capital Group (THC Ventures & HomeX) (Equity, FMV) | $ |
| Sharenet, LLC (Equity, FMV) | $ |
| Totals | $ 295,950,000 |

**Heller Investment Holdings, LLC**

| | |
|---|---|
| ElectraLeaf (Equity, FMV) | $ |
| DOBE (Equity, FMV) | $ |
| GCC MSO Holdings (Equity, FMV) | $ |
| Superior Holdings (Equity, FMV) | $ |
| **Heller Investment Holdings, LLC Totals** | **$ 57,150,000** |

Prothonotary E-Filed - 29 Jan 2025 05:33:25 PM
Case Number: CI-25-00610

**Daryl F. Heller**
*Personal Financial Statement*

**Accordo / Brigantine (Real Estate / Other Assets)**

| | |
|---|---:|
| Brookfield Partners, LP (180 ac land/Lodge, FMV) | $ |
| Brookfield QDM (Land, FMV) | $ |
| DCT Ventures (Land, FMV) | $ |
| DHQM Properties (Equity, PA/NY Land parcels FMV) | $ |
| DHQM2  (Equity, Mobile Park in Park FMV) | $ |
| DHRL (Sea Isle Beach House (House, FMV) | $ |
| Equity Estates (REIT, FMV) | $ |
| Heller Residence (909 Greenside, land and vineyard, FMV) | $ |
| Heller Residence Inventory (FMV) | $ |
| Lancaster Country Club Bond | $ |
| KS - Saddle Road #1 Real Estate (Land, FMV) | $ |
| KS - Saddle Road #2 Real Estate (Land, FMV) | $ |
| KS - Saddle Road #3 Real Estate (Land, FMV) | $ |
| KS - Union Road Real Estate and Cabin (Land, FMV) | $ |
| KS - Road 27 Estate (Land, FMV) | $ |
| Marriott Time Share (FMV) | $ |
| MI - Battle Creek & Kawkalin Real Estate (Land, FMV) | $ |
| NY - Potter Rd/Pascazzi Real Estate (Land, FMV) | $ |
| NY - Potter Rd/Doverspike Real Estate (Land, FMV) | $ |
| NY - Potter Rd/Pascazzi Real Estate (Land, FMV) | $ |
| NY - Potter Rd/Lang Real Estate (Land/FMV) | $ |
| Pa - Potter Rd/Pascazzi Real Estate (Land, FMV) | $ |
| Pa - Plank Rd /Lanzarra Real Estate (Land, FMV) | $ |
| Pa - 4 RCG properties (Equity, FMV) | $ |
| Premier Real Estate Group, LLC (Equity, FMV) | $ |
| **Accordo Totals** | **$        14,383,000** |
| | |
| **Total Heller Capital Group, Heller Investment Holdings, and Accordo** | **$      367,483,000** |
| **Total Assets** | **$      370,890,004** |
| | |
| **Other Liabilities** | |
| Bank of America Executive LOC | $                   - |
| Orrstown Bank - Greenside mortgage | $       (1,600,000) |
| **Other Liabilities Totals** | **$       (1,600,000)** |
| | |
| **Net Worth / Equity** | **$      369,290,004** |

Note: Entities are listed at FMV which accounts for any debt inside entities, effectively Enterprise Valuation

# EXHIBIT 3

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

PROTHONOTARY

**CIVIL COVER SHEET**

PLEASE LIST NAMES AND ADDRESSES OF ADDITIONAL PARTIES ON A SEPARATE SHEET.

ALL PARTY INFORMATION IS REQUIRED INCLUDING ZIP CODES. ALL PARTY INFORMATION MUST MATCH THE PLEADING. PLEASE DO NOT STAPLE THE COVER SHEET TO THE PLEADING. IF AN EVENT NEEDS TO BE SCHEDULED, A CAO SCHEDULING COVER SHEET MUST ALSO BE ATTACHED.

TYPE OF ACTION: Petition for Preliminary Injunction

**For Prothonotary Use Only:**

**DOCKET No: CI -**

## PARTY INFORMATION

PLAINTIFF'S NAME: Deerfield Capital, LLC

DEFENDANT'S NAME: See Attached Sheet

ADDRESS: 16 Deerfield Road, Lancaster, PA 17603
*If confidential, use 2nd sheet*

ADDRESS:

MUNICIPALITY:

MUNICIPALITY:

TWP/BOROUGH:

TWP/BOROUGH:

DOB: _____ TELEPHONE #: _____
*(mm/dd/yyyy)* *(##########)*

DOB: _____ TELEPHONE #: _____
*(mm/dd/yyyy)* *(##########)*

## FILING ATTORNEY / FILING PARTY INFORMATION

FIRM/OFFICE: Ciardi Ciardi & Astin

FILING ATTORNEY/PARTY: Daniel Siedman, Esq.

AOPC: *(Attorney ID)* #: 306534

ADDRESS: 1905 Spruce Street       CITY: Philadelphia       STATE: PA    ZIP CODE: 19103

TELEPHONE #: (215) 557-3550       EMAIL: dsiedman@ciardilaw.com
*(##########)*

## TAX LIEN INFORMATION

MUNICIPALITY: _____       MAP REFERENCE: _____

DEED BOOK: _____       DEED PAGE: _____       DEED DATE: _____

SALE PRICE: _____       TAX YEAR: _____       TAX LIEN AMOUNT: _____

PROPERTY DESCRIPTION:

## PFA/SVPO/PFI INFORMATION

HEARING DATE: _____       SOCIAL SECURITY #: (Defendant – Last 4 digits) _____

POLICE DEPARTMENT: _____

PREVIOUS PETITIONS:   YES ☐   NO ☐   If 'YES', File Date: _____

Page 1

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**PROTHONOTARY**
**CIVIL COVER SHEET**

## DEFENDANTS:

Accordo, L.P.
415 N. Prince Street
Lancaster, PA  17603

Blackford Holdings, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M II, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M IV, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M V, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund D, LLC
415 N. Prince Street
Lancaster, PA  17603

Brookfield Partners, L.P.
415 N. Prince Street
Lancaster, PA  17603

Cash Ventures IV, LLC
415 N. Prince Street
Lancaster, PA  17603

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Choice Labs, LLC
4497 Phelps Drive
Jackson, MI  49202-2600

DataStaff Advisors, LLC
125 Emeryville Drive
Suite 330
Cranberry Township, PA  16066

Dobe Investment Group, LLC
415 N. Prince Street
Lancaster, PA  17603

DHQM3, LLC
415 N. Prince Street
Lancaster, PA  17603

GCC Management Company, LLC
2055 Crooks Road
Suite B
Rochester, MI  48309-3254

GCC Michigan Acquisitions, LLC
415 N. Prince Street
Lancaster, PA  17603

Glorious IL, LLC
415 N. Prince Street
Lancaster, PA  17603

Grandview Jets, LLC
c/o DDRB, LLC
415 N. Prince Street
Lancaster, PA  17603

Grizzly RE, LLC
415 N. Prince Street
Lancaster, PA  17603

Kansas Blackjack, LLC
415 N. Prince Street
Lancaster, PA  17603

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Lifted NY Corp.
415 N. Prince Street
Lancaster, PA  17603

Lyrical, LLC
415 N. Prince Street
Lancaster, PA  17603

Neo Manufacturing MA, LLC
365 Boston Post Road
Unit 184
Sudbury, MA  01776-3023

Pure Green, LLC
415 N. Prince Street
Lancaster, PA  17603

Raw Ventures, LLC
2055 Crooks Road
Rochester, MI  48309-3254

Tycoon I Operations, LLC
2055 Crooks Road
Suite B
Rochester, MI  48309-3254

Charlene Heller
909 Greenside Drive
Lititz, PA  17603

Ethan Heller
330 N. Lime Street
Lancaster, PA  17602

Taite Heller
909 Greenside Drive
Lititz, PA  17603

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**CIARDI CIARDI & ASTIN**
**Albert A. Ciardi, III, Esquire – PA ID # 63598**
**Daniel S. Siedman, Esquire – PA ID # 306534**
**1905 Spruce Street**
**Philadelphia, PA 19103**
**(215) 557-3550**
**(215) 557-3551 (facsimile)**                    *Attorneys for Plaintiff*

| | |
|---|---|
| DEERFIELD CAPITAL, LLC                          : | IN THE COURT OF COMMON PLEAS |
| 16 Deerfield Road                                      : | LANCASTER COUNTY, |
| Lancaster, PA  17603,                               : | PENNSYLVANIA |
|                                                                  : | |
|                               Plaintiff               : | |
|                         v.                                  : | CIVIL ACTION- LAW |
|                                                                  : | |
| Accordo, L.P.                                           : | |
| 415 N. Prince Street                               : | Case No. 25-00610 |
| Lancaster, PA  17603,                               : | |
|                                                                  : | |
| Blackford Holdings, LLC                        : | |
| 415 N. Prince Street                               : | |
| Lancaster, PA  17603,                               : | |
|                                                                  : | |
| Blackford ATM Ventures, LLC             : | |
| 415 N. Prince Street                               : | |
| Lancaster, PA  17603,                               : | |
|                                                                  : | |
| Blackford ATM Ventures Fund M, LLC   : | |
| 415 N. Prince Street                               : | |
| Lancaster, PA  17603,                               : | |
|                                                                  : | |
| Blackford ATM Ventures Fund M II, LLC : | |
| 415 N. Prince Street                               : | |
| Lancaster, PA  17603,                               : | |
|                                                                  : | |
| Blackford ATM Ventures Fund M IV, LLC : | |
| 415 N. Prince Street                               : | |
| Lancaster, PA  17603,                               : | |
|                                                                  : | |
| Blackford ATM Ventures Fund M V, LLC  : | |
| 415 N. Prince Street                               : | |
| Lancaster, PA  17603,                               : | |
|                                                                  : | |
| Blackford ATM Ventures Fund D, LLC    : | |
| 415 N. Prince Street                               : | |
| Lancaster, PA  17603,                               : | |

1

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

       :

Brookfield Partners, L.P.       :
415 N. Prince Street       :
Lancaster, PA  17603,       :
       :
Cash Ventures IV, LLC       :
415 N. Prince Street       :
Lancaster, PA  17603,       :
       :
Choice Labs, LLC       :
4497 Phelps Drive       :
Jackson, MI  49202-2600,       :
       :
DataStaff Advisors, LLC       :
125 Emeryville Drive       :
Suite 330       :
Cranberry Township, PA  16066,       :
       :
Dobe Investment Group, LLC       :
415 N. Prince Street       :
Lancaster, PA  17603,       :
       :
DHQM3, LLC       :
415 N. Prince Street       :
Lancaster, PA  17603,       :
       :
GCC Management Company, LLC       :
2055 Crooks Road       :
Suite B       :
Rochester, MI  48309-3254,       :
       :
GCC Michigan Acquisitions, LLC       :
415 N. Prince Street       :
Lancaster, PA  17603,       :
       :
Glorious IL, LLC       :
415 N. Prince Street       :
Lancaster, PA  17603,       :
       :
Grandview Jets, LLC       :
c/o DDRB, LLC       :
415 N. Prince Street       :
Lancaster, PA  17603,       :       :

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Grizzly RE, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603,                    :
                                         :
Kansas Blackjack, LLC                    :
415 N. Prince Street                     :
Lancaster, PA  17603,                    :
                                         :
Lifted NY Corp.                          :
415 N. Prince Street                     :
Lancaster, PA  17603,                    :
                                         :
Lyrical, LLC                             :
415 N. Prince Street                     :
Lancaster, PA  17603,                    :
                                         :
Neo Manufacturing MA, LLC                :
365 Boston Post Road, Unit 184           :
Sudbury, MA  01776-3023,                 :
                                         :
Pure Green, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603,                    :
                                         :
Raw Ventures, LLC                        :
2055 Crooks Road                         :
Rochester, MI  48309-3254,               :
                                         :
Tycoon I Operations, LLC                 :
2055 Crooks Road, Suite B                :
Rochester, MI  48309-3254,               :
                                         :
Charlene Heller                          :
909 Greenside Drive                      :
Lititz, PA  17603,                       :
                                         :
Ethan Heller                             :
330 N. Lime Street                       :
Lancaster, PA  17602,                    :
                                         :
Taite Heller                             :
909 Greenside Drive                      :
Lititz, PA  17603,                       :
                    Defendants.          :
                                         :

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**PETITION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND
FOR SUPPLEMENTARY RELIEF UNDER
PENNSYLVANIA RULES OF CIVIL PROCEDURE 3118 AND 1533
TO ENJOIN TRANSFERS  AND TO PRESERVE COLLATERAL**

Deerfield Capital, LLC, by and through counsel, hereby moves for preliminary and

permanent injunctive relief preventing the sale, dissipation or disposition of assets of the

Defendants[1] and to prevent any transfer directed by Daryl Heller, or any entity in which he has a

controlling interest, of any Defendants' assets and in support thereof alleges as follows:

1.      Plaintiff, Deerfield Capital, LLC ("Deerfield" or "Plaintiff") is a limited liability

company formed and operating in the Commonwealth of Pennsylvania, with a mailing address of

16 Deerfield Road, Lancaster, PA 17603.

2.      The Defendants are entities owned by or affiliated with Daryl Heller or family

members of Daryl Heller as listed herein:

      a.  Accordo, L.P. ("Accordo") is a Pennsylvania limited partnership with a place

          of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

      b.  Blackford Holdings, LLC, is a Delaware limited liability company with a

          place of business located at 415 N. Prince Street, Lancaster, Pennsylvania

          17603.

      c.  Brookfield Partners, L.P. ("Brookfield") is a Pennsylvania limited partnership

          with a place of business located at 415 N. Prince Street, Lancaster,

          Pennsylvania 17603.

---

[1] On January 30, 2025, Blackford ATM Ventures, LLC, Blackford ATM Ventures Fund M, LLC, Blackford ATM
Ventures Fund M II, LLC, Blackford Ventures Fund M IV, LLC, Blackford Ventures Fund D, LLC, Blackford
Ventures Fund M V, LLC (the "Blackford Ventures Entities") consented to bankruptcy relief in the District of
Delaware, Case No. 25-10105-MFW.  As such, Plaintiff does not include the Blackford Ventures Entities in this
Petition and takes no action against the Blackford Ventures Entities.

4

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

d. Cash Ventures IV, LLC ("CV") is a Pennsylvania limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

e. Choice Labs, LLC ("Choice") is a Michigan limited liability company with a place of business located at 4497 Phelps Drive, Jackson, Michigan 49202-2600.

f. DataStaff Advisors, LLC ("DataStaff") is limited liability company with a place of business located at 125 Emeryville Drive, Suite 330, Cranberry Township, Pennsylvania 16066.

g. Dobe Investment Group, LLC ("Dobe") is a Pennsylvania limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

h. DHQM3, LLC ("DHQM3") is a Pennsylvania limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

i. GCC Management Company, LLC ("GCC Management") is a Michigan limited liability company with a place of business located at 2055 Crooks Road, Suite B, Rochester, Michigan 48309-3254.

j. GCC Michigan Acquisitions, LLC ("GCC Michigan") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

k.  Glorious IL, LLC ("Glorious IL") is a Illinois limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

l.  Grandview Jets, LLC ("Grandview") is a Pennsylvania limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

m.  Grizzley RE, LLC ("Grizzley") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

n.  Kansas Blackjack, LLC ("Kansas") is a Pennsylvania limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

o.  Lifted NY Corporation ("Lifted") is a New York corporation with a place of business at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

p.  Lyrical, LLC ("Lyrical") is a limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

q.  Neo Manufacturing MA, LLC ("Neo") is a Delaware limited liability company with a place of business located at 365 Boston Post Road, Unit 184, Sudbury, Massachusetts 01776-3023.

r.  Pure Green, LLC ("Pure Green") is a Pennsylvania limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

    s.   Raw Ventures, LLC ("Raw") is a Michigan limited liability company with a place of business located at 2055 Crooks Road, Rochester, Michigan 48309-3254.

    t.   Tycoon I Operations, LLC ("Tycoon") is a Michigan limited liability company with a place of business located at 2055 Crooks Road, Suite B, Rochester, Michigan 48309-3254.

    u.   Charlene Heller is an individual with an address of 909 Greenside Drive, Lititz, Pennsylvania 17603.

    v.   Ethan Heller is an individual with an address of 330 N. Lime Street, Lancaster, Pennsylvania 17602.

    w.   Taite Heller is an individual with an address of 909 Greenside Drive, Lititz, Pennsylvania 17603.

3.    Jurisdiction and venue are proper in Lancaster County under Pa. R. Civ. P. 1006(a)(1) and (a)(2).

4.    Plaintiff may seek to amend to add additional defendants during or after discovery of persons or parties who have received transfers from any or all of the Judgment Debtors, as defined below.

5.    On or about April 11, 2024, Heller Capital Group, LLC ("Borrower") made, executed and delivered to the Plaintiff a Promissory Note evidencing Heller Capital's indebtedness and obligations to Deerfield in the face amount of $5,900,000 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A.**  The Note contains a warrant of attorney which authorizes a confession of judgment upon the occurrence of an event of default.

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

6.      In order to further induce Plaintiff to provide funds to Borrower under the Note, Borrower provided a Membership Pledge Agreement to the Plaintiff (the "Pledge Agreement"). A true and correct copy of the Pledge Agreement is attached as **Exhibit B**. Heller Investment Holdings, LLC ("Heller Investment") is a Guarantor and Co-Borrower. Daryl Heller is a Co-Borrower and Guarantor as well. Heller Capital, Heller Investment and Daryl Heller are hereinafter referred to as "Judgment Debtors."

7.      Judgment Debtors defaulted on the Note as a result of: (a) the Borrower's failure to pay the entire principal by the maturity date, April 15, 2024, and (b) Heller Investment's failure to pay pursuant to its guaranty under the Pledge Agreement. *See* **Exhibit A** and **Exhibit B**.

8.      Furthermore, Judgment Debtors made, executed and delivered to Plaintiff a Forbearance Agreement whereby Judgment Debtors acknowledged and confirmed the default under the Note on April 15, 2024, and further acknowledged the total amount due of $6,150,000.00 (the "Forbearance Agreement").

9.      Judgment Debtors defaulted on the Forbearance Agreement by failing to satisfy the loan.

10.     On or about April 23, 2024, Judgment Debtors made, executed and delivered to the Plaintiff a second forbearance agreement whereby Judgment Debtors acknowledged and confirmed the default of the Note and Forbearance Agreement and further acknowledged the total amount due of $6,650,000.00 (the "Second Forbearance Agreement").

11.     Judgment Debtors defaulted on the Second Forbearance Agreement.

12.     On or about June 4, 2024, Judgment Debtors made, executed and delivered to the Plaintiff a third forbearance agreement whereby Judgment Debtors acknowledged and confirmed

8

Camden County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

the default of the Note and Second Forbearance Agreement and further acknowledged the total

amount due of $6,680,000.00 (the "Third Forbearance Agreement").

13.    Judgment Debtors defaulted on the Third Forbearance Agreement.

14.    On or about August 12, 2024, Judgment Debtors made, executed and delivered to

the Plaintiff a fourth forbearance agreement whereby Judgment Debtors acknowledged and

confirmed the default of the Note and Third Forbearance Agreement and further acknowledged

the total amount due of $6,838,653.35 (the "Fourth Forbearance Agreement").

15.    Judgment Debtors defaulted on the Fourth Forbearance Agreement

16.    The Fourth Forbearance Agreement required all obligations to be fully satisfied on

or before August 14, 2024, a deadline with which Judgment Debtors did not comply.

17.    On or about October 20, 2024, Judgment Debtors made, executed and delivered to

Plaintiff a fifth forbearance agreement whereby Judgment Debtors further acknowledged and

confirmed the default of the Note and Fourth Forbearance Agreement (among other forbearance

agreements, all of which are in default) and confirmed the total amount due of $7,349,250.86, plus

additional fees, costs and interest (the "Fifth Forbearance Agreement").  A true and correct copy

of the Fifth Forbearance Agreement is attached hereto as **Exhibit C**.

18.    The Fifth Forbearance Agreement required all obligations to be fully satisfied on

or before October 31, 2024. *Id.*

19.    Judgment Debtors are in default of the Note and Fifth Forbearance Agreement (and

all prior forbearance agreements) for the following reasons:

(a)    failure to timely make payments as set forth in Section 2(a) of the Note;

(b)    failure to pay the balance on maturity as required by Section 1 of the Pledge

Agreement; and

9

Gloucester Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

    (c)    failure to pay all forbearance exit fees as required by Section 2(a) of the Fifth Forbearance Agreement.

*See* **Exhibits A, B, and C**.

20.    The Fifth Forbearance Agreement incorporated all the prior Forbearance Agreements and defaults set forth therein. *See* **Exhibit C**.  All Forbearance Agreements by and between Judgment Debtors and Plaintiff re-stated the Warrant of Attorney and Confession of Judgment language.

21.    The Confession of Judgment language in the Note specifically states:

> **THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER.  IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER, THE MAKER HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, AND, ON THE ADVICE OF SEPARATE COUNSEL OF THE MAKER, UNCONDITIONALLY WAIVE ANY AND ALL RIGHTS THE MAKER HAVE OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR A HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA.**
>
> **UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, MAKER HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ATTORNEYS OF ANY COURT OF COMMON PLEAS OF PENNSYLVANIA, OR ANY ATTORNEY OR ATTORNEYS OF ANY OTHER COURT OF RECORD ELSEWHERE, OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN PENNSYLVANIA OR ELSEWHERE, TO APPEAR FOR MAKER IN SUCH COURT IN AN APPROPRIATE ACTION THERE OR ELSEWHERE BROUGHT OR TO BE BROUGHT AGAINST MAKER AT THE SUIT OF HOLDER ON THIS NOTE, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD, AND THEREIN CONFESS OR ENTER JUDGMENT AGAINST MAKER FOR THE EXACT SUM WHICH SHALL BE THE**

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**AMOUNT OF THE AFORESAID PRINCIPAL SUM OF THIS
NOTE, WITH LOAN FEES, INTEREST AND WITH ANY
OTHER PAYMENTS AND CHARGES WHICH ARE
PAYABLE BY THE MAKER UNDER THE TERMS OF THE
LOAN DOCUMENTS, AND WITH COSTS OF SUIT AND AN
ATTORNEY'S COMMISSION OF TEN PERCENT (10%)
FOR COLLECTION (BUT IN NO EVENT LESS THAN TEN
THOUSAND DOLLARS ($10,000.00) NOR MORE THAN
THE ACTUAL ATTORNEY FEES INCURRED); AND FOR
SO DOING, THIS NOTE OR A COPY THEREOF VERIFIED
BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT,
WITHOUT FURTHER STAY, AND WITH FULL RELEASE
OR ERRORS, ANY LAW, USAGE OR CUSTOM TO THE
CONTRARY NOTWITHSTANDING. SUCH AUTHORITY
AND POWER SHALL NOT BE EXHAUSTED BY ANY
EXERCISE THEREOF, AND JUDGMENT MAY BE
CONFESSED AS AFORESAID FROM TIME TO TIME AS
THERE IS OCCASION THEREFOR.**

**MAKER ACKNOWLEDGES AND AGREES THAT (i) THE
FOREGOING WARRANT OF ATTORNEY TO CONFESS
JUDGMENT IS BEING EXECUTED IN CONNECTION
WITH A COMMERCIAL TRANSACTION, (ii) HOLDER'S
CONFESSION OF JUDGMENT FOLLOWING AN EVENT
OF DEFAULT AND IN ACCORDANCE WITH THE
FOREGOING WARRANT OF ATTORNEY WOULD BE
IN ACCORDANCE WITH MAKER'S REASONABLE
EXPECTATIONS, AND (iii) MAKER HEREBY WAIVES
THE EFFECT AND APPLICATION OF, AND AGREES THE
HOLDER SHALL NOT BE BOUND BY, THE DUTIES AND
OBLIGATIONS IMPOSED
BY 20 PA.C.S SECTION 5601.3(b) WITH REGARD TO ANY
RIGHT, POWER OR REMEDY GRANTED TO THE
HOLDER IN THIS NOTE OR ANY OTHER RELATED
LOAN DOCUMENTS.**

*See* **Exhibit A**, Paragraph 8.

22.    The Fifth Forbearance Agreement also includes a separate warrant of attorney

provision, which specifically states:

**BORROWER, HELLER CAPITAL GROUP, INC., PLEDGOR, HELLER
INVESTMENT HOLDINGS, LLC AND GUARANTOR, DARYL HELLER,
HEREBY AUTHORIZE AND EMPOWER ANY ATTORNEY OR THE
PROTHONOTARY OR CLERK OF ANY COURT IN THE**

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR DEBTORS, FOR ALL OBLIGATIONS AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THE OBLIGATIONS, TOGETHER WITH COSTS OR SUIT, AND AN ATTORNEY'S COMMISSION OF (10%) OF THE OBLIGATIONS FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN ONE HUNDRED THOUSAND DOLLARS ($100,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OF MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THE WITHIN AGREEMENT SHALL BE SUFFICIENT WARRANT, THE AUTHORITY GRANTED IN THE WITHIN AGREEMENT TO CONFESS JUDGMENT AGAINST DEBTORS SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THE AGREEMENT, DEBTORS HEREBY WAIVE ANY RIGHT DEBTORS MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT TO THE EXTENT THE ATTORNEY FEES AND OTHER COSTS AND EXPENSES DEMANDED BY LENDER FROM DEBTORS EXCEED TEN PRECENT (10%) OF THE OBLIGATIONS, DEBTORS HEREBY AUTHORIZE LENDER TO PETITION THE COURT FOR AN ADDITIONAL AWARD OF FEES AND EXPENSES AND AGREES NOT TO OPPOSE SUCH PETITION.**

*See* **Exhibit C**, Paragraph 11

23.    Judgment Debtors executed a Disclosure of Confession of Judgment whereby Defendants acknowledged that they were represented by independent legal counsel and knowingly, intelligently and voluntarily waived their rights.  A true and correct copy of the Disclosure of Confession of Judgment is attached hereto as **Exhibit D.**

24.    In order to induce the Plaintiff to enter into the Fifth Forbearance Agreement, Judgment Debtors acknowledged they were represented by counsel and specifically released and waived any defenses to the Note.  *See* **Exhibit C**, Paragraph 6.

25.    Pursuant to the above-mentioned event of default under the Fifth Forbearance Agreement, on December 5, 2024, the Plaintiff confessed judgment against Judgment Debtors, for

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

the total amount of $7,916,938.92 and reasonable attorney's fees in the amount of $791,693.89,

for a total of $8,708,632.81, plus interest and costs.

26.     As of the date on which the judgment was confessed, *i.e.* December 5, 2024, the

following amounts are immediately due and payable by Judgment Debtors in connection with the

Note and Fifth Forbearance Agreement:

| | |
|---|---|
| Principal as of November 21, 2024 | $ 7,916,938.92 |
| Attorney's Fees (10% Commission) | $    791,693.89 |
| Total | $ 8,708,632.81 |

27.     On December 5, 2024, the Plaintiff filed the following complaints in confession of

judgment in the Court of Common Pleas of Lancaster County, Pennsylvania:

    a.  *Deerfield Capital, LLC v. Heller Capital Group*, LLC, No. CI-24-08737;

    b.  *Deerfield Capital, LLC v. Daryl F. Heller*, No. CI-24-08740; and

    c.  *Deerfield Capital, LLC v. Heller Investment Holdings, LLC*, No. CI-24-08739.

28.     Judgment by confession was entered on December 5, 2024 in favor of Plaintiff and

against Heller Capital Group, LLC, Daryl F. Heller, and Heller Investment Holdings, LLC

(collectively, the "Deerfield Judgments").

29.     As of the date of the Petition, the Deerfield Judgments have all be served and none

of the Judgment Debtors have filed any responsive documents.

30.     As of the date of this Petition, the following amounts are immediately due and

payable by the Judgment Debtors:

| | |
|---|---|
| Judgment amount as of 12/5/24: | $ 8,708,632.81 |
| Post-Judgment Default Interest at 25% | $363,853.84 |
| Total | $ 9,072,486.65 |

Per Diem Rate:  $5,964.82.

13

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

31.    The Plaintiff also holds a Pledge of the membership interests of Judgment Debtors.
*See* **Exhibit B**.

32.    Upon information and belief, the Judgment Debtors are or were insolvent at various times over the four years preceding the filing of this Complaint.

33.    Upon information and belief, the Judgment Debtors transferred money or assets to each of the Defendants in exchange for no consideration or for consideration which lacked reasonable equivalence.

34.    Upon information and belief, Daryl Heller transferred a parcel of improved real property to Ethan Heller for one dollar ($1.00) on July 9, 2024.  Such a transfer while Heller was insolvent was an actual or constructive fraud on creditors.

35.    Attached hereto as **Exhibit E** is a true and correct redacted version of the personal financial statement of the Judgment Debtors which show assets that may or may not have value and substantial assets having been placed in the names of Defendant Accordo and individuals and thus potentially out of reach of the Plaintiff.

36.    As part of the pre-judgment attempts to negotiate with Judgment Debtors, the Plaintiff became aware of material misrepresentations made by Defendant regarding certain assets represented to be a source of repayment.

37.    The Plaintiff was provided with a series of documents from Judgment Debtors which purported to show a potential distribution that would occur for several million dollars from an entity owned by Daryl Heller.  However, a review of the documents' metadata revealed that it was created minutes before being sent to the Plaintiff and based upon a conversation with the counterparty to the document, was a fraud.

14

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

38.     The Plaintiff is aware of the allegations asserted against Mr. Heller in the Paramount action pending in this Court at CI-24-06012 and the action filed by Jerry D. Hostetter in this Court at CI-24-06517. Given the nature and gravity of the allegations in the Paramount action and the fraudulent conduct which has occurred in conjunction with the Plaintiff's attempts to collect in the present action, the Plaintiff seeks supplementary relief to protect its collateral.

39.     Daryl Heller, a co-obligor, at a recent hearing in the Paramount matter declined to testify based upon his Fifth Amendment right not to self-incriminate. However, his right to preserve his liberty creates serious concerns about the protection and the value of Plaintiff's collateral and the management of the entities under his control.

40.     The Plaintiff also has a judgment against Heller Investment and Heller Capital and has moved for Appointment of a Receiver for both Heller Investment and Heller Capital in each of those respective dockets.

41.     Heller Capital recently sold its interest in an entity known as Prevail Ventures, LLC/ProSportsman, but none of those proceeds were paid to the Plaintiff but, rather, were diverted.

42.     Daryl Heller, upon information and belief, is liquidating assets, not paying his debts, and transferring the monies elsewhere.

43.     In addition to the litigation instituted by Plaintiff, additional litigation pending against Daryl Heller, Heller Capital Group, LLC and Heller Investment Holdings, LLC[2] currently includes the following:

        a.  *First National Bank of P.A. v. Heller Capital Group, LLC*, Case No. 24-08833, (P.A. C.P Dec. 9, 2024) for $3,521,131.69;

---

[2] Plaintiff is aware of more litigation, but this a representative of the lawsuits that have been filed.

15

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

b.  *First National Bank of P.A. v. Heller, Daryl F.*, Case No. CI-24-06460 (P.A. C.P. Sept. 10, 2024) for $2,452,549.51;

c.  *Orrstown Bank v. Heller Capital Group, LLC*, Case No. 24-08609 (P.A. C.P Dec. 3, 2024) for $3,113,952.20;

d.  *Orrstown Bank v. Heller Capital Group, LLC*, Case No. CI- 24-08609 (Pa. C.P. Aug. 22, 2024) for $305,293.13;

e.  *Orrstown Bank v. Heller, Daryl F., et al.*, Case No. CI-24-06081 (P.A. C.P. Aug. 22, 2024) for $3,053,244.82;

f.  *Orrstown Bank v. Heller, Daryl F.*, Case No. CI-25-00331 (P.A. C.P. Jan. 16, 2025) for $1,314,310.13;

g.  *Traditions Bank v. Heller Capital Group, LLC*, Case No. 2024-SU-002682 (P.A. C.P. Sept.12, 2024) for $1,796,885.66.

h.  *Orrstown Bank v. Heller Capital Group, LLC*, Case No. CI- 24-08609 (Pa. C.P. Aug. 22, 2024) for $305,293.13;

i.  *Austin Business Finance, LLC v. Heller Capital Group, LLC*, Case No. 24-1799-C480 (Tex. Cir. Ct. Aug. 20, 2024) for $1,861,467.46;

j.  *Prestige Fund A, LLC v. Paramount Mgmt. Grp., LLC,* Case No. CI-24-06012 (Pa. C.P. Aug. 23, 2024): consent judgment entered on November 21, 2024, for over $138 million and assignment of the ATMs purchased by Prestige;

k.  *Prestige Fund A, LLC et al v. Daryl F. Heller and Heller Capital*, Case No. CI-25-00491 (Pa. C.P. January 27, 2025): complaint filed related to $138m judgment;

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

l.  *Jerry D. Hostetter, individually and derivatively on behalf of Prestige Investment Group, LLC v. Daryl F. Heller and Heller Capital Group, LLC,* Case No. CI-25-00484 (Pa.C.P. January 24, 2025);

m.  *The Estate of Richard Welkowitz et al v. Heller Capital Group, LLC, Accordo LP, Daryl Heller and Paramount Management Group, LLC,* Case No. CI-24-05802 (Pa.C.P. 2024): Default judgment entered on December 23, 2024 in amount of $3,200,000.00; and

n.  *Univest Bank and Trust Co. v. Daryl F. Heller,* Case No. CI-24-07680 (Pa.C.P. October 21, 2024): domesticated foreign judgment from Montgomery County, PA in amount of $594,544.86.

44.    In attempts to collect on the Deerfield Judgments referenced above, Plaintiff has attempted to serve Daryl Heller and other Defendants with Subpoenas.

45.    Based on the Affidavit of O'Rourke Investigative Associates, Inc. (the "O'Rourke Affidavit"), despite reasonable, if not exceptional diligence, Heller and his family appear to be evading service. A true and correct copy of the O'Rourke Affidavit is attached hereto as **Exhibit F**.

46.    Heller, Heller Capital, and Heller Investment Holdings in the last year have removed money or assets from the reach of creditors as follows:

a.  Grandview Jets, a Defendant herein, and owned in part by Heller, sold a jet aircraft in December 2024[3]. Heller Capital owns a substantial portion of Grandview Jets and, despite the security interest of Plaintiff in Heller Capital, none of the funds related to that sale were paid to Plaintiff.

---

[3] Plaintiff has just learned of this sale and reserves the right to take further action with regards to the sale in December 2024

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

b. Heller Capital sold an interest in Prevail Ventures to KGH Synergies in December 2024.  Again, no proceeds were paid to Plaintiff.

c. Daryl Heller purchased a parcel of improved real property in Lancaster County in January 2024 for $439,000 and then, in July 2024, transferred the property to his son, Ethan Heller, for One Dollar.

d. Heller transferred an interest in a company known as Green Cabbage in September/October 2024 and advised Plaintiff that almost $8,000,000.00 would be paid from the sale to Plaintiff. However, Plaintiff determined that the documents provided by Heller were fraudulent and created just moments before Heller sent an email to Plaintiff concerning that transaction. Upon further investigation, counsel to the buyer confirmed to Plaintiff that the documents provided by Heller were fraudulent, that Heller was paid several million dollars already, and that he would not be paid any further sums.

e. The transfers mentioned above would have provided funds to substantially satisfy Plaintiffs' claim, but Heller fraudulently and intentionally moved assets out of the reach of creditors.

f. Plaintiff has filed and perfected UCC-1s on each of the Judgment Debtors.  True and correct copies of the as-filed UCC-1s on the Judgment Debtors are attached hereto as **Exhibit G.**

47.    Heller Capital Group transferred $1,300,000.00 to the Heller Family Foundation in 2023 at a time while Heller was clearly insolvent.

48.    Daryl Heller, in August 2024, was (a) chartering private jets to visit his daughter while he owed millions to the Plaintiff and (b) involved in litigation over hundreds of millions of

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

dollars missing from investors in related companies, monies which still have not been accounted

for.

49.     Daryl Heller has asserted his Fifth Amendment right to not testify, yet he has issued

press releases related to the Paramount litigation on January 13, 2025 and January 23, 2025.

50.     The Plaintiff has moved for the appointment of Receivers for both Heller Capital

Group, LLC and Heller Investment Holdings, LLC.  However, as of now, Heller, clearly in hiding

and transferring and/or selling assets, is in charge of those companies and retains the ability to

transfer and/or sell property and assets in an effort to place them outside of the reach of creditors

and, in fact, is doing so.

51.     Plaintiff is aware of almost 2,000 acres of land owned by Defendant Accordo, L.P.

in Kansas and several hundred acres of land owned by Accordo, L.P., Brookfield and other

Defendants in Northern Pennsylvania and Southern New York.  If any of these properties were

acquired in the last four years, the properties were acquired in fraud of creditors while the

Judgment Debtors were insolvent.

52.     The Judgment Debtors are clearly insolvent. Heller is purposefully evading

discovery, service of process, and his financial obligations to non-insider creditors, has transferred

assets to family members in fraud of creditors, has sold assets while not paying parties with secured

claims against those assets, and appears to be running from his creditors, as well as from those

who have causes of action against him.

53.     It is clear that as part of the pre-judgment attempts to negotiate with Judgment

Debtors, the Plaintiff became aware of material misrepresentations, omissions, and concealments

made by Judgment Debtors regarding certain assets represented to be a source of repayment. *See*

**Exhibit E.**

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

54.    Plaintiff is unable to take discovery of the Defendants because Heller is affirmatively evading service and, upon information and belief based upon past occurrences, will otherwise invoke his Fifth Amendment rights.

55.    Plaintiff asks for preliminary and permanent injunctive relief in the form of entry of an order that all Defendants, Daryl Heller and the Judgment Debtors be barred from transferring any asset with a value in excess of $1,000, except with leave of Court.

56.    The Defendants are all family members of Daryl Heller, entities owned by or affiliated with all or some of the Judgment Debtors and, upon information and belief, recipients of transfers from the Judgment Debtors.

57.    As alleged herein, Judgment Debtors made transfers and incurred obligations in the millions of dollars to Defendants, in the exact amount to be determined in discovery.

58.    Some, if not all, transfers and/or obligations were made to insiders.

59.    Upon information and belief, the Judgment Debtors retained possession, custody, or control of the property transferred.

60.    The Judgment Debtors transferred substantially all of the valuable and liquid assets of the Judgment Debtors, leaving the Judgment Debtors with investments in potentially worthless assets or assets subject to litigation.

61.    Judgment Debtors made these transfers with the full knowledge that representations made to Plaintiff and various other creditors regarding assets were false, fraudulent, and materially misleading, and with full knowledge of the fraud and mismanagement occurring at the Paramount companies perpetrated by the Judgment Debtors, Heller, the Defendants, or a subset of them, all to be determined in discovery.

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

62.    Judgment Debtors transferred these assets by conveying real estate and valuable property away from creditors in an effort to place such assets and property outside the reach of creditors, all with full knowledge of their ongoing fraudulent conduct.

63.    Upon information and belief, the value of the consideration received by said Judgment Debtors was not reasonably equivalent to the value of the property transferred and/or the amount of the obligation incurred.

64.    Upon information and belief, said Judgment Debtors were insolvent or became insolvent shortly after said transfers were made or the obligations incurred.

65.    Judgment Debtors and the Defendants each had an actual intent to hinder, delay, or defraud the Plaintiff.

66.    Upon information and belief, Judgment Debtors did not receive reasonably equivalent value in exchange for said transfers or obligations from the Defendants, while they were engaged or were about to engage in a business or a transaction for which said Defendants' remaining assets were unreasonably small in relation to the business or transaction.

67.    Judgment Debtors intended to incur or believed or reasonably should have believed that they would incur debts beyond their abilities to pay as they became due.

68.    All transfers or obligations are voidable by Plaintiff pursuant to 51 Pa. C.S. § 5104(a).

69.    Daryl Heller, upon information and belief, is liquidating assets, utilizing the proceeds for improper purposes, and not paying his debts.

70.    Pa. Rule 3118 permits the Court to order supplementary relief in aid of execution.

71.    The Plaintiff requests the following relief:

21

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

A. Entry of a preliminary injunction prohibiting all Defendants and the Judgment Debtors from transferring any asset, property or item having a value in excess of $1,000, without approval of this Court;

B. Entry of a permanent injunction prohibiting all Defendants and the Judgment Debtors from transferring any asset, property or item having a value in excess of $1,000, without approval of this Court;

C. Providing a full accounting and turnover of all records of all Defendants for the five year period preceding the filing of the Complaint within a reasonable amount of time as determined by this Court;

D. Entry of an order requiring Judgment Debtors, including Daryl Heller, to promptly appear for and participate in discovery, but in no event greater than 30 days after the date of the order;

E. Entry of an order requiring Defendants to promptly appear for and participate in discovery, but in no event greater than 30 days after the date of the order; and

F. Such other and further relief as is just.

**RELIEF REQUESTED**

72.    Plaintiff repeats and incorporates paragraphs 1 through 71 of this Petition as if fully set forth herein.

**A.    THE PLAINTIFF REQUESTS THAT THE COURT TO ISSUE A PRELIMINARY INJUNCTION**

73.    Plaintiff requires a preliminary injunction to prevent irreparable harm caused by the Judgment Debtors in transferring and secreting assets and property in fraud of creditors.

74.    The Supreme Court of Pennsylvania permits a Court to grant a preliminary injunction once a petitioner has established the existence of five (5) legal prerequisites. *See*

22

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

*American Ins. Co. v Molin*, 691 A.2d 929 (1997).  The Pennsylvania Supreme Court outlined the necessary legal prerequisites as follows:

1. The relief is necessary to prevent immediate and irreparable harm that cannot be compensated by damages;

2. Greater injury will occur from denying the injunction than from granting it;

3. The injunction will restore the parties to the status quo as it existed prior to the alleged wrongful conduct;

4. The alleged wrongful conduct is manifest; and

5. The moving party's right to relief is clear.

*American Ins.*, 691 A.2d at 933 *citing Lewis v. City of Harrisburg*, 631 A.2d 807 (1993).

**1.      The Plaintiff Faces Immediate and Irreparable Harm if Judgment Debtors and Defendants can Evade Discovery and Maintain Control over their Assets.**

75.      In the event that the Court does not issue an injunction, the Plaintiff will suffer immediate and irreparable harm resulting in potential loss of collateral and the ability to collect on its loan.

76.      Judgment Debtors have submitted financial statements showing in excess of $100,000,000.00 in assets but, as set forth above, such statements are or, in fact, may be fraudulent.

77.      Judgment Debtors have improperly transferred assets to Defendants.

78.      If the continued dissipation of assets is not stopped or prevented, the net effect may be that the Judgment Debtors may well be able to transfer all of their assets and evade discovery, thus preventing collection.

79.      The assets in the possession of the Defendants are the result of transfers by the Judgment Debtors which are recoverable for the benefit of Plaintiff.

23

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

80.    Plaintiff has a clear right to recovery and a substantial likelihood of success on the merits.

> **2.    Greater Injury Will Be Suffered by the Plaintiff if Injunctive Relief is Denied.**

81.    Without an injunction, Plaintiff will be harmed by the Judgment Debtors' and Defendants' obstruction of collection efforts and actual fraud in transferring assets.

82.    Defendants will not be harmed by the injunction.  The rights of Plaintiff as a creditor secured by the assets of the Judgment Debtors is clear and superior to the rights of the Defendants.

> **3.    The Injunction Will Restore the Parties to the Status Quo Ante**

83.    Preventing further dissipation of assets will preserve the ability of the Court and the Plaintiff to determine what assets remain and to whom they belong.

84.    Defendants will not be harmed by the injunction as they have due process rights relative to permanent injunctive relief.  In fact, they will have the rights that they are seeking to remove from other parties, including creditors, via the transfer and conveyance of assets and property to insiders and other parties for unknown and unaccounted for consideration.

> **4.    The Alleged Wrongful Conduct is Manifest and Plaintiffs' Right to Relief is Clear**

85.    Judgment Debtors have failed to open the confessed judgments in a timely manner and Plaintiff's claims and security interest in the assets of the Judgment Debtors and right to recover voidable transfers is clear.

**B.    THE PLAINTIFF REQUIRES AN EMERGENCY HEARING AND A SPECIAL INJUNCTION**

86.    Lastly, due to the danger and threat of continued asset dissipation and fraud, it is necessary for Plaintiff to respectfully request a special injunction, pursuant to Pa.R.Civ.P.

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

1531(a) prior to a full hearing based on the aforementioned facts that demonstrate that without

the special and preliminary injunction, Plaintiff will suffer immediate and irreparable harm for

the reasons noted herein.

87.    Moreover, Plaintiff respectfully requests an emergency and prompt hearing

regarding the special and preliminary injunction based on the facts set forth above.

**WHEREFORE**, for the reasons stated herein, Plaintiff respectfully prays for the following

relief:

A.  Entry of a preliminary injunction prohibiting all Defendants and the Judgment

Debtors from transferring any asset, property or item having a value in excess

of $1,000, without approval of this Court;

B.  Entry of a permanent injunction prohibiting all Defendants and the Judgment

Debtors from transferring any asset, property or item having af value in excess

of $1,000, without approval of this Court;

C.  Providing a full accounting and turnover of all records of all Defendants for the

five-year period preceding the filing of the Complaint within a reasonable

period of time as determined by this Court;

D.  Entry of an order requiring Judgment Debtors, including Daryl Heller, to

promptly appear for and participate in discovery, but in no event greater than

30 days after the date of the order; and

E.  Entry of an order requiring Defendants to promptly appear for and participate

in discovery, but in no event later than 30 days after the date of the order;

F.  Such other and further relief as is just.

Received for Filing Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

WHEREFORE, Plaintiff, Deerfield Capital, LLC, respectfully requests this Court to enter Preliminary and Permanent Injunctions and orders as noted above and further enjoin any transfers or interference by Daryl Heller, Heller Capital Group, LLC and Heller Investment Holdings, LLC with any Receiver appointed, as well as for such other and further relief as is just.

Dated: February 6, 2025

**CIARDI CIARDI & ASTIN**

By:     */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
*Attorneys for Plaintiff*

*and*

Dated: February 6, 2025

**POST & SCHELL, P.C.**

By:     */s/ John W. Croumer*
John W. Croumer, Esquire (PA ID# 208170)
Brian W. Bisignani, Esquire (PA ID#57982)
1869 Charter Lane
P.O. Box 10248
Lancaster, PA  17601
717-391-4437 (Phone)
jcroumer@postschell.com

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

## **VERIFICATION**

I, Eric Warfel, hereby certify that I am an authorized representative of Deerfield Capital, LLC. The facts set forth in the foregoing Petition are true and correct to the best of my knowledge, information and/or belief. I make this statement with the understanding that I am subject to penalties under the Pennsylvania Rules of Civil Procedure should it be determined that any of the foregoing facts are knowingly false.

Eric Warfel on behalf
of Deerfield Capital, LLC

Dated:   2/4/25

27

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**CIARDI CIARDI & ASTIN**
**Albert A. Ciardi, III, Esquire – PA ID # 63598**
**Daniel S. Siedman, Esquire – PA ID # 306534**
**1905 Spruce Street**
**Philadelphia, PA 19103**
**(215) 557-3550**
**(215) 557-3551 (facsimile)**                    *Attorneys for Plaintiff*

| | | |
|---|---|---|
| DEERFIELD CAPITAL, LLC | : | IN THE COURT OF COMMON PLEAS16 |
| Deerfield Road | : | LANCASTER COUNTY, |
| Lancaster, PA  17603, | : | PENNSYLVANIA |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION- LAW |
| v. | : | |
| | : | |
| Accordo, L.P. | : | |
| 415 N. Prince Street | : | Case No. 25-00610 |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford Holdings, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M II, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M IV, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M V, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund D, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |

1

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

    :

Brookfield Partners, L.P.    :
415 N. Prince Street    :
Lancaster, PA  17603    :
    :
Cash Ventures IV, LLC    :
415 N. Prince Street    :
Lancaster, PA  17603    :
    :
Choice Labs, LLC    :
4497 Phelps Drive    :
Jackson, MI  49202-2600    :
    :
DataStaff Advisors, LLC    :
125 Emeryville Drive    :
Suite 330    :
Cranberry Township, PA  16066    :
    :
Dobe Investment Group, LLC    :
415 N. Prince Street    :
Lancaster, PA  17603    :
    :
DHQM3, LLC    :
415 N. Prince Street    :
Lancaster, PA  17603    :
    :
GCC Management Company, LLC    :
2055 Crooks Road    :
Suite B    :
Rochester, MI  48309-3254    :
    :
GCC Michigan Acquisitions, LLC    :
415 N. Prince Street    :
Lancaster, PA  17603    :
    :
Glorious IL, LLC    :
415 N. Prince Street    :
Lancaster, PA  17603    :
    :
Grandview Jets, LLC    :
c/o DDRB, LLC    :
415 N. Prince Street    :
Lancaster, PA  17603    :
    :

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Grizzly RE, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Kansas Blackjack, LLC                    :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Lifted NY Corp.                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Lyrical, LLC                             :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Neo Manufacturing MA, LLC                :
365 Boston Post Road, Unit 184           :
Sudbury, MA  01776-3023                  :
                                         :
Pure Green, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Raw Ventures, LLC                        :
2055 Crooks Road                         :
Rochester, MI  48309-3254                :
                                         :
Tycoon I Operations, LLC                 :
2055 Crooks Road, Suite B                :
Rochester, MI  48309-3254                :
                                         :
Charlene Heller                          :
909 Greenside Drive                      :
Lititz, PA  17603                        :
                                         :
Ethan Heller                             :
330 N. Lime Street                       :
Lancaster, PA  17602                     :
                                         :
Taite Heller                             :
909 Greenside Drive                      :
Lititz, PA  17603                        :
                  Defendants             :
_____:

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**AFFIDAVIT OF ERIC WARFEL IN SUPPORT OF PETITION FOR PRELIMINARY
AND PERMANENT INJUNCTIVE RELIEF AND FOR SUPPLEMENTARY RELIEF
TO ENJOIN TRANSFERS AND PRESERVE COLLATERAL**

I, Eric Warfel, do hereby state under oath as follows:

1.  I am an officer and member of Deerfield Capital, LLC and I make this Affidavit on personal knowledge.

2.  Plaintiff, Deerfield Capital, LLC ("Deerfield" or "Plaintiff") is a limited liability company formed and operating in the Commonwealth of Pennsylvania, with a mailing address of 16 Deerfield Road, Lancaster, PA 17603.

3.  The Defendants[1] are entities owned by or affiliated with Daryl Heller or family members of Daryl Heller as listed herein:

    a.  Accordo, L.P. ("Accordo") is a Pennsylvania limited partnership with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

    b.  Blackford Holdings, LLC, is a Delaware limited liability company with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

    c.  Brookfield Partners, L.P. ("Brookfield") is a Pennsylvania limited partnership with a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

---

[1] On January 30, 2025, Blackford ATM Ventures, LLC, Blackford ATM Ventures Fund M, LLC, Blackford ATM Ventures Fund M II, LLC, Blackford Ventures Fund M IV, LLC, Blackford Ventures Fund D, LLC, Blackford Ventures Fund M V, LLC (the "Blackford Ventures Entities") consented to bankruptcy relief in the District of Delaware, Case No. 25-10105-MFW.  As such, Plaintiff does not include the Blackford Ventures Entities in this Petition and takes no action against the Blackford Ventures Entities.

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

d.   Cash Ventures IV, LLC ("CV") is a Pennsylvania limited liability company
with a place of business located at 415 N. Prince Street, Lancaster,
Pennsylvania 17603.

e.   Choice Labs, LLC ("Choice") is a Michigan limited liability company with a
place of business located at 4497 Phelps Drive, Jackson, Michigan 49202-
2600.

f.   DataStaff Advisors, LLC ("DataStaff") is limited liability company with a
place of business located at 125 Emeryville Drive, Suite 330, Cranberry
Township, Pennsylvania 16066.

g.   Dobe Investment Group, LLC ("Dobe") is a Pennsylvania limited liability
company with a place of business located at 415 N. Prince Street, Lancaster,
Pennsylvania 17603.

h.   DHQM3, LLC ("DHQM3") is a Pennsylvania limited liability company with
a place of business located at 415 N. Prince Street, Lancaster, Pennsylvania
17603.

i.   GCC Management Company, LLC ("GCC Management") is a Michigan
limited liability company with a place of business located at 2055 Crooks
Road, Suite B, Rochester, Michigan 48309-3254.

j.   GCC Michigan Acquisitions, LLC ("GCC Michigan") is a limited liability
company with a place of business located at 415 N. Prince Street, Lancaster,
Pennsylvania 17603.

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

k.  Glorious IL, LLC ("Glorious IL") is a Illinois limited liability company with a

place of business located at 415 N. Prince Street, Lancaster, Pennsylvania

17603.

l.  Grandview Jets, LLC ("Grandview") is a Pennsylvania limited liability

company with a place of business located at 415 N. Prince Street, Lancaster,

Pennsylvania 17603.

m.  Grizzley RE, LLC ("Grizzley") is a limited liability company with a place of

business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

n.  Kansas Blackjack, LLC ("Kansas") is a Pennsylvania limited liability

company with a place of business located at 415 N. Prince Street, Lancaster,

Pennsylvania 17603.

o.  Lifted NY Corporation ("Lifted") is a New York corporation with a place of

business at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

p.  Lyrical, LLC ("Lyrical") is a limited liability company with a place of

business located at 415 N. Prince Street, Lancaster, Pennsylvania 17603.

q.  Neo Manufacturing MA, LLC ("Neo") is a Delaware limited liability

company with a place of business located at 365 Boston Post Road, Unit 184,

Sudbury, Massachusetts 01776-3023.

r.  Pure Green, LLC ("Pure Green") is a Pennsylvania limited liability company

with a place of business located at 415 N. Prince Street, Lancaster,

Pennsylvania 17603.

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

    s.   Raw Ventures, LLC ("Raw") is a Michigan limited liability company with a place of business located at 2055 Crooks Road, Rochester, Michigan 48309-3254.

    t.   Tycoon I Operations, LLC ("Tycoon") is a Michigan limited liability company with a place of business located at 2055 Crooks Road, Suite B, Rochester, Michigan 48309-3254.

    u.   Charlene Heller is an individual with an address of 909 Greenside Drive, Lititz, Pennsylvania 17603.

    v.   Ethan Heller is an individual with an address of 330 N. Lime Street, Lancaster, Pennsylvania 17602.

    w.   Taite Heller is an individual with an address of 909 Greenside Drive, Lititz, Pennsylvania 17603.

4.    I have been personally involved in the negotiation and execution of all the loan documents referenced herein.

5.    On or about April 11, 2024, Heller Capital Group, LLC ("Borrower") made, executed and delivered to the Plaintiff a Promissory Note evidencing Heller Capital's indebtedness and obligations to Deerfield in the face amount of $5,900,000 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A.** The Note contains a warrant of attorney which authorizes a confession of judgment upon the occurrence of an event of default.

6.    In order to further induce Lender to provide funds to Borrower under the Note, Borrower provided a Membership Pledge Agreement to the Plaintiff (the "Pledge Agreement"). A true and correct copy of the Pledge Agreement is attached as **Exhibit B**. Heller Investment Holdings, LLC ("Heller Investment") is a Guarantor and Co-Borrower. Daryl Heller is a Co-

7

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Borrower and Gaurantor as well. Heller Capital, Heller Investment and Daryl Heller are hereinafter referred to as "Judgment Debtors."

7.      Judgment Debtors defaulted on the Note as a result of: (a) the Borrower's failure to pay the entire principal by the maturity date, April 15, 2024, and (b) Heller Investment's failure to pay pursuant to its guaranty under the Pledge Agreement. *See* **Exhibit A** and **Exhibit B**.

8.      Furthermore, Judgment Debtors made, executed and delivered to Plaintiff a Forbearance Agreement whereby Judgment Debtors acknowledged and confirmed the default under the Note on April 15, 2024, and further acknowledged the total amount due of $6,150,000.00 (the "Forbearance Agreement").

9.      Judgment Debtors defaulted on the Forbearance Agreement by failing to satisfy the loan.

10.     On or about April 23, 2024, Judgment Debtors made, executed and delivered to the Plaintiff a second forbearance agreement whereby Judgment Debtors acknowledged and confirmed the default of the Note and Forbearance Agreement and further acknowledged the total amount due of $6,650,000.00 (the "Second Forbearance Agreement").

11.     Judgment Debtors defaulted on the Second Forbearance Agreement.

12.     On or about June 4, 2024, Judgment Debtors made, executed and delivered to the Plaintiff a third forbearance agreement whereby Judgment Debtors acknowledged and confirmed the default of the Note and Second Forbearance Agreement and further acknowledged the total amount due of $6,680,000.00 (the "Third Forbearance Agreement").

13.     Judgment Debtors defaulted on the Third Forbearance Agreement.

14.     On or about August 12, 2024, Judgment Debtors made, executed and delivered to the Plaintiff a fourth forbearance agreement whereby Judgment Debtors acknowledged and

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

confirmed the default of the Note and Third Forbearance Agreement and further acknowledged
the total amount due of $6,838,653.35 (the "Fourth Forbearance Agreement").

15.     Judgment Debtors defaulted on the Fourth Forbearance Agreement

16.     The Fourth Forbearance Agreement required all obligations to be fully satisfied on
or before August 14, 2024, a deadline with which Judgment Debtors did not comply.

17.     On or about October 20, 2024, Judgment Debtors made, executed and delivered to
Plaintiff a fifth forbearance agreement whereby Judgment Debtors further acknowledged and
confirmed the default of the Note and Fourth Forbearance Agreement (among other forbearance
agreements, all of which are in default) and confirmed the total amount due of $7,349,250.86, plus
additional fees, costs and interest (the "Fifth Forbearance Agreement"). A true and correct copy
of the Fifth Forbearance Agreement is attached hereto as **Exhibit C**.

18.     The Fifth Forbearance Agreement required all obligations to be fully satisfied on
or before October 31, 2024.

19.     Judgment Debtors are in default of the Note and Fifth Forbearance Agreement (and
all prior forbearance agreements) for the following reasons:

(a)     failure to timely make payments as set forth in Section 2(a) of the Note;

(b)     failure to pay the balance on maturity as required by Section 1 of the Pledge
Agreement; and

(c)     failure to pay all forbearance exit fees as required by Section 2(a) of the
Fifth Forbearance Agreement.

*See* **Exhibits A**, **B**, **and C**.

20.     The Fifth Forbearance Agreement incorporated all the prior Forbearance
Agreements and defaults set forth therein. *See* **Exhibit C**. All Forbearance Agreements by and

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

between Judgment Debtors and Plaintiff re-stated the Warrant of Attorney and Confession of

Judgment language.

21.    The Confession of Judgment language in the Note specifically states:

**THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER.  IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER,  THE  MAKER  HEREBY  KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, AND, ON THE ADVICE OF SEPARATE COUNSEL OF THE MAKER, UNCONDITIONALLY WAIVE ANY AND ALL RIGHTS THE MAKER HAVE OR MAY HAVE TO PRIOR NOTICE  AND  AN OPPORTUNITY FOR A HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA.**

**UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, MAKER HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ATTORNEYS OF ANY COURT OF COMMON PLEAS OF PENNSYLVANIA, OR ANY ATTORNEY OR ATTORNEYS OF ANY OTHER COURT  OF  RECORD  ELSEWHERE,  OR  THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN PENNSYLVANIA OR ELSEWHERE, TO APPEAR  FOR  MAKER  IN  SUCH  COURT  IN  AN APPROPRIATE  ACTION  THERE  OR  ELSEWHERE BROUGHT OR TO BE BROUGHT AGAINST MAKER AT THE SUIT OF HOLDER ON THIS NOTE, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD, AND THEREIN CONFESS OR ENTER JUDGMENT AGAINST MAKER FOR THE EXACT SUM WHICH SHALL BE THE AMOUNT OF THE AFORESAID PRINCIPAL SUM OF THIS NOTE, WITH LOAN FEES, INTEREST AND WITH ANY OTHER  PAYMENTS  AND  CHARGES  WHICH  ARE PAYABLE BY THE MAKER UNDER THE TERMS OF THE LOAN DOCUMENTS, AND WITH COSTS OF SUIT AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) FOR COLLECTION (BUT IN NO EVENT LESS THAN TEN THOUSAND DOLLARS ($10,000.00) NOR MORE THAN THE ACTUAL ATTORNEY FEES INCURRED); AND FOR SO DOING, THIS NOTE OR A COPY THEREOF VERIFIED**

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT, WITHOUT FURTHER STAY, AND WITH FULL RELEASE OR ERRORS, ANY LAW, USAGE OR CUSTOM TO THE CONTRARY NOTWITHSTANDING. SUCH AUTHORITY AND POWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, AND JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS THERE IS OCCASION THEREFOR.**

**MAKER ACKNOWLEDGES AND AGREES THAT (i) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (ii) HOLDER'S CONFESSION OF JUDGMENT FOLLOWING AN EVENT OF DEFAULT AND IN ACCORDANCE WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH MAKER'S REASONABLE EXPECTATIONS, AND (iii) MAKER HEREBY WAIVES THE EFFECT AND APPLICATION OF, AND AGREES THE HOLDER SHALL NOT BE BOUND BY, THE DUTIES AND OBLIGATIONS IMPOSED BY 20 PA.C.S SECTION 5601.3(b) WITH REGARD TO ANY RIGHT, POWER OR REMEDY GRANTED TO THE HOLDER IN THIS NOTE OR ANY OTHER RELATED LOAN DOCUMENTS.**

See **Exhibit A**, Paragraph 8.

22.     The Fifth Forbearance Agreement also includes a separate warrant of attorney

provision, which specifically states:

**BORROWER, HELLER CAPITAL GROUP, INC., PLEDGOR, HELLER INVESTMENT HOLDINGS, LLC AND GUARANTOR, DARYL HELLER, HEREBY AUTHORIZE AND EMPOWER ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR DEBTORS, FOR ALL OBLIGATIONS AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THE OBLIGATIONS, TOGETHER WITH COSTS OR SUIT, AND AN ATTORNEY'S COMMISSION OF (10%) OF THE OBLIGATIONS FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN ONE HUNDRED THOURSAND DOLLARS ($100,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OF MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THE WITHIN AGREEMENT SHALL BE SUFFICIENT WARRANT, THE AUTHORITY GRANTED IN**

11

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**THE WITHIN AGREEMENT TO CONFESS JUDGMENT AGAINST DEBTORS SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THE AGREEMENT, DEBTORS HEREBY WAIVE ANY RIGHT DEBTORS MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT TO THE EXTENT THE ATTORNEY FEES AND OTHER COSTS AND EXPENSES DEMANDED BY LENDER FROM DEBTORS EXCEED TEN PRECENT (10%) OF THE OBLIGATIONS, DEBTORS HEREBY AUTHORIZE LENDER TO PETITION THE COURT FOR AN ADDITIONAL AWARD OF FEES AND EXPENSES AND AGREES NOT TO OPPOSE SUCH PETITION.**

*See* **Exhibit C**, Paragraph 11

23.     Judgment Debtors executed a Disclosure of Confession of Judgment whereby Defendants acknowledged that they were represented by independent legal counsel and knowingly, intelligently and voluntarily waived their rights.  A true and correct copy of the Disclosure of Confession of Judgment is attached hereto as **Exhibit D.**

24.     In order to induce the Plaintiff to enter into the Fifth Forbearance Agreement, Judgment Debtors acknowledged they were represented by counsel and specifically released and waived any defenses to the Note.  *See* **Exhibit C**, Paragraph 6.

25.     Pursuant to the above-mentioned event of default under the Fifth Forbearance Agreement on December 5, 2024, the Plaintiff confessed judgment against Judgment Debtors, for the total amount of $7,916,938.92 and reasonable attorney's fees in the amount of $791,693.89, for a total of $8,708,632.81, plus interest and costs.

26.     As of the date on which the judgment was confessed, *i.e.* December 5, 2024, the following amounts are immediately due and payable by Judgment Debtors in connection with the Note and Fifth Forbearance Agreement:

| | |
|---|---|
| Principal as of November 21, 2024 | $ 7,916,938.92 |
| Attorney's Fees (10% Commission) | $   791,693.89 |

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

|  |  |
|---|---|
| Total | $ 8,708,632.81 |

27.    On December 5, 2024, the Plaintiff filed the following complaints in confession of judgment in the Court of Common Pleas of Lancaster County, Pennsylvania:

    a.    *Deerfield Capital, LLC v. Heller Capital Group*, LLC, No. CI-24-08737;

    b.    *Deerfield Capital, LLC v. Daryl F. Heller*, No. CI-24-08740; and

    c.    *Deerfield Capital, LLC v. Heller Investment Holdings, LLC*, No. CI-24-08739.

28.    Judgment by confession was entered on December 5, 2024 in favor of Plaintiff and against Heller Capital Group, LLC, Daryl F. Heller, and Heller Investment Holdings, LLC (collectively, the "Deerfield Judgments").

29.    As of the date of the Petition, the Deerfield Judgments have all be served and none of the Judgment Debtors have filed any responsive documents.

30.    As of the date of this Petition, the following amounts are immediately due and payable by the Judgment Debtors:

| | |
|---|---|
| Judgment amount as of 12/5/24: | $ 8,708,632.81 |
| Post-Judgment Default Interest at 25% | $363,853.84 |
| Total | $ 9,072,486.65 |

Per Diem Rate:  $5,964.82.

31.    The Plaintiff also holds a Pledge of the membership interests of Judgment Debtors, a copy of which is attached as **Exhibit B**.

32.    In addition to the litigation instituted by Plaintiff, I am aware of the litigation pending against Daryl Heller, Heller Capital Group, LLC and Heller Investment Holdings, LLC as follows:

33.

    a.    *First National Bank of P.A. v. Heller Capital Group, LLC*, Case No. 24-08833,

Cumberland County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

(P.A. C.P Dec. 9, 2024) for $3,521,131.69;

b.  *First National Bank of P.A. v. Heller, Daryl F.*, Case No. CI-24-06460 (P.A. C.P. Sept. 10, 2024) for $2,452,549.51;

c.  *Orrstown Bank v. Heller Capital Group, LLC*, Case No. 24-08609 (P.A. C.P Dec. 3, 2024) for $3,113,952.20;

d.  *Orrstown Bank v. Heller Capital Group, LLC*, Case No. CI- 24-08609 (Pa. C.P. Aug. 22, 2024) for $305,293.13;

e.  *Orrstown Bank v. Heller, Daryl F., et al.*, Case No. CI-24-06081 (P.A. C.P. Aug. 22, 2024) for $3,053,244.82;

f.  *Orrstown Bank v. Heller, Daryl F.*, Case No. CI-25-00331 (P.A. C.P. Jan. 16, 2025) for $1,314,310.13;

g.  *Traditions Bank v. Heller Capital Group, LLC*, Case No. 2024-SU-002682 (P.A. C.P. Sept.12, 2024) for $1,796,885.66.

h.  *Orrstown Bank v. Heller Capital Group, LLC*, Case No. CI- 24-08609 (Pa. C.P. Aug. 22, 2024) for $305,293.13;

i.  *Austin Business Finance, LLC v. Heller Capital Group, LLC*, Case No. 24-1799-C480 (Tex. Cir. Ct. Aug. 20, 2024) for $1,861,467.46;

j.  *Prestige Fund A, LLC v. Paramount Mgmt. Grp., LLC,* Case No. CI-24-06012 (Pa. C.P. Aug. 23, 2024): consent judgment entered on November 21, 2024, for over $138 million and assignment of the ATMs purchased by Prestige;

k.  *Prestige Fund A, LLC et al v. Daryl F. Heller and Heller Captial*, Case No. CI-25-00491 (Pa. C.P. January 27, 2025): complaint filed related to $138m judgment;

14

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

l.  *Jerry D. Hostetter, individually and derivatively on behalf of Prestige Investment Group, LLC v. Daryl F. Heller and Heller Capital Group, LLC*, Case No. CI-25-00484 (Pa.C.P. January 24, 2025);

m.  *The Estate of Richard Welkowitz et al v. Heller Capital Group, LLC, Accordo LP, Daryl Heller and Paramount Management Group, LLC*, Case No. CI-24-05802 (Pa.C.P. 2024): Default judgment entered on December 23, 2024 in amount of $3,200,000.00; and

n.  *Univest Bank and Trust Co. v. Daryl F. Heller*, Case No. CI-24-07680 (Pa.C.P. October 21, 2024): domesticated foreign judgment from Montgomery County, PA in amount of $594,544.86.

34.  In attempts to collect on the Deerfield Judgments referenced above, Plaintiff has attempted to serve Daryl Heller and other defendants with Subpoenas.

35.  Based on the Affidavit of O'Rourke Investigative Associates, Inc., despite reasonable, if not exceptional diligence, Heller and his family are evading service. A true and correct copy of the O'Rourke Affidavit is attached hereto as **Exhibit F**.

36.  I am aware of the following transfers made by Heller, Heller Capital, Heller Investment Holdings in the last year which have removed money or assets from the reach of creditors:

a.  Grandview Jets, a Defendant herein, and owned in part by Heller, sold a jet aircraft in December 2024. Heller Capital owns a substantial portion of Grandview Jets and despite the security interest of Plaintiff in Heller Capital, none of the funds related to that sale were paid to Plaintiff.

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

b.  Heller Capital sold an interest in Prevail Ventures to KGH Synergies in December 2024 and no proceeds were paid to Plaintiff.

c.  Daryl Heller purchased a parcel of improved real property in Lancaster County in January 2024 for $439,000.00 and then, in July 2024, transferred the property to his son, Ethan Heller, for One Dollar.

d.  Heller transferred an interest in a company known as Green Cabbage in September/October 2024 and advised Plaintiff that almost $8,000,000.00 would be paid from the sale to Plaintiff.  However, Plaintiff determined that the documents provided by Heller were fraudulent and created just moments before Heller sent an email to Plaintiff concerning that transaction.  Upon further investigation, counsel to the buyer confirmed to Plaintiff that the documents provided by Heller were fraudulent, that Heller was paid several million dollars already and that he would not be paid any further sums.

e.  The transfers mentioned above would have provided funds to substantially satisfy Plaintiff's claim but Heller fraudulently and intentionally moved assets out of the reach of creditors.

f.  Plaintiff has filed and perfected UCC-1s on each of the Judgment Debtors.  True and correct copies of the as-filed UCC-1s on the Judgment Debtors are attached hereto as **Exhibit G.**

37.   Heller Capital Group transferred $1,300,000.00 to the Heller Family Foundation in 2023 at a time while Heller was clearly insolvent

38.   Daryl Heller in August 2024 was (a) chartering private jets to visit his daughter while he owed millions to the Plaintiff and (b) involved in litigation over hundreds of millions of

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

dollars missing from investors in related companies, monies which still have not been accounted for.

39.    Daryl Heller has asserted his Fifth Amendment right to not testify, yet he has issued press releases.

40.    The Plaintiff has moved for the appointment of Receivers for both Heller Capital Group, LLC and Heller Investment Holdings, LLC.  However, as of now, Heller, clearly in hiding and transferring and/or selling assets, is in charge of those companies and retains the ability to transfer and/or sell property and assets in an effort to place them outside of the reach of creditors.

41.    Plaintiff is aware of almost 2,000 acres of land owned by Defendant Accordo, L.P. in Kansas and several hundred acres of land owned by Accordo. L.P., Brookfield and other Defendants in Northern Pennsylvania and Southern New York.  If any of these properties were acquired in the last four years, the properties were acquired in fraud of creditors while Judgment Debtors were insolvent.

42.    The Judgment Debtors are clearly insolvent.  Heller is purposefully evading discovery, service of process,  and his financial obligations to non-insider creditors, has transferred assets to family members in fraud of creditors, and has sold assets while  not paying  parties with secured claims against those assets, and appears to be running from his creditors who have causes of action against him.

43.    Attached hereto as **Exhibit E** is a redacted version of the personal financial statement of the Judgment Debtors which show assets that may or may not have value and substantial assets having been placed in the names of Defendant Accordo and individuals and thus potentially out of reach of the Plaintiff.

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

44.     As part of the pre-judgment attempts to negotiate with Judgment Debtors, the Plaintiff became aware of material misrepresentations made by Defendant regarding certain assets represented to be a source of repayment.

45.     The Plaintiff was provided with a series of documents from Judgment Debtors which purported to show a potential distribution that would occur for several million dollars from an entity owned by Daryl Heller.  However, a review of the documents' metadata revealed that it was created minutes before being sent to the Plaintiff and based upon a conversation with the counterparty to the document, was a fraud.

46.     The Plaintiff is aware of the allegations asserted against Mr. Heller in the Paramount action pending in this Court at CI-24-06012 and the action filed by Jerry D. Hostetter in this Court at CI-24-06517.  Given the nature and gravity of the allegations in the Paramount action and the fraudulent conduct which has occurred in conjunction with the Plaintiff's attempts to collect in the present action, the Plaintiff seeks supplementary relief to protect its collateral and prevent the further dissipation and transfer of assets.

47.     Daryl Heller, a co-obligor, at a recent hearing in the Paramount matter declined to testify based upon his right not to self-incriminate.  However, his right to preserve his liberty creates serious concerns about the value of Plaintiff's collateral and the management of the entities under his control.

48.     Plaintiff is unable to take discovery of the Defendants as Heller because Heller is affirmatively evading service and, upon information and belief based on past occurrences, will otherwise invoke his Fifth Amendment rights.

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

49.    Plaintiff asks for preliminary and permanent injunctive relief to enter an order that

all Defendants, Daryl Heller and the Judgment Debtors be barred from transferring any asset with

a value in excess of $1,000, except with leave of Court.


Eric Warfel on behalf
of Deerfield Capital, LLC


Dated:  2/4/25

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**CIARDI CIARDI & ASTIN**
**Albert A. Ciardi, III, Esquire – PA ID # 63598**
**Daniel S. Siedman, Esquire – PA ID # 306534**
**1905 Spruce Street**
**Philadelphia, PA 19103**
**(215) 557-3550**
**(215) 557-3551 (facsimile)**                    *Attorneys for Plaintiff*

| | | |
|---|---|---|
| DEERFIELD CAPITAL, LLC | : | IN THE COURT OF COMMON PLEAS |
| 16 Deerfield Road | : | LANCASTER COUNTY, |
| Lancaster, PA  17603, | : | PENNSYLVANIA |
| | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION- LAW |
| | : | |
| Accordo, L.P. | : | Case No. 25-00610 |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford Holdings, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M II, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M IV, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M V, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund D, LLC | : | |
| 415 N. Prince Street | : | |
| Lancaster, PA  17603 | : | |

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Brookfield Partners, L.P.                    :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
Cash Ventures IV, LLC                        :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
Choice Labs, LLC                             :
4497 Phelps Drive                            :
Jackson, MI  49202-2600                      :
                                             :
DataStaff Advisors, LLC                      :
Attn:  Patrick McMullen                      :
125 Emeryville Drive                         :
Suite 330                                    :
Cranberry Township, PA  16066                :
                                             :
Dobe Investment Group, LLC                   :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
DHQM3, LLC                                   :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
GCC Management Company, LLC                  :
2055 Crooks Road                             :
Suite B                                      :
Rochester, MI  48309-3254                    :
                                             :
GCC Michigan Acquisitions, LLC               :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
Glorious IL, LLC                             :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
Grandview Jets, LLC                          :
c/o DDRB, LLC                                :
415 N. Prince Street                         :
Lancaster, PA  17603                         :                    :

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Grizzly RE, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Kansas Blackjack, LLC                    :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Lifted NY Corp.                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Lyrical, LLC                             :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Neo Manufacturing MA, LLC                :
365 Boston Post Road, Unit 184                              :
Sudbury, MA  01776-3023                  :
                                         :
Pure Green, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :

Raw Ventures, LLC                        :
2055 Crooks Road                         :
Rochester, MI  48309-3254                :
                                         :
Tycoon I Operations, LLC                 :
2055 Crooks Road, Suite B                                  :
Rochester, MI  48309-3254                :
                                         :
Charlene Heller                          :
909 Greenside Drive                      :
Lititz, PA  17603                        :
                                         :
Ethan Heller                             :
330 N. Lime Street                       :
Lancaster, PA  17602                     :
                                         :
Taite Heller                             :
909 Greenside Drive                      :
Lititz, PA  17603                        :
                    Defendants           :
_____        :

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF AND FOR SUPPLEMENTARY RELIEF UNDER
PENNSYLVANIA RULES OF CIVIL PROCEDURE 3118 AND 1533
TO ENJOIN TRANSFERS  AND TO PRESERVE COLLATERAL**

Deerfield Capital, LLC, by and through counsel, hereby submits this Memorandum of

Law in Support of its Petition for preliminary and permanent injunctive relief preventing the

sale, dissipation or disposition of assets of the Defendants[1] and to prevent any transfer directed

by Daryl Heller, or any entity in which he has a controlling interest, of any Defendants' assets

and/or property.  Plaintiff incorporates the Affidavit of Eric Warfel on behalf of Deerfield

Capital as if fully set forth herein and the Petition for Preliminary and Permanent Injunctive

Relief and for Supplementary Relief under Pa.R.C.P. 3118 and 1533 to Enjoin Transfers and to

Preserve Collateral (the "Petition").

## I.    INTRODUCTION

On or about April 11, 2024, Heller Capital Group, LLC ("Borrower") made, executed and

delivered to the Plaintiff a Promissory Note evidencing Heller Capital's indebtedness and

obligations to Deerfield in the face amount of $5,900,000 (the "Note"). The Note contains a

warrant of attorney which authorizes a confession of judgment upon the occurrence of an event of

default.  In order to further induce Plaintiff to provide funds to Borrower under the Note, Borrower

provided a Membership Pledge Agreement to the Plaintiff (the "Pledge Agreement"). Heller

Investment Holdings, LLC ("Heller Investment") is a Guarantor and Co-Borrower.  Daryl Heller

is a Co-Borrower and Guarantor as well.  Heller Capital, Heller Investment and Daryl Heller are

hereinafter referred to as "Judgment Debtors."

---

[1] On January 30, 2025, Blackford ATM Ventures, LLC, Blackford ATM Ventures Fund M, LLC, Blackford ATM
Ventures Fund M II, LLC, Blackford Ventures Fund M IV, LLC, Blackford Ventures Fund D, LLC, Blackford
Ventures Fund M V, LLC (the "Blackford Ventures Entities") consented to bankruptcy relief in the District of
Delaware, Case No. 25-10105-MFW.  As such, Plaintiff does not include the Blackford Ventures Entities in this
Petition and takes no action against the Blackford Ventures Entities.

1

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Judgment Debtors defaulted on the Note as a result of: (a) the Borrower's failure to pay the entire principal by the maturity date, April 15, 2024, and (b) Heller Investment's failure to pay pursuant to its guaranty under the Pledge Agreement. *See* **Exhibit A** and **Exhibit B** to the Petition.

On or about October 20, 2024, Judgment Debtors made, executed and delivered to Plaintiff a fifth forbearance agreement whereby Judgment Debtors further acknowledged and confirmed the default of the Note and Fourth Forbearance Agreement (among other forbearance agreements, all of which are in default) and confirmed the total amount due of $7,349,250.86, plus additional fees, costs and interest (the "Fifth Forbearance Agreement"). *See* **Exhibit C** to the Petition. The Fifth Forbearance Agreement required all obligations to be fully satisfied on or before October 31, 2024. *Id*. Judgment Debtors are in default of the Note and Fifth Forbearance Agreement (and all prior forbearance agreements) for the following reasons:

(a)     failure to timely make payments as set forth in Section 2(a) of the Note;

(b)     failure to pay the balance on maturity as required by Section 1 of the Pledge Agreement; and

(c)     failure to pay all forbearance exit fees as required by Section 2(a) of the Fifth Forbearance Agreement.

*See* **Exhibits A**, **B**, **and C** to the Petition.

The Fifth Forbearance Agreement incorporated all the prior Forbearance Agreements and defaults set forth therein. *See* **Exhibit C** to the Petition. All Forbearance Agreements by and between Judgment Debtors and Plaintiff re-stated the Warrant of Attorney and Confession of Judgment language.

On December 5, 2024, the Plaintiff filed the following complaints in confession of judgment in the Court of Common Pleas of Lancaster County, Pennsylvania:

2

Appeals Court of Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

a. *Deerfield Capital, LLC v. Heller Capital Group*, LLC, No. CI-24-08737;

b. *Deerfield Capital, LLC v. Daryl F. Heller*, No. CI-24-08740; and

c. *Deerfield Capital, LLC v. Heller Investment Holdings, LLC*, No. CI-24-08739.

Judgment by confession was entered on December 5, 2024 in favor of Plaintiff and against Heller Capital Group, LLC, Daryl F. Heller, and Heller Investment Holdings, LLC (collectively, the "Deerfield Judgments"). As of the date of the Petition, the Deerfield Judgments have all been served and none of the Judgment Debtors have filed any responsive documents.

As set forth in more detail below and in the Petition, Plaintiff seeks preliminary and permanent injunctions to prevent irreparable harm caused by the Judgment Debtors in transferring and secreting assets and property in fraud of creditors.

## II.    QUESTION PRESENTED

a. Should Plaintiff's Petition for Preliminary Injunction be Granted?

Suggested Answer: Yes

## III.    ARGUMENT

The Defendants are family members of Daryl Heller, entities owned by Daryl Heller or the Judgment Debtors, or entities in which one or more of the foregoing have an interest. Plaintiff has a judgment of roughly $9,000,000.00 against Judgment Debtors secured by confessed judgments and filed UCC-1 statements. Daryl Heller has evaded discovery in this action and in other litigation before this Court. Plaintiff has evidence of transfers of assets which are a fraud on creditors generally and a fraud on Plaintiff in particular. Plaintiff is aware that partners of Daryl Heller are trying to remove him from entities and that Daryl Heller is trying to liquidate assets and, in fact, is doing so. The above is a recipe for disaster.

3

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Plaintiff seeks to prevent Heller, the Judgment Debtors or any of the Defendants from transferring any assets absent a Court Order or full and complete discovery. Heller has thumbed his nose at Plaintiff, the Court and all of his various creditors. While he is entitled to cloak himself with the protection of the Fifth Amendment, he cannot use that shield to prevent asset discovery. Heller also cannot use the Fifth Amendment as a means to delay discovery so he can transfer assets.

The Plaintiff is not seeking turnover of assets at this time. The Plaintiff has filed Petitions to Appoint Receivers for Heller Investment Holdings, LLC and Heller Capital Group, LLC to permit an independent party to take control of those companies and their subsidiaries. A receiver can determine, among other things, if there are assets. Daryl Heller is a fraud, plain and simple. Plaintiff has a security interest in all of his assets, some of which are held in the name of the Defendants. An injunction preventing any further dissipation of assets is necessary. Daryl Heller and his family are evading service of discovery. While Plaintiff hopes that Heller personally appears at any hearing and tells the truth, Plaintiff does not consider that likely. However, this Court can prevent his family and his companies from assisting and abetting his fraud.

**A.    Plaintiff's Request for Preliminary Injunction Should be Granted**

Pennsylvania Rule 3118 permits the Court to order supplementary relief in aid of execution. Plaintiff requires a preliminary injunction to prevent irreparable harm being caused by the Judgment Debtors in transferring and secreting assets and property in fraud of creditors. The Supreme Court of Pennsylvania permits a Court to grant a preliminary injunction once a petitioner has established the existence of five (5) legal prerequisites. *See American Ins. Co. v Molin*, 691

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

A.2d 929 (1997).  The Pennsylvania Supreme Court outlined the necessary legal prerequisites as

follows:

1.     The relief is necessary to prevent immediate and irreparable harm that cannot be compensated by damages;

2.     Greater injury will occur from denying the injunction than from granting it;

3.     The injunction will restore the parties to the status quo as it existed prior to the alleged wrongful conduct;

4.     The alleged wrongful conduct is manifest; and

5.     The moving party's right to relief is clear.

*American Ins.*, 691 A.2d at 933 *citing Lewis v. City of Harrisburg*, 631 A.2d 807 (1993).  In

granting a preliminary injunction, a court is required to "preserve the status quo, as it exists or

previously existed before the acts complained of." *Smotkin v. Manhattan-Ward, Inc.*, 526 A.2d

1223, 1225 (Pa. Super 1987).

## 1.     Plaintiff has a Strong Likelihood of Success on the Merits

Pennsylvania expressly recognizes the appropriateness of injunctive relief to prevent

dissipation of assets and transfers of fraudulently conveyed property.  *Star Creations Investment*

*Co., LTD v. Alan Amron Development, Inc.*, 1995 WL 495126 at *18-20 (E.D. Pa. 1995).

Plaintiff has alleged facts and is prepared to move forward with evidence of actual fraudulent

conduct and transfers by Judgment Debtors.  The Complaint[2] and the Affidavit of Eric Warfel

only detail the tip of what will most assuredly expose a massive fraudulent scheme.  Those

allegations and evidence are no different than what the Superior Court addressed in *Temtex*

*Products Inc. v. Kramer,* 479 A.2d 500 (Pa. Super. 1984).  As in *Temtex*, Heller maintains

---

[2] The Complaint was filed on January 30, 2025 in the above captioned matter against the Defendants (the "Complaint")

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

control of assets in Accordo, Brookfield and other Defendants. *Id.* He has sold assets and dissipated funds. He has transferred property to his children for no consideration. An injunction is necessary to prevent this fraudster from perpetuating more harm. *Id.*

All that is necessary for this element is a *prima facie* case. *Covertech Fabricating Inc. v. TVM Building Products, Inc.*, 2017 WL 4863208 at *2-3 (W.D. Pa. 2017). The Plaintiff has put forth substantial evidence of insolvency, improper transfers and dissipation of assets. At this stage and for the purpose of the limited injunction requested, Plaintiff has met its burden of proof. *Gridkor LLC v. Gorbach*, 2024 WL 4309985 at *7-8 (E.D. Pa. 2024).

> **2.    The Plaintiff Faces Immediate and Irreparable Harm if Judgment Debtors and Defendants can Evade Discovery and Maintain Control over their Assets.**

In the event that the Court does not issue an injunction, the Plaintiff will suffer immediate and irreparable harm resulting in the potential loss of collateral and the ability to collect on its loan. "An injury is regarded as 'irreparable' if it will cause damage which can be estimated only by conjecture and not by an accurate pecuniary standard." *W. Penn Specialty MSO, Inc. v. Nolan,* 737 A.2d 295, 299 (Pa. Super. 1999).

Judgment Debtors have submitted financial statements showing in excess of $100,000,000.00 in assets but, such statements are or, in fact, may be fraudulent. Judgment Debtors have improperly transferred assets to Defendants. At a minimum, Plaintiff is aware that Heller, Heller Capital, and Heller Investment Holdings in the last year have removed money or assets from the reach of creditors as follows:

> a.   Grandview Jets, a Defendant herein, and owned in part by Heller, sold a jet aircraft in December 2024[3]. Heller Capital owns a substantial portion of

---

[3] Plaintiff has just learned of this sale and reserves the right to take further action with regards to the sale in December 2024

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Grandview Jets and, despite the security interest of Plaintiff in Heller Capital, none of the funds related to that sale were paid to Plaintiff.

b.  Heller Capital sold an interest in Prevail Ventures to KGH Synergies in December 2024.  Again, no proceeds were paid to Plaintiff.

c.  Daryl Heller purchased a parcel of improved real property in Lancaster County in January 2024 for $439,000 and then, in July 2024, transferred the property to his son, Ethan Heller, for One Dollar.

d.  Heller transferred an interest in a company known as Green Cabbage in September/October 2024 and advised Plaintiff that almost $8,000,000.00 would be paid from the sale to Plaintiff. However, Plaintiff determined that the documents provided by Heller were fraudulent and created just moments before Heller sent an email to Plaintiff concerning that transaction. Upon further investigation, counsel to the buyer confirmed to Plaintiff that the documents provided by Heller were fraudulent, that Heller was paid several million dollars already, and that he would not be paid any further sums.

e.  The transfers mentioned above would have provided funds to substantially satisfy Plaintiffs' claim, but Heller fraudulently and intentionally moved assets out of the reach of creditors.

f.  Plaintiff has filed and perfected UCC-1s on each of the Judgment Debtors.  *See*
    **Exhibit G** to the Petition**.**

It should be noted that the above sales and transfers are the ones currently known by Plaintiff. Once discovery is conducted, there may actually be more sales and transfers. As the Superior Court noted in *Temtex*, once the assets are gone, the harm is irreparable. *Temtex*, 479 A.2d at

7

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

507-8.  Injunctive relief is warranted to prevent dissipation during the pendency of proceedings to prevent harm.  *Star Creations*, 1995 WL 495126 at *19.

If the continued dissipation of assets is not stopped or prevented, the net effect may be that the Judgment Debtors may well be able to transfer all of their assets and evade discovery, thus preventing collection.  It is important to note that two (2) of the transfers mentioned above were in the last sixty (60) days and after the Plaintiff filed its Judgments.

The assets in the possession of the Defendants are the result of transfers by the Judgment Debtors which are recoverable for the benefit of Plaintiff.  Plaintiff has a clear right to recovery and a substantial likelihood of success on the merits.

### 3.    Greater Injury Will Be Suffered by the Plaintiff if Injunctive Relief is Denied.

Without an injunction, Plaintiff will be harmed by the Judgment Debtors' and Defendants' obstruction of collection efforts and actual fraud in transferring assets.  Judgment Debtors are actively liquidating assets. As set forth above, once the assets are gone, they are gone. *See Temtex*, 479 A.2d at 507-8.  The unfortunate net effect may be that Plaintiff has a right, but not a remedy. Any and all transactions by the Judgment Debtors at this point in time will make recovery nearly impossible. Judgment Debtors are also tempted to sell assets at below market rate since they are actively avoiding payment to creditors.  Injunctive relief is warranted to prevent further dissipation of assets during the pendency of proceedings to prevent harm.  *Star Creations*, 1995 WL 495126 at *19.

Conversely, Defendants will not be harmed by the injunction.  In fact, some of the Defendants will welcome the opportunity to enjoin Heller's participation in the on-going fraud.  The rights of Plaintiff as a creditor secured by the assets of the Judgment Debtors are clear and

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

superior to the rights of the Defendants.  Moreover, to the extent that Defendants received assets, Plaintiff is merely seeking no further transfers of those assets.

### 4.  The Injunction Will Restore the Parties to the Status Quo Ante

Preventing further dissipation of assets will preserve the ability of the Court and the Plaintiff to determine what assets remain and to whom they belong.  Defendants will not be harmed by the injunction as they have due process rights relative to permanent injunctive relief. Public interest is best served by granting an injunction.  Public interest will be furthered if the Judgment Debtors are prohibited from frustrating the legal process, and judgment creditors are protected from having to expend endless resources to collect on their judgments. *Star Creations, Star Creations*, 1995 WL 495126 at *20.

In fact, the Judgment Debtors and Defendants will have the rights that they are seeking to remove from other parties, including creditors, via the transfer and conveyance of assets and property to insiders and other parties for unknown and unaccounted for consideration.

### 5.  The Alleged Wrongful Conduct is Manifest and Plaintiffs' Right to Relief is Clear

Judgment Debtors have failed to open the confessed judgments in a timely manner and Plaintiff's claims and security interest in the assets of the Judgment Debtors and right to recover voidable transfers is clear.  None of the Judgment Debtors have sought to participate in any of the Plaintiff's actions despite service.  In fact, Judgment Debtors are now seeking to evade service of discovery, whereby they were served with the Judgments in December 2024.  Since the Judgment Debtors are not contesting the judgments, Plaintiff's right to seek collection on fraudulent and otherwise improper transfers is proper at this point in time.

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

## IV.    CONCLUSION

Plaintiff respectfully prays for the following relief:

A.  Entry of a preliminary injunction prohibiting all Defendants and the Judgment Debtors from transferring any asset, property or item having a value in excess of $1,000, without approval of this Court;

B.  Entry of a permanent injunction prohibiting all Defendants and the Judgment Debtors from transferring any asset, property or item having of value in excess of $1,000, without approval of this Court;

C.  Providing a full accounting and turnover of all records of all Defendants for the five-year period preceding the filing of the Complaint within a reasonable period of time as determined by this Court;

D.  Entry of an order requiring Judgment Debtors, including Daryl Heller, to promptly appear for and participate in discovery, but in no event greater than 30 days after the date of the order;

E.  Entry of an order requiring Defendants to promptly appear for and participate in discovery, but in no event later than 30 days after the date of the order; and

F.  Such other and further relief as is just.

10

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

WHEREFORE, Plaintiff, Deerfield Capital, LLC, respectfully requests this Court to enter Preliminary and Permanent Injunctions and orders as noted above and further enjoin any transfers or interference by Daryl Heller, Heller Capital Group, LLC and Heller Investment Holdings, LLC with any Receiver appointed, as well as for such other and further relief as is just.

**CIARDI CIARDI & ASTIN**

Dated: February 6, 2025

By:    */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
*Attorneys for Plaintiff*

*and*

**POST & SCHELL, P.C.**

Dated: February 6, 2025

By:    */s/ John W. Croumer*
John W. Croumer, Esquire (PA ID# 208170)
Brian W. Bisignani, Esquire (PA ID#57982)
1869 Charter Lane
P.O. Box 10248
Lancaster, PA  17601
717-391-4437 (Phone)
jcroumer@postschell.com

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

# EXHIBIT A

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

## PROMISSORY NOTE

**$5,900,000.00**                                        **Effective Date:  April 11, 2024**

**FOR VALUE RECEIVED**, HELLER CAPITAL GROUP, LLC, a Delaware limited liability company, with an address at 415 N Prince Street, Lancaster, Pa 17603 (the "Maker"), promises and agrees to pay to the order of the DEERFIELD CAPITAL, LLC (the "Holder"), with an address at 16 Deerfield Road, Lancaster PA 17603, in lawful money of the United States of America, **[FIVE MILLION NINE HUNDRED THOUSAND 00/100 DOLLARS]** (the "Amount") which includes $5,100,000 principal amount plus 800,000 financing/loan fee) (collectively, the "Obligations").

1.    **Loan Fee.**  The loan fee will be $800,000 paid at time of loan repayment

2.    **Payments.**

(a)    Payment to Holder will occur on or before April 15, 2024, and paid directly from the advance funder Madison Group as defined in disbursement email

(b)    All payments due hereunder shall be in lawful money of the United States of America in cash, by wire transfer of immediately available funds to such account of Holder as Holder may from time to time designate in writing to the Maker.

3.    **Prepayment; Acceleration.**

(a)    This Note may be prepaid in full or in part at any time, without penalty, premium or additional interest.

4.    **Default Interest Rate.**  Following and during the continuation of an Event of Default, interest on the unpaid principal balance of the Note shall accrue at a simple rate (computed on the basis of a year of 365 days and actual number of days elapsed) of seventeen (17%) per annum or the maximum rate permissible by applicable law, whichever is less (the "Default Interest Rate").

5.    **Events of Default.**

(a)    The occurrence of any of the following events will be deemed to be an "Event of Default" under this Note:

(i)    a default in the payment when due of all or any part of any obligation payable by the Maker hereunder (whether on the stated maturity or at any other time provided for in this Note) if not cured within One (1) calendar days after the Maker's receipt of written Notice from Holder;

(ii)    the filing of any petition or the commencement of any case or

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

proceeding by or against the Maker under any provision or chapter of the United States Bankruptcy Code, as amended, relating to insolvency, bankruptcy, or the reorganization (and, in the case of any such proceeding instituted against the Maker, such proceeding is not dismissed or stayed within sixty (60) days of the commencement thereof); or

(iii)    the appointment of or the taking possession by a custodian, trustee, or receiver of all or any assets of the Maker.

(b)    Upon the occurrence of an Event of Default, at Holder's option and upon written Notice to the Maker: (i) the then Outstanding Principal Balance and accrued and unpaid interest and loan fees hereunder shall be accelerated and become immediately due and payable; and/or (ii) this Note, including the Outstanding Principal Balance, together with the Loan Fee and all other obligations from the Maker to the Holder will bear interest at the Default Interest Rate from the date of such written Notice from Holder to the Maker.

6.    **Secured Note; Personal Guaranty.**

(a)    Except as provided in this Note, this Note is, and at all times shall be, a general unsecured obligation of the Maker.

(b)    The Maker hereby pledges and grants and shall cuase Heller Investment Holdings, LLC to pledge and grant a security interest to the Holder in the Maker's and Heller Investment Holdings, LLC's direct and indirect interests in GCC Investment Holdings, LLC, including ownership interest, capital invested, right to return of capital, right to return of payment, the proceeds of any loans.  Maker agrees to sign additional pledge agreements and to authorize Maker and Heller Investment Holdings, LLC to file UCC-1 financing statements.  To the extent the ownership interests are certificated, the Maker agrees to sign stock powers and give such certificates to the Holder upon the request of Holder.

(c)    Notwithstanding the foregoing, the Obligations due and owing under this Note shall be personally guaranteed by Daryl Heller pursuant to that certain Personal Guaranty, the form of which is attached hereto as <u>Exhibit A</u> (the "<u>Personal Guaranty</u>").

7.    **Governing Law and Jurisdiction.** This Note will be governed by and interpreted in accordance with the internal laws of the State of Pennsylvania. **EACH OF THE MAKER AND HOLDER HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE STATE OF PENNSYLVANIA AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS, WITH REGARD TO ANY ACTIONS, CLAIMS, DISPUTES OR PROCEEDINGS RELATING TO THE NOTE, OR ANY TRANSACTIONS ARISING THEREFROM, OR ENFORCEMENT AND/OR INTERPRETATION OF THE FOREGOING.**

8.    Upon the occurrence of an Event of Default, the whole of the principal sum and interest and loan fees thereon shall become due and payable at the option of the Holder, and one or more executions for collection of said principal sum with loan fees, interest accrued thereon at the rate specified to the date of default and thereafter at the Default Interest Rate, together with costs of suit and a reasonable attorney's fee for collection may issue forthwith on any judgment or

*Promissory Note*

DocuSign Envelope ID F14047F1-F41D-44B4 BA60 B053F0E345D0

judgments obtained by the Holder hereof against the undersigned; and Holder (in addition to all other rights and remedies it may have) may exercise any and all rights and remedies which it may have under any document, statute, law or rule and all such rights and remedies, along with those set forth specifically herein shall be cumulative and enforceable alternatively, successively or concurrently.

THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER. IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER, THE MAKER HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, AND, ON THE ADVICE OF SEPARATE COUNSEL OF THE MAKER, UNCONDITIONALLY WAIVE ANY AND ALL RIGHTS THE MAKER HAVE OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR A HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA.

UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, MAKER HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ATTORNEYS OF ANY COURT OF COMMON PLEAS OF PENNSYLVANIA, OR ANY ATTORNEY OR ATTORNEYS OF ANY OTHER COURT OF RECORD ELSEWHERE, OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN PENNSYLVANIA OR ELSEWHERE, TO APPEAR FOR MAKER IN SUCH COURT IN AN APPROPRIATE ACTION THERE OR ELSEWHERE BROUGHT OR TO BE BROUGHT AGAINST MAKER AT THE SUIT OF HOLDER ON THIS NOTE, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD, AND THEREIN CONFESS OR ENTER JUDGMENT AGAINST MAKER FOR THE EXACT SUM WHICH SHALL BE THE AMOUNT OF THE AFORESAID PRINCIPAL SUM OF THIS NOTE, WITH LOAN FEES, INTEREST AND WITH ANY OTHER PAYMENTS AND CHARGES WHICH ARE PAYABLE BY THE MAKER UNDER THE TERMS OF THE LOAN DOCUMENTS, AND WITH COSTS OF SUIT AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) FOR COLLECTION (BUT IN NO EVENT LESS THAN TEN THOUSAND DOLLARS ($10,000.00) NOR MORE THAN THE ACTUAL ATTORNEY FEES INCURRED); AND FOR SO DOING, THIS NOTE OR A COPY THEREOF VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT, WITHOUT FURTHER STAY, AND WITH FULL RELEASE OR ERRORS, ANY LAW, USAGE OR CUSTOM TO THE CONTRARY NOTWITHSTANDING. SUCH AUTHORITY AND POWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, AND JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS THERE IS OCCASION THEREFOR.

MAKER ACKNOWLEDGES AND AGREES THAT (i) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (ii) HOLDER'S CONFESSION OF JUDGMENT FOLLOWING AN EVENT OF DEFAULT AND IN ACCORDANCE WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH MAKER'S REASONABLE EXPECTATIONS AND (iii) MAKER HEREBY WAIVES THE EFFECT AND APPLICATION OF, AND AGREES THE HOLDER SHALL NOT BE BOUND BY, THE DUTIES AND OBLIGATIONS IMPOSED BY 20 PA.C S SECTION 5601.3(b) WITH REGARD TO ANY RIGHT, POWER OR REMEDY GRANTED TO THE HOLDER IN THIS NOTE OR

*Promissory Note*

DocuSign Envelope ID F14047F1 F41D-44B4 BA60-B053F0E345D0

ANY OTHER RELATED LOAN DOCUMENTS.

     9.    **WAIVER OF JURY TRIAL. EACH OF THE MAKER AND HOLDER HEREBY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING RELATING TO THIS NOTE OR THE OBLIGATIONS HEREUNDER. THE MAKER AND HOLDER EACH REPRESENTS TO THE OTHER THAT THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY GIVEN.**

     10.    **Assignment.** This Note may be assignable by Holder. Maker acknowledges that Holder will be transferring participation interests in the Note and may assign all or part of the Holder's interests in the Note to such participants. Maker shall not assign, pledge, hypothecate or otherwise transfer its interest in this Note or any of its rights or interests hereunder without the prior written consent of the other party, which consent may not be unreasonably withheld or delayed.

     11.    **Amendment.** This Note may not be amended or modified other than pursuant to a written agreement executed by Maker and Holder.

     12.    **Binding Effect.** This Note shall be binding on and inure to the benefit of the Maker and Holder and their respective successors and permitted assigns. This Note is not intended to confer any rights or remedies upon any person except the Maker and Holder.

     13.    **Severability.** If any provision or provisions of this Note are held by a court of competent jurisdiction, for any reason, to be invalid, void or unenforceable, such court is expressly empowered to reform such provision(s) to the minimum extent required to bring such provision(s) in compliance with applicable law, and such provision(s) shall be deemed so reformed to minimum extent required to bring such provision(s), and the remaining provision or provisions will nevertheless be valid, enforceable and carried into effect. For avoidance of doubt, the invalidity or unenforceability of any such provision as written herein shall not invalidate or render unenforceable the remaining provisions hereof, all of which shall nevertheless remain in full force and effect.

     14.    **Notices.** All notices, requests, consents, claims, demands, waivers and other communications hereunder (each, a "Notice") shall be in writing and shall be deemed to have been given (a) when delivered by hand (with written confirmation of receipt); (b) when delivered to the addressee if sent by a nationally recognized overnight courier; (c) on the date sent by facsimile or e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the addresses as set forth above (or at such other address for a party as shall be specified in a Notice given in accordance with this Section 14).

     15.    **Miscellaneous.** Unless the context clearly indicates otherwise, references to "Section" refers to the corresponding Section of this Note. Section headings contained in this Note are inserted only as a matter of convenience and in no way define, limit, extend or describe the scope or the intent of any of the provisions of this Note. The words "hereof," "herein," "hereto"

*Promissory Note*

DocuSign Envelope ID: F14047F1-F41D 44B4 BA60-B053F0E345D0

and "hereunder" and words of like import used in this Note refer to this Note as a whole and not to any particular provision of this Agreement. This Note will be construed as if drafted jointly by the Maker and Holder and no presumption or burden of proof will arise favoring or disfavoring either of them by virtue of the authorship of any provision in this Note.

16.    **Entire Agreement**. This Note and the Purchase Agreement constitute the entire agreement between the Holder and Maker with respect to the subject matter hereof as a complete and final integration thereof, and supersede all prior agreements and understandings (whether written or oral and whether express or implied) between the Holder and Maker with respect to the subject matter hereof.

17.    **Counterparts**. This Note may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement. Counterparts of the signature pages to this Note may be delivered electronically and shall be deemed to have the same legal effect as delivery of an original signed Note.

*[Signatures follow on next page.]*

Cumberland County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

DocuSign Envelope ID  F14047F1-F41D-44B4-BA60-B053F0E345D0

**IN WITNESS WHEREOF**, the Maker and Holder have executed this Note as of April 11, 2024 to be effective as of the Effective Date.

**MAKER**:

**HELLER CAPITAL GROUP, LLC**

By: _____

Name: Daryl Heller

Title: CEO

**HOLDER**:

**DEERFIELD CAPITLAL, LLC**

By: _____

Name: Eric Wartel

Title:Manager

By:

Name:

Title:

By:

Name:

Title:

*[Signature Page to Promissory Note]*

Lackawanna County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

DocuSign Envelope ID  F14047F1-F41D-44B4-BA60-B053F0E345D0

**EXHIBIT A**
**PERSONAL GUARANTY**

See attached.

Delaware County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

# EXHIBIT B

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

DocuSign Envelope ID F14047F1 F41D-44B4 BA60 B053F0E345D0

## MEMBERSHIP PLEDGE AGREEMENT

**THIS MEMBERSHIP PLEDGE AGREEMENT** made this          day of April 2024 by and among **Daryl F. Heller, Heller Capital Group, LLC and Heller Investment Holdings LLC** (the "Debtor") and **Deerfield Capital, LLC** (the "Creditor").

### BACKGROUND

Heller Capital Group, LLC is indebted to Creditor pursuant to a note (the "Note") dated on or about the date hereof.  Heller Capital Group, LLC and/or Daryl F. Heller have direct or indirect equity ownership in Heller Investment Holdings LLC.  Heller Investment Holdings LLC has direct or indirect equity ownership in GCC Investment Holdings, LLC and other entities.  Pursuant to the Note Heller Capital Group, LLC and Daryl F. Heller are required to pledge as collateral all of their direct and indirect ownership, equity or right to receive payments from in Heller Investment Holdings LLC.  Heller Investment Holdings LLC is required to pledge as collateral all of Heller Investment Holdings LLC's direct or indirect ownership, equity or right to receive payments from GCC Investment Holdings, LLC.  The Debtor has agreed to provide this Membership Pledge Agreement as security for the note.

**NOW THEREFORE**, in consideration of the mutual promises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and intending to be legally bound, the parties hereby agree as follows:

1.      <u>Pledge</u>.  Daryl F. Heller and Heller Capital Group, LLC here by pledge any and all indirect ownership, equity and right to receive payments from Heller Investment Holdings LLC ("HIH Membership Interests").  Heller Investment Holdings LLC hereby pledges any and all direct or indirect ownership, equity and right to receive payments from GCC Investment Holdings LLC (the "GCC Membership Interests" and together with HIH Membership Interests the "Membership Interests").  All such Membership Interests are pledged as security for performance and payment in full of all amounts owing from Heller Capital Group, LLC, Daryl F. Heller or Heller Investment Holdings LLC to Creditor pursuant to the Note, Guaranty Agreement and any other loan documents.  Heller Investment Holdings LLC hereby guaranties all obligations of Heller Capital Group, LLC pursuant to the Note.

2.      <u>Terms</u>.  In the event of a default under the terms of the Note, Creditor, at its option, may declare Debtor in default ("Default").  Upon Default, Creditor is authorized to exercise any or all of the following rights, from time to time, in Creditor's sole discretion:

(a)      To transfer the Membership Interest into the name of Creditor or its nominee, which shall result in satisfaction of all payment and performance obligations of the Debtor, under the Note including but not limited to the payment of all principal outstanding and accrued interest and the payment of all fees and costs of collection (the "Obligations") to the extent of the value of the Membership Interest so transferred, but liability of Debtor shall continue until the Obligations are paid in full;

(b)      To receive and accept any and all distributions and other payments due to the Debtor as a holder of the Membership Interest pursuant to the Operating Agreement, whether distributions, dividends, sale proceeds or otherwise.  Any amounts received by the Creditor will be applied to the Obligations;

(c)      Sell or exchange the Membership Interest in such manner and for such price as Creditor may determine and out of the proceeds of such sale to retain an amount sufficient to pay the Obligations to Creditor and pay any balance of such proceeds to Debtor.  Debtor waives notice of foreclosure, all other notices and all other statutory requirements, to the extent permitted by law, except that Creditor shall give Debtor five days' prior notice of the time and place of such sale.  The parties acknowledge that any registration and/or compliance with other requirements which might be applicable to the public sale of security would be impractical.  Accordingly the parties agree that any sale of the Membership Interest held subsequent to a Default shall be deemed to be held in a commercially reasonable manner if conducted at a private sale.  Creditor may purchase the Membership Interest at such sale.  The proceeds of sale shall

1

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

be applied first to pay the expenses of conducting such sale, including reasonable legal fees incurred in connection therewith, and the remaining proceeds shall be paid to the Creditor. In the event the proceeds of any such sale are not sufficient to pay all Obligations, Debtor shall remain liable for any deficiency and liability under the Obligations shall continue until the deficiency is paid in full; and or

(d)    To exercise any and all rights of a secured party under the Pennsylvania Uniform Commercial Code as then in effect.

3.    <u>Voting Rights</u>. At all times while this Agreement is in effect and so long as no Default exists in the payment or performance of the Obligations, Debtor shall have the right to vote the Membership Interest and exercise all rights of ownership for all purposes.

4.    <u>Certification</u>. The Debtor represents and warrants the Membership Interest is not certificated. In the event the Membership Interests become certificated, the Debtor agrees to immediately deliver the certificates to the Creditor together with a stock power.

5.    <u>Financing Statement</u>. The Debtor authorizes the Creditor to file one or more financing statements to perfect the Creditor's security interest in the Membership Interests. The Debtor agrees to cooperate and sign any and all documents necessary to perfect such interests.

6.    <u>Termination of Pledge</u>. After the complete performance and payment of all Obligations under the Note and Agreement any transfer powers and all obligations under this Agreement between Creditor and Debtor shall thereupon cease.

7.    <u>Notices</u>. Notices required or permitted by or in connection with this Agreement shall be in writing and shall be made by hand delivery, overnight delivery service, or by confirmed facsimile transmission together with same-day mailing by first class mail, postage prepaid, addressed to the parties as set forth at the beginning of this Agreement or as may be otherwise provided in a written notice delivered in accordance with the provisions of this paragraph.

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

DocuSign Envelope ID F14047F1-F41D-44B4-BA60-B053F0E345D0

IN WITNESS WHEREOF and intending to be legally bound hereby, the parties hereto have caused this instrument to be executed and sealed the day and year first above written.

**DEBTOR**

**HELLER CAPITAL GROUP, LLC**

By: _____
Name: Daryl F. Heller
Title: CEO

_____
Daryl F. Heller

**HELLER INVESTMENT HOLDINGS LLC**

By: _____
Name: Daryl F. Heller
Title: CEO

**CREDITOR**

**DEERFIELD CAPITLAL, LLC**

By: _____
Name: Eric Warfel
Title: Manager

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

# EXHIBIT C

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

# FIFTH FORBEARANCE AGREEMENT

THIS FIFTH FORBEARANCE AGREEMENT ("Agreement") made on this ___ day of October, 2024, by and between Daryl F. Heller ("Guarantor"), Heller Capital Group, LLC ("Borrower") and Heller Investment Holdings, LLC (collectively, Daryl F. Heller, Heller Capital Group, Inc., and Heller Investment Holdings, LLC are hereinafter referred to as "Debtors") with an address of 415 N. Prince Street, Lancaster, PA 17603 and Deerfield Capital, LLC, having an address of 16 Deerfield Road, Lancaster, PA 17603 (hereinafter referred to as the "Lender").

## I. FACTUAL BACKGROUND

On or about April 11, 2024, Debtors borrowed the sum of $5,900,000.00 from the Lender as evidenced by the Promissory Note ("Note") ("Loan Obligation") which was tied to a refinancing project with Gold Capital and Madison Group.

In order to secure the Note also on April 11, 2024, the Debtors executed and delivered to the Lender a Membership Pledge Agreement ("Pledge Agreement") by which Daryl F. Heller and Heller Capital Group, LLC pledged any and all indirect ownership, equity and right to receive payments from Heller Investment Holdings LLC ("HIH Membership Interests"). Heller Investment Holdings LLC further pledged any and all direct or indirect ownership, equity and right to receive payments from GCC Investment Holdings LLC (the "GCC Membership Interests" and together with HIH Membership Interests the "Membership Interests").

In order to further secure the Loan Obligation of the Borrower, on or about April 11, 2024, Daryl F. Heller executed a Guaranty whereby he unconditionally guaranteed payment of all amounts owed under the Note by the Borrower.

On or about April 17, 2024, the Debtors executed a forbearance agreement (the "Forbearance Agreement"), whereby they were required to make an initial payment of an extension fee on or before April 18, 2024 at 3:00 p.m. est.

On or about April 23, 2024, the Debtors executed a Second Forbearance Agreement (the "Second Forbearance Agreement") which, *inter alia*, incorporated all terms and conditions in the Forbearance Agreement and the Loan Documents, reaffirmed the Loan Obligation, reaffirmed that the Loan Obligation and all additions were owed without setoff or counterclaim and provided additional collateral.

The Second Forbearance Agreement expired on May 10, 2024 and the Debtors are in default for failing to pay the Loan Obligation in full on May 10, 2024.

A Third Forbearance Agreement was executed on June 4, 2024 which, inter alia, extended loan maturity to July 12, 2024. Borrowers are in default under the Third Forbearance Agreement for, among other defaults as detailed in the Notice of Default dated July 18, 2024, failure to satisfy all outstanding amounts on or before July 12, 2024.

1

Lehigh County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

A Fourth Forbearance Agreement was executed on August 12, 2024 which, inter alia, extended loan maturity to August 14, 2024. Borrowers are in default under the Fourth Forbearance Agreement for, among other defaults failure to satisfy all outstanding amounts on or before August 14, 2024. The Fourth Forbearance Agreement was amended on September 14, 2024 and Borrower is in default under that Fourth Forbearance Agreement and the Amendment to the Fourth Forbearance Agreement.

The Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and the Amendment to Fourth Forbearance Agreement are incorporated herein; provided, however, that none of the financial terms set forth in the Forbearance Agreement, the Second Forbearance Agreement, Third Forbearance Agreement, and Fourth Forbearance Agreement or Amendment to Fourth Forbearance Agreement will apply from and after the date of this Fifth Forbearance Agreement. Thereafter, all financial terms shall be as set forth in this Amendment. Nothing herein is a waiver or release of any of the defaults or provisions of the Loan Documents or the Forbearance Agreement or the Second Forbearance Agreement or the Third Forbearance Agreement or the Fourth Forbearance Agreement or Amendment to Fourth Forbearance Agreement.

The Note, Pledge Agreements, Guaranty, Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement are hereinafter sometimes referred to as the "Loan Documents".

## II. DEFAULT

The Debtors defaulted on the Loan Obligation arising under the Loan Documents as they failed to make the payment to Lender on or before April 15, 2024 (the "Maturity Date"). Thereafter, the Loan Obligation of the Debtors was in default and remains in default.

The Debtors defaulted on the Forbearance Agreement by failing to make the necessary payment of the extension fee by the time set forth in the Forbearance Agreement.

The Debtors have defaulted on the Second Forbearance Agreement.

The Debtors have defaulted on the Third Forbearance Agreement.

The Debtors have defaulted on the Fourth Forbearance Agreement.

The Debtors have defaulted on the Amendment to Fourth Forbearance Agreement.

The Lender and Debtors have agreed to this Fifth Forbearance Agreement.

Received for Filing Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

1.    <u>**Reaffirmation of Amount Due**</u>

The Debtors acknowledge and agree that as of October 16, 2024, the Lender is owed the total sum of **$7,349,250.86**, plus additional legal fees (if any), costs, and interest (after October 16, 2024).

2.    <u>***Repayment and Other Covenants***</u>

The Lender and Debtors agree to the following:

a.    The Debtors hereby agree to pay an additional default fee of $500,000.00 (the "Default Fee") as part of the consideration for the Lender's agreement to forebear until October 31, 2024. This Default Fee is earned as of the execution of this Agreement and shall be added to the principal balance.

b.    The Debtors acknowledge and agree on October 31, 2024 (the "Final Payoff Date"), the entire balance of principal interest and fees on the Loan Obligation shall become immediately due and payable together with any fees and costs which may have been incurred before and after the execution of this Fifth Forbearance Agreement in the amount of **$7,349,250.86** including additional legal fees, default interest, the Default Fee and costs, less any payments made hereunder.

c.    If the Note is not paid in full by the close of business on October 31, 2024, the Debtors agree that an additional $750,000 default fee (the "Second Default Fee") is earned and payable and shall be added to the principal balance of the Note.

d.    In addition, to the extent not specifically modified herein, the terms and conditions of the Loan Documents, Forbearance Agreement, Second Forbearance Agreement and Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement remain in full force and legal effect; provided, however, that none of the financial terms set forth in the Forbearance Agreement or the Second Forbearance Agreement or the Third Forbearance Agreement will apply from and after the date of this Fourth Forbearance Agreement. Thereafter, all financial terms shall be as set forth in this Amendment to the Fourth Forbearance Agreement.

e.    Nothing herein shall in any way impair the security now held for the loan obligation set forth above, or any other security provided for the outstanding loan obligation and all grants of collateral and security interests under the Loan Documents, Forbearance Agreement and Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement are ratified and confirmed.

f.    The Debtors represent and warrant that they do not have any intent at this time to (i) file any voluntary petition under any Chapter of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, (the "Bankruptcy Code"), or in any manner to seek any proceeding for relief, protection, reorganization, liquidation, dissolution or similar relief for debtors under any local, state, federal or other insolvency law or laws providing relief for debtors (each a "Debtor

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

Proceeding"), (ii) directly or indirectly cause or permit any involuntary Borrower or Guarantor, and (iii) directly or indirectly cause or permit the Properties or any portion therefore, or any interest of the Borrower and Guarantor in the Properties to become property of any bankruptcy estate or the subject of any Debtor Proceeding. The Debtors acknowledge that the filing of any petition or the seeking of any relief in a Debtor Proceeding by the Borrower and Guarantor, whether directly or indirectly, would be in bad faith and solely for the purposes of delaying, inhibiting or otherwise impeding the Lender's exercise of its rights and remedies upon the occurrence of an Event of Default under the Loan Documents and this Agreement against the Borrower and Guarantor pursuant to the Loan Documents and this Agreement. Without limiting the foregoing, the Lender shall be and is entitled to, and the Borrower and Guarantor hereby consent to relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, as amended, or from any other stay or suspension of remedies imposed in any other manner with respect to the Lender's exercise of any rights and remedies against the Property and/or the Collateral and any proceeds thereof which otherwise is available to the Lender under Article 9 of the Uniform Commercial Code or other applicable state law of any jurisdiction in which any Collateral or the proceeds thereof may now or hereafter be located.

       g.      In addition to the Default Fee in Section 2.a. and Second Default Fee in Section 2.c., the Lender may charge interest at lesser of the highest rate permitted by law or 25% per annum, which shall accrue daily on the Total Amount Due (Principal, Unpaid Forbearance Fees or Default Fees, Unpaid Costs, Unpaid Interest) and unless paid shall be capitalized daily and added to the Total Amount due for calculation of interest the following day until all amounts due are satisfied (the "Default Interest"). This Default Interest started to accrue upon default under the Third Forbearance Agreement on July 12, 2024, is continuing to accrue hereunder and will continue to accrue as set forth herein until all Obligations are fully satisfied.

       h.      Additional Collateral. Simultaneously with the execution of this Fifth Forbearance Agreement, the Borrower and Guarantors shall cause execution and delivery of the following:

       i. Assignment of Note from Project Catapult LLC to Heller Capital LLC in the approximate amount of $1,000,000.00. An Allonge shall be executed assigning such Note to Lender.

       ii. Pledge of Heller Capital's equity interest in Project Catapult LLC which shall be assigned and pledged outright and noted on the records of Project Catapult LLC.

       iii. Assignment of a Note from Avail Technologies to Heller Capital LLC in the amount of $1,660,000. An Allonge shall be executed assigning such Note to Lender.

       iv. Assignment of a Note from Premier Technologies Group, LLC to Heller Capital LLC in the amount of $1,978,449. An Allonge shall be executed assigning such Note to Lender.

       v. Assignment of a Note from Prestige Investment Group to Heller Capital LLC in the amount of $2,000,000.00. An Allonge shall be executed assigning such Note to Lender.

Cumberland County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-4286-908C-8822DB58B88E

      vi. Assignment of all distributions from PAAS a/k/a Green Cabbage that are due to be paid on October 25 and October 31, 2024.

Borrower and Guarantor represent and warrant that they are the owners of the aforementioned notes and rights to distributions (collectively, the "Additional Collateral") and no other person or party has a lien, claim or right to any of the foregoing.  If any representation in this Section 2.g. is false, a default fee of $1,000,000.00 shall be added to the principal balance of the Note.  Borrower and Guarantor shall deliver the original notes, security agreements, operating agreements or other documents to perfect the pledges and assignments referenced above with the execution of this Fifth Forbearance Agreement, or as soon thereafter as possible.  Lender agrees that: (A) all funds collected or received by Lender from or under any of the Additional Collateral shall be applied against the Loan Obligation; and (B) if, after paying off the Loan Obligation in full, any balance remains, such balance shall be immediately paid over to Borrower or its designee.

3.     _**Reaffirmation of Loan Documents**_

      All of the terms, conditions, and provisions of the Loan Documents, Forbearance Agreement or Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement executed and delivered by the Debtors revised or modified hereby shall remain in full force and legal effect.

      The validity, priority and security of the Lender's secured interest and any other documents or instruments executed and delivered by the Borrower and Guarantor shall not be impaired by anything contained in this Fifth Forbearance Agreement.

4.     _**Reaffirmation of Loan and Collateral**_

      The Debtors hereby represent, warrant, and reaffirm to the Lender that all existing collateral security held by the Lender shall continue to remain in full force and legal effect including but not limited to the secured interest of the Lender which may exist in the collateral and assets described above.  Additionally, the Debtors further acknowledge and agree that the validity, priority, and security of the Loan Documents as modified hereby and any other documents or instruments executed and delivered by the Borrower and Guarantor shall not be impaired by anything contained in this Fifth Forbearance Agreement.

5.     _**Partial Payment Not Waiver.**_

      Any partial payment amounts made by the Debtors or any other party on behalf of Debtors and accepted by the Lender will not constitute a waiver of any default, waiver of demand, or waiver of any other right held by the Lender under the Loan Documents or this Agreement.  Except as otherwise modified or amended by this Agreement, all of the terms of the Loan Documents evidencing the Loan Obligation described above shall remain in full force and effect and are expressly ratified and confirmed by the Borrower and Guarantor.

5

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

6.    _Representations of Debtors by Counsel; General Release; No Representations by the Lender_

(a)    **The Debtors represent to the Lender that they have at all times pertinent to this Agreement, been represented by advisors of their own selection including but not limited to attorneys at law and certified public accountants; that they have not relied upon any representation, warranty, agreement or information provided by the Lender, its employees, agents or attorneys; that they acknowledge that they have been and are informed of their duties and obligations with respect to the commercial loan due the Lender under all applicable laws; that they have no set-offs, defenses counterclaims or claims against the Lender with respect to the commercial loan due the Lender by the Debtors; and that the Debtors are indebted to the Lender in the amounts recited in this Agreement. Additionally, the Debtors release and relinquish any claims they may have had or could have asserted against the Lender up until this time and at all times hereafter arising under the commercial Loan Obligation described above. In this regard, the Debtors, their successors, heirs, and assigns, hereby release waive and further discharge the Lender, and its officers, directors, employees, attorneys and agents from all claims and causes of action of any type or nature whatsoever, known or unknown, suspected or unsuspected and whether sounding in contract, tort, or otherwise that may exist as a result of any event or events occurring before the date of this Agreement having anything to do with the Loan Obligation reflected herein.**

(b) The Debtors acknowledge and confirm that they are in default of the Note, Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement.

7.    _Governing Law_

This Agreement is executed and delivered in the Commonwealth of Pennsylvania (the "Governing Jurisdiction"), and it is the desire and intention of the parties that it be in all respects interpreted according to the laws of the Governing Jurisdiction. The Debtors specifically and irrevocably consent to the jurisdiction and venue of the federal and state courts of the Governing Jurisdiction with respect to all matters concerning this Agreement or the Loan Documents or the enforcement of any of the foregoing. The Debtors agree that the execution and performance of this Agreement shall have a Governing Jurisdiction situs and accordingly, the Debtors consent to personal jurisdiction in the Governing Jurisdiction.

8.    _Binding Effect; No Oral Modification; Ratification of Loan Documents_

(a)    All of the terms and conditions of the Loan Documents supporting the Loan Obligation described above and executed and delivered by the Debtors to the Lender not expressly revised or modified hereby, shall otherwise remain in full force and legal effect.

(b)    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their heirs, executors, administrators, successors, and assigns. The Borrower and Guarantor hereby acknowledge receipt of a true copy of this Agreement.

6

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

DocuSign Envelope ID: 68F4883F-58F6-42B6-906C-8822DB58B68E

(c)    This Agreement, together with the Loan Documents as modified hereby, represent the entire agreement by the parties, supersedes all prior modifications and discussions, and cannot be modified except by a writing signed by all parties to this Agreement.

(d)    This Agreement is specific to the Loan Obligation and Loan Forbearance described herein and does not include any other obligation that the Debtors may have with the Lender.

9.    **Waiver of Jury Trial**

THE BORROWERS, GUARANTORS, AND THE LENDER UPON ADVICE OF THEIR RESPECTIVE ATTORNEYS, HEREBY KNOWINGLY, INTENTIONALLY, VOLUNTARILY, EXPRESSLY AND MUTUALLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (i) ARISING UNDER THIS AGREEMENT OR ANY OTHER DOCUMENT EVIDENCING THE LOAN, OR (ii) IN ANY WAY CONNECTED WITH OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS AGREEMENT OR ANY OF THE OTHER DOCUMENTS EVIDENCING THE LOAN, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE, AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE THIS ORIGINAL AGREEMENT OR A COPY THEREOF WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THEIR RIGHT TO THE TRIAL BY JURY.

10.    **Limitation of Liability; Wavier of Punitive Damages**

THE BORROWERS, GUARANTORS, AND THE LENDER BY ACCEPTANCE HEREOF, AGREE THAT ANY LEGAL PROCEEDINGS OR ANY CLAIM OR CONTROVERSY AMONG THEM (A "DISPUTE") THAT MAY ARISE OUT OF OR BE IN ANY WAY CONNECTED WITH THIS AGREEMENT, THE LOAN DOCUMENTS OR ANY OTHER AGREEMENT OR DOCUMENTS BETWEEN OR AMONG THEM OR THE OBLIGATIONS EVIDENCED HEREBY OR RELATED HERETO, IN NO EVENT SHALL ANY PARTY HAVE A REMEDY OF, OR BE LIABLE TO THE OTHER FOR (1) INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES, OR (2) PUNITIVE OR EXEMPLARY DAMAGES. THE BORROWERS, GUARANTORS, AND THE LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT OR CLAIM TO ANY PUNITIVE OR EXEMPLARY DAMAGES THEY MAY HAVE OR WHICH MAY ARISE IN THE FUTURE IN CONNECTION WITH ANY DISPUTE WHETHER THE DISPUTE IS RESOLVED BY ARBITRATION, MEDIATION, JUDICIALLY OR OTHERWISE.

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

### 11. CONFESSION OF JUDGMENT

**BORROWER, HELLER CAPITAL GROUP, INC., PLEDGOR, HELLER INVESTMENT HOLDINGS, LLC AND GUARANTOR, DARYL HELLER, HEREBY AUTHORIZE AND EMPOWER ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR DEBTORS, FOR ALL OBLIGATIONS AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THE OBLIGATIONS, TOGETHER WITH COSTS OR SUIT, AND AN ATTORNEY'S COMMISSION OF (10%) OF THE OBLIGATIONS FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN ONE HUNDRED THOUSAND DOLLARS ($100,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OF MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THE WITHIN AGREEMENT SHALL BE SUFFICIENT WARRANT, THE AUTHORITY GRANTED IN THE WITHIN AGREEMENT TO CONFESS JUDGMENT AGAINST DEBTORS SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS AGREEMENT, DEBTORS HEREBY WAIVE ANY RIGHT DEBTORS MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT TO THE EXTENT THE ATTORNEY FEES AND OTHER COSTS AND EXPENSES DEMANDED BY LENDER FROM DEBTORS EXCEED TEN PRECENT (10%) OF THE OBLIGATIONS, DEBTORS HEREBY AUTHORIZE LENDER TO PETITION THE COURT FOR AN ADDITIONAL AWARD OF FEES AND EXPENSES AND AGREES NOT TO OPPOSE SUCH PETITION.**

**DEBTORS STATE THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO DEBTORS' ATTENTION OR DEBTORS HAVE HAD THE OPPORTUNITY TO BE REPRESENTED BY INDEPENDENT LEGAL COUNSEL OF DEBTOR'S CHOICE.**

Borrower's Initials _DFH_          Guarantor's Initials _DFH_

Pledgor's Initials _DFH_

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B6-906C-8822DB58B88E

IN WITNESS WHEREOF, the parties have hereunder executed this Amendment the day and year first above written.

Witness:

Rose Cole

BORROWER:
Heller Capital Group, LLC.

Daryl Heller

Name: Daryl Heller
Title: CEO

COMMONWEALTH OF PENNSYLVANIA    :
                                                                            SS
COUNTY OF  Lancaster                            :

ON THIS  20th  day of  october  , 2024, before me, a Notary Public, personally
appeared  Daryl F Heller  , known or satisfactorily proven to be the person who signed the
foregoing instrument and who acknowledged himself to be  CEO  of Heller Capital Group,
LLC and that he being duly authorized to do so executed the foregoing instrument on behalf of Heller
Capital Group, LLC for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Rose Cole
Notary

Witness:

Rose Cole

Heller Investment Holdings, LLC

Daryl Heller

Name: Daryl Heller
Title: CEO

COMMONWEALTH OF PENNSYLVANIA    :
                                                                            SS
COUNTY OF  Lancaster                            :

ON THIS  20th  day of  october  , 2024, before me, a Notary Public, personally
appeared  Daryl F Heller  , known or satisfactorily proven to be the person who signed the
foregoing instrument and who acknowledged himself to be  CEO  of Heller Investment

9

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-42B8-906C-8822DB58B88E

Holdings, LLC and that he being duly authorized to do so executed the foregoing instrument on behalf of Heller Investment Holdings, LLC for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Rose Cole
AB5A093B8D3849A

Notary

Witness:                                          GUARANTOR:

Rose Cole
AB5A093B8D3849A

Name: Rose Cole

Daryl Heller
BB23BEA0DC74C1

Daryl F. Heller

COMMONWEALTH OF PENNSYLVANIA          :
                                                      SS
COUNTY OF _____Lancaster_____   :

ON THIS ___20th___ day of ___October___, 2024, before me, a Notary Public, personally appeared Daryl F. Heller, who, I am satisfied, is the person named in the foregoing instrument, and he acknowledged that he executed the foregoing instrument as his voluntary act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Rose Cole
AB5A093B8D3849A

Notary

DEERFIELD CAPITAL, LLC

Names: Eric G. Watt
Title: President

COMMONWEALTH OF PENNSYLVANIA          :
                                                      SS
COUNTY OF _Lancaster_____  :

ON THIS _5th_ day of _December_____, 2024, before me, a Notary Public, personally appeared Eric watt known or satisfactorily proven to be the person who signed the foregoing instrument and who acknowledged himself to be authorized representative of Deerfield Capital, LLC, and

10

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 88F4883F-58F6-4286-906C-8822DB58B88E

that he being duly authorized to do so executed the foregoing instrument on behalf of Deerfield Capital, LLC, for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary

Commonwealth of Pennsylvania - Notary Seal
Joshua M. Resch, Notary Public
Lancaster County
My commission expires October 2, 2028
Commission number 1454297
Member, Pennsylvania Association of Notaries

11

Lackawanna County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

# EXHIBIT D

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Docusign Envelope ID: 62FE63E5-A693-4714-A84F-0C0A2036C10F

## DISCLOSURE FOR CONFESSION OF JUDGMENT

THE UNDERSIGNED IS EXECUTING ON BEHALF OF DECLARANT, THIS 14 DAY OF
Sept _____ , 2024, AN AMENDMENT TO THE FOURTH FORBEARANCE AGREEMENT
("AGREEMENT") OF A PROMISSORY NOTE DATED APRIL 11, 2024, IN THE ORIGINAL AMOUNT OF
$5,900,000.00 OBLIGATING DECLARANT TO REPAY THE AMOUNT AS STATED IN THE PRIOR
FORBEARANCE AGREEMENTS. **THE DECLARANT IS RE-AFFIRMING AND RE-ACKNOWLEDGING
ANY PRIOR OBLIGATIONS.**

    A.  THE UNDERSIGNED UNDERSTANDS THAT THE AGREEMENT CONTAINS
A CONFESSION OF JUDGMENT PROVISION THAT WOULD PERMIT LENDER TO ENTER JUDGMENT
AGAINST DECLARANT IN COURT, AFTER A DEFAULT ON THE NOTE, WITHOUT ADVANCE NOTICE
TO DECLARANT AND WITHOUT OFFERING DECLARANT AN OPPORTUNITY TO DEFEND AGAINST
THE ENTRY OF JUDGMENT. IN EXECUTING THE AGREEMENT, BEING FULLY AWARE OF
DECLARANT'S RIGHTS TO ADVANCE NOTICE AND TO A HEARING TO CONTEST THE VALIDITY OF
ANY JUDGMENT OR OTHER CLAIMS THAT LENDER MAY ASSERT AGAINST DECLARANT UNDER
THE NOTE, THE UNDERSIGNED, ON BEHALF OF THE DECLARANT, IS KNOWINGLY,
INTELLIGENTLY AND VOLUNTARILY WAIVING THESE RIGHTS, INCLUDING ANY RIGHT TO
ADVANCE NOTICE OF THE ENTRY OF JUDGMENT, AND THE UNDERSIGNED EXPRESSLY AGREES
AND CONSENTS TO LENDER'S ENTERING JUDGMENT AGAINST DECLARANT BY CONFESSION AS
PROVIDED FOR IN [DS] NFESSION OF JUDGMENT PROVISION.

Initials: *DFH*

    B.  THE UNDERSIGNED FURTHER UNDERSTANDS THAT IN ADDITION TO GIVING LENDER
THE RIGHT TO ENTER JUDGMENT AGAINST DECLARANT WITHOUT ADVANCE NOTICE OR A
HEARING, THE CONFESSION OF JUDGMENT PROVISION IN THE AGREEMENT ALSO CONTAINS
LANGUAGE THAT WOULD PERMIT LENDER, AFTER ENTRY OF JUDGMENT, AGAINST WITHOUT
EITHER NOTICE OF A HEARING, THE EXECUTE ON THE JUDGMENT BY FORECLOSING UPON,
ATTACHING, LEVYING ON, TAKING POSSESSION OF OR OTHERWISE SEIZING DECLARANT'S
PROPERTY, IN FULL OR PARTIAL PAYMENTS OF THE JUDGMENT. IN EXECUTING THE
AGREEMENT, BEING FULLY AWARE OF DECLARANT'S RIGHTS TO ADVANCE NOTICE AND A
HEARING AFTER JUDGMENT IS ENTERED AND BEFORE EXECUTION OF THE JUDGMENT. THE
UNDERSIGNED, ON BEHALF OF DECLARANT, IS KNOWINGLY, INTELLIGENTLY AND
VOLUNTARILY WAIVING THESE RIGHTS, AND THE UNDERSIGNED EXPRESSLY AGREES AND
CONSENTS TO LENDER'S IMMEDIATELY EXECUTING ON THE JUDGMENT, IN ANY MANNER
PERMITTED BY APPLICABLE STATE AND FEDERAL LAW, WITHOUT GIVING DECLARANT ANY
ADVANCE NOTICE [DS]

Initials *DFH*

    C.  AFTER HAVING READ AND DETERMINED WHICH OF THE FOLLOWING STATEMENTS ARE
APPLICABLE, B [DS]  LING EACH STATEMENT THAT APPLIES, THE UNDERSIGNED REPRESENTS THAT:

      *DFH* __1.    DECLARANT WAS REPRESENTED BY DECLARANT'S OWN
INDEPENDENT COUNSEL IN CONNECTION WITH THE AGREEMENT.

      _____2.    A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THE
CONFESSION OF JUDGMENT PROVISION IN THE AGREEMENT TO DECLARANT'S
ATTENTION.

**THIS DISCLOSURE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS DISCLOSURE IS
AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING
TO LAW.**

DocuSigned by:

*Daryl Heller*

B823BE563DC74C1...
Heller Investment Holdings LLC

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

# EXHIBIT E

Lancaster Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

*Daryl F Heller*
*Personal Financial Statement*

*Updated: December 31, 2023*

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**Name:** Daryl Heller
Email:
Linked
**Mobile:** 717
**Education:** Rosedale Bible College (1990; started first company in first year of school; left thereafter to focus on that preliminary venture)
**Board Participation:** Chair and member of various commercial boards, philanthropic boards, and

Daryl Heller is the Founder and Chief Executive Officer of Heller Capital. Growing up the south-central Pennsylvanian son of a bivocational conservative protestant pastor and dairy farmer, Mr. Heller's story is one of multi-generational humility and prudence accentuated by learned business sophistication and savvy that engenders confidence in his personal and professional relationships and business engagements. As a middle child, it is no wonder that Heller has worn well and

*From Trekking in Telecom to Structured Holdings Company (1990s – 2000s)*
In 1990, he started his entrepreneurial career while he was in his first semester of college, founding his first Telecom company and whetting his palette for future endeavors. Shortly thereafter, he pioneered a broker / analyst / procurement model in the Telecom space, building it to a market leader in the then-nascent Telecom Brokerage / Procurement space with a successful exit. In 1997, he co-founded a Telecom / VOIP entity, rolling up multiple companies and

Thereafter, he founded a holding company and led it for a decade as CEO, effectively developing a strong executive team under him. Divisions included telecom, technology, and energy with

*Rest, Rejuvenation & Rebirth (2012)*
In 2012, Heller took a sabbatical that would forever change the trajectories for his own life and that of his organizations. Over three months, he spent time enjoying his young family and followed that by a time of solitude, going "underground" to journal and write a 10-year plan. Out of this, Heller

*Building Boutique Private Equity (2013 – Current)*
Today, Heller Capital has an increasing portfolio companies across select industries and private placements with most significant holdings in the emerging markets of Cannabis and Cryptocurrency to add to its legacy involvement in technology and other cumulative enterprise valuations over $1B+ of those entities (note – Valuation represents enterprise rollup estimations, not Heller Capital equity). Heller Capital's primary holdings in Cannabis HIH – Glorious Cannabis, Choice Labs, Doobie, Superior, and Electraleaf
Cryptocurrency – Bitstop, Margo, American Crypto, Hilt, Just Cash, and Powercoin
Technology – AVAIL and various entities under Green Cabbage companies
Financial Services – Paramount, Sharenet, First Regents, and PowerQwest
Additional – Blackworth (Dining), Prevail Ventures (eComm), various real estate holdings

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Heller has always believed in building strong, lasting partnerships. This extends to Heller Capital as it seeks to live out its Purpose and Values, practicing a "Shared Fate" philosophy, engaging "patient, flexible, and creative" capital while adhering to its proven proprietary process: The Heller Capital Way – Super Six. Moreover, Heller believes that there should be full integrity between the high quality of relationships and the quantitative aspects of his entities. As such, financial expectations generally include primary investment holding periods of 4-6 years with 3-5x+ MOIC

*Fundamentally Philanthropic*

Above all, Heller is grateful – thankful for the family, friends, and resources he has gained along this journey. As you may expect, the young boy who grew up in a culture of giving back has grown into a man that models the concept. In the early 2000s, what can only be described as a divinely appointed humanitarian trip to Uzbekistan created an epiphany for Heller with regard to using his resources, gifts, talents, and network for even greater good. Thereafter, he co-founded <u>Horizon</u> with a close friend from Toronto. Today, Horizon operates in Kenya, Honduras, and Guatemala with a mission to rescue, restore, and empower underprivileged children to self-sustainability and has successfully done so for over two decades. Finally, his hope to merge international service with domestic aide has come to fruition in the formation and growth of "Circle of Hope," the 501c3 Heller Capital has established to do collective, corporate giving. Through the collective efforts of leaders and

*Bringing it Home*

In all of this, Heller seeks to maintain a quiet life. He and his wife       still live in bucolic Lancaster County and are blessed with two adult children       e has loved to father and now call "friends." When he makes time for it, a lodge in northern Pennsylvania is where he finds solace. His hobbies include dabbling in the making and curating of fine wine, spending time in the woods of the "Pennsylvania Wilds," and continuing the life of a visionary leader and mentor,

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

**Daryl F. Heller**
*Personal Financial Statement*
*Updated: December 31, 2023*

**Cash Assets**

|  |  |
|---|---|
|  | $ 420,000 |
|  | $ 10,000 |
| Cash Totals | $ 430,000 |

**Investment/Securities Assets**

|  |  |
|---|---|
|  | $ 233,537 |
| **Investment/Securities Totals** | $ 2,866,854 |
| **Total Cash/Securities** | $ 3,457,854 |

**P.**

**Heller Capital Group, LLC (operating entities)**

| | |
|---|---|
| Avail Technology / PTG (Equity, FMV) | $ |
| Blackford (All Blackford Entities - Equity, FMV) | $ |
| BitStop, LLC (Equity, FMV) | $ |
| Broadclip/Innoventures | $ |
| Brookfield Energy (Equity, FMV) | $ |
| Cash Ventures I (Equity, FMV) | $ |
| Cash Ventures II (Equity, FMV) | $ |
| Cash Ventures III (Equity, FMV) | $ |
| Cash Ventures IV (Equity, FMV) | $ |
| Cash Ventures V (Equity, FMV) | $ |
| DataStaff, LLC (Equity, FMV) | $ |
| Edie-Heller Capital Group (Equity, FMV) | $ |
| Eagle Air / Grandview Jets (Equity, FMV) | $ |
| Elevated Holdings (Equity, FMV) | $ |
| First Regents Holdings, LLC (Equity, FMV) | $ |
| H2 Ventures (Equity, FMV) | $ |
| Horizon WG Fund (Equity, FMV) | $ |
| Horizon Energy Group (Equity, FMV) | $ |
| HHG, LLC (Equity, FMV) | $ |
| HSG, LLC (Equity, FMV) | $ |
| HS Solar (Equity, FMV) | $ |
| Invari, LLC (Equity, FMV) | $ |
| Just Cash, LLC (Equity, FMV) | $ |
| PAAS (Equity - FMV) | $ |
| Paramount Management Group (Equity, FMV) | $ |
| PowerQwest Financial LLC (Equity, FMV) | $ |
| PowerCoin, LLC (Equity, FMV) | $ |
| Prestige Investment Group (Equity, FMV) | $ |
| Pro Sportsman, LLC - Prevail Ventures (Equity, FMV) | $ |
| Rockford Flip, LLC (Equity, FMV) | $ |
| Rockford Capital Group Fund I (Equity, FMV) | $ |
| Rockford Capital Group Fund II (Equity, FMV) | $ |
| RD Capital Group (THC Ventures & HomeX) (Equity, FMV) | $ |
| Sharenet, LLC (Equity, FMV) | $ |
| **Totals** | $ 295,950,000 |

**Heller Investment Holdings, LLC**

| | |
|---|---|
| ElectraLeaf (Equity, FMV) | $ |
| DOBE (Equity, FMV) | $ |
| GCC MSO Holdings (Equity, FMV) | $ |
| Superior Holdings (Equity, FMV) | $ |
| **Heller Investment Holdings, LLC Totals** | $ 57,150,000 |

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610



*Daryl F. Heller*
*Personal Financial Statement*

*Accordo / Brigantine (Real Estate / Other Assets)*

| | |
|---|---:|
| Brookfield Partners, LP (180 ac land/Lodge, FMV) | $ |
| Brookfield QDM (Land, FMV) | $ |
| DCT Ventures (Land, FMV) | $ |
| DHQM Properties (Equity, PA/NY Land parcels FMV) | $ |
| DHQM2  (Equity, Mobile Park in Park FMV) | $ |
| DHRL (Sea Isle Beach House (House, FMV) | $ |
| Equity Estates (REIT, FMV) | $ |
| Heller Residence (909 Greenside, land and vineyard, FMV) | $ |
| Heller Residence Inventory (FMV) | $ |
| Lancaster Country Club Bond | $ |
| KS - Saddle Road #1 Real Estate (Land, FMV) | $ |
| KS - Saddle Road #2 Real Estate (Land, FMV) | $ |
| KS - Saddle Road #3 Real Estate (Land, FMV) | $ |
| KS - Union Road Real Estate and Cabin (Land, FMV) | $ |
| KS - Road 27 Estate (Land, FMV) | $ |
| Marriott Time Share (FMV) | $ |
| MI - Battle Creek & Kawkalin Real Estate (Land, FMV) | $ |
| NY - Potter Rd/Pascazzi Real Estate (Land, FMV) | $ |
| NY - Potter Rd/Doverspike Real Estate (Land, FMV) | $ |
| NY - Potter Rd/Pascazzi Real Estate (Land, FMV) | $ |
| NY - Potter Rd/Lang Real Estate (Land/FMV) | $ |
| Pa - Potter Rd/Pascazzi Real Estate (Land, FMV) | $ |
| Pa - Plank Rd /Lanzarra Real Estate (Land, FMV) | $ |
| Pa - 4 RCG properties (Equity, FMV) | $ |
| Premier Real Estate Group, LLC (Equity, FMV) | $ |
| **Accordo Totals** | **$     14,383,000** |
| | |
| *Total Heller Capital Group, Heller Investment Holdings, and Accordo* | **$    367,483,000** |
| **Total Assets** | **$    370,890,004** |
| | |
| ***Other Liabilities*** | |
| Bank of America Executive LOC | $              - |
| Orrstown Bank - Greenside mortgage | $      (1,600,000) |
| *Other Liabilities Totals* | **$      (1,600,000)** |
| | |
| **Net Worth / Equity** | **$    369,290,004** |

Note: Entities are listed at FMV which accounts for any debt inside entities, effectively Enterprise Valuation

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

# EXHIBIT F

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF LANCASTER

| | |
|---|---|
| Deerfield Capital, LLC | ) |
| | )    CASE: CI-24-08739 |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Heller Investment Holdings, LLC | ) |
| | ) |
| Defendant | ) |

**<u>AFFIDAVIT OF DUE DILIGENCE</u>**

On January 30th, 2025, the client asked Inv. Thomas J. Cobourn, LPI, SPS to serve Subpoenas to Produce Documents or Things for Discovery, Pursuant to Rule 4009.22 on the following individuals:

- Ethan Heller
- Randall Leaman
- Jerry D. Hostetter
- Charlene Heller
- Daryl Heller
- Rose A. Cole

Inv. Cobourn dispatched Inv. Kevin J. O'Rourke, LPI, SPS with the documents.

On January 30th, 2025, Inv. K. O'Rourke traveled to 909 Greenside Drive, Lititz, PA 17543 to deliver the papers to Daryl and Charlene Heller. Upon arrival at the address at 1931 hours, Inv. K. O'Rourke noted the address was in a gated community with a guardhouse. Inv. K. O'Rourke informed the security guard, Name Refused, of the reason he was at the address, and the guard let him into the community.

When Inv. K. O'Rourke arrived at the residence, he noted there were a few interior security lights on, no signs of living on, and no smoke or steam coming from the heat vents. Inv. K. O'Rourke knocked on the door several times with no answer. A neighborhood canvass revealed one neighbor, Name Refused, who wanted to avoid answering questions in regards to Daryl and Charlene Heller. Another neighbor, Name Refused, stated that they saw Daryl and Charlene Heller coming and going in their BMW sport utility vehicle, but had not seen them in a few weeks. There was no answer at the third address.

Inv. O'Rourke also noted there was an older Buick sedan parked on Greenside Drive with an individual in the driver's seat. Inv. K. O'Rourke departed the address.

On January 30th, 2025, Inv. K. O'Rourke traveled to 44 Pintail Turn, Lititz, PA 17543 to deliver the papers to Randall Leaman. Upon arrival at the address at 1943 hours, Inv. K. O'Rourke noted that the address looked like the residents departed the

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

address abruptly, with the garage partially open containing two vehicles, with a further vehicle in the driveway. Inv. K. O'Rourke knocked on the door several times with no answer A neighborhood canvass could not be conducted, as the neighboring homes showed no signs of living. Inv. K. O'Rourke departed the address.

On January 30th, 2025, Inv. K. O'Rourke traveled to 121 Eshelman Road, Lancaster, PA 17601 to deliver the papers to Jerry D. Hostetter. Upon arrival at the address at 2007 hours, Mr. Hostetter accepted the paperwork. Inv. K. O'Rourke conducted an interview regarding the whereabouts of Randall Leaman, Daryl Heller and Charlene Heller. Mr. Hostetter denied knowing Randall Leaman, Daryl Heller and Charlene Heller and Inv. K. O'Rourke departed the address.

On January 30th, 2025, Inv. K. O'Rourke traveled to 330 North Line Street, Lancaster PA 17602 to deliver the paperwork to Ethan Heller, but found the address did not exist. Inv. O'Rourke attempted service at 330 North Street, Lancaster, PA 17602, but upon arrival at 2016 hours, found that the address was St. John the Baptist Catholic Church. Further research revealed that the address was 330 North Lime Street, Lancaster, PA 17602.

Upon arrival at 330 North Lime Street, Lancaster, PA 17602 at 2023 hours, Inv. K. O'Rourke found the address was dark, with no signs of living. Inv. K. O'Rourke knocked at the door but there was no answer. A neighborhood canvass was conducted, and Inv. K. O'Rourke spoke with David Last Name Refused, a neighbor. An interview was conducted, and David stated that Ethan Heller does not live at the address, that a man named Dennis lives at the address, but that he hasn't seen him in several weeks. Inv. K. O'Rourke departed the address.

On January 30th, 2025, Inv. K. O'Rourke traveled to 1824 Driver Avenue, Lancaster, PA 17602 to deliver the paperwork to Rose A. Cole. Upon arrival at the address at 2036 hours, Inv. K. O'Rourke knocked on the door, spoke to Ms. Cole's husband, Name Refused, then Ms. Cole accepted the paperwork. Inv. K. O'Rourke conducted an interview regarding the whereabouts of Randall Leaman, Daryl Heller and Charlene Heller. Ms. Cole stated that she did not know the current whereabouts of Randall Leaman, Daryl Heller and Charlene Heller. Inv. K. O'Rourke departed the address.

On January 30th, 2025, Inv. K. O'Rourke traveled to 909 Greenside Drive, Lititz, PA 17543 a second time to deliver the papers to Daryl and Charlene Heller. Upon arrival at 2102 hours, Inv. K. O'Rourke noted there was no change to the address from the previous attempt, with no answer to Inv. K. O'Rourke's contact. Inv. K. O'Rourke departed the address, noting the Buick that had been parked on Greenside Drive had departed the area since he had been there previously.

On January 30th, 2025, Inv. K. O'Rourke traveled to 44 Pintail Turn, Lititz, PA 17543 a second time to deliver the papers to Randall Leaman. Upon arrival at the address at 1943 hours, Inv. K. O'Rourke noted there was a light on in the garage that had not been on the first time he went there, but there was no change to the garage, which was still partially open containing two vehicles, with a further vehicle in the

driveway. Inv. K. O'Rourke knocked several times with no answer. Inv. K. O'Rourke departed the address.

On January 30th, 2025, Inv. K. O'Rourke traveled to the clubhouse of Bent Creek Country Club at 620 Bent Creek Drive, Lititz, PA 17543. Upon arrival, Inv. K. O'Rourke conducted an interview with the bar staff regarding the whereabouts of Randall Leaman, Daryl Heller and Charlene Heller. The bar staff, Name Refused, stated that they had not seen Randall Leaman, Daryl Heller and Charlene Heller in a few weeks,

On January 30th, 2025, Inv. K. O'Rourke traveled back to the guardhouse and conducted an interview with the security guard, Name Refused. Inv. K. O'Rourke inquired about why the guard had let Inv. K. O'Rourke into the neighborhood without checking his identification, and the guard stated various agencies had been coming in and out of the neighborhood looking for Randall Leaman, Daryl Heller and Charlene Heller for several weeks on an almost daily basis. Inv. K. O'Rourke inquired whether there had been any state or federal agents in the neighborhood on that day, and the guard stated she was not at liberty to say, though stated that Daryl Heller is a frequent topic in the local news and in the neighborhood. Inv. O'Rourke departed the address.

On January 30th, 2025, Inv. K. O'Rourke ran a non-FCRA SSN Trace/Address History to attempt to find an address of reasonable certainty for Ethan Heller. Inv. K. O'Rourke found an address of 250 Keener Road, Lititz, PA 17543. Inv. K. O'Rourke noted the address was several years old, but may have had lead value.

On January 30th, 2025, Inv. K. O'Rourke traveled to 250 Keener Road, Lititz, PA 17543. Upon arrival at the address, Inv. K. O'Rourke noted that the all the lights in the house were on, there were two vehicles in the garage and a white van in the driveway. Inv. O'Rourke knocked several times with no answer.

(CONTINUED ON NEXT PAGE)

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

A neighborhood canvass revealed the neighbor, Name Refused, knew Ethan Heller, stated that he didn't live at the 250 Keener Road address, but that he was a young man who had gone to Warwick High School with the neighbor's sons and that Ethan Heller lives in Bent Creek with his parents. Inv. O'Rourke departed the address.

On January 31st, 2025, Inv. Conner D. O'Rourke, LPI, SPS was informed by the client that they wanted an Affidavit of Due Diligence formed.

On January 31st, 2025, Inv. Cobourn formed this Affidavit of Due Diligence.

Dated:  1/31/2025

Inv. Thomas J. Cobourn, LPI, SPS
O'Rourke Investigative Associates, Inc.
P. O. Box 368
Wilmington, DE  19899-0368

State of Delaware
County of New Castle
Subscribed and sworn before me, a notary public, this 31st day of Jan 2025.

WITNESS MY HAND AND OFFICIAL SEAL TO

Notary Public

FRANCINE MAURA O'CONNOR
MY COMMISSION EXPIRES
FEBRUARY 8, 2026
NOTARY PUBLIC
STATE OF DELAWARE

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

# EXHIBIT G

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
AARON D. HOLLIS, ESQUIRE  (717) 509-7285

**B. E-MAIL CONTACT AT FILER (optional)**
EAH@BLAKINGERTHOMAS.COM

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

BLAKINGER THOMAS
28 PENN SQUARE
P.O. BOX 1889
LANCASTER, PA 17608

Delaware Department of State
U.C.C. Filing Section
Filed: 12:08 PM 04/19/2024
U.C.C. Initial Filing No: 2024 2618963

Service Request No:  20241530499

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HELLER CAPITAL GROUP, LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 415 N. PRINCE STREET, SUITE 200 | LANCASTER | PA | 17603 | US |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| DEERFIELD CAPITAL, LLC | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16 DEERFIELD ROAD | LANCASTER | PA | 17603 | US |

**4. COLLATERAL:** This financing statement covers the following collateral:
Any and all direct or indirect ownership, equity and right to receive payments from Heller Investment Holdings LLC

**5.** Check only if applicable and check only one box. Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)    ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien    ☐ Non-UCC Filing

**7.** ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
038853.1

International Association of Commercial Administrators

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610



**Pennsylvania Department of State**
Bureau of Corporations and Charitable Organizations
PO Box 8721 | Harrisburg, PA 17105-8721
T: 717.787.1057
dos.pa.gov/BusinessCharities

AARON D. HOLLIS, ESQUIRE                                     April 19, 2024
AARON D. HOLLIS ,ESQUIRE                     File No.:   20240419080858
28 PENN SQUARE
P.O. BOX 1889
LANCASTER, PA  17608

## Lien Acknowledgment

**FILING INFORMATION**

| | |
|---|---|
| Lien Type: | UCC |
| Lien File No.: | 20240419080858 |
| File Date: | 4/19/2024 11:38 AM |
| Lapse Date: | 4/19/2029 11:59 PM |

**DEBTOR INFORMATION**

| | |
|---|---|
| Debtor Name: | HELLER INVESTMENT HOLDINGS LLC |
| Debtor Address: | 415 N. PRINCE STREET |
| | SUITE  200 |
| | LANCASTER, PA 17603 |

**SECURED PARTY INFORMATION**

| | |
|---|---|
| Secured Party Name: | DEERFIELD CAPITAL, LLC |
| Secured Party Address: | 16 DEERFIELD ROAD |
| | LANCASTER, PA 17603 |



**COMMONWEALTH OF PENNSYLVANIA**
*Department of State*
*Bureau of Corporations and Charitable Organizations*
PO Box 8721
Harrisburg, Pennsylvania 17105-8721
**UCC1 FINANCING STATEMENT**
Fee: $84

| Pennsylvania Department of State |
|---|
| **-FILED-** |
| File #: 20240419080858 |
| Date Filed: 4/19/2024 |

**Submitter contact information**

| | |
|---|---|
| Contact Name | Aaron D. Hollis ,Esquire |
| Phone Number | (717) 299-1100 |
| Email Address | adh@blakingerthomas.com |

**Submitter information**

| | |
|---|---|
| Name | Aaron D. Hollis, Esquire |
| Address | 28 PENN SQUARE<br>P.O. BOX 1889<br>LANCASTER, PA 17608 |

**Debtors**

| DEBTOR'S NAME | MAILING ADDRESS |
|---|---|
| Heller Investment Holdings LLC | 415 N. PRINCE STREET<br>SUITE  200<br>LANCASTER, PA 17603 |

**Secured Parties**

| SECURED PARTY'S NAME | MAILING ADDRESS | Assignor |
|---|---|---|
| Deerfield Capital, LLC | 16 DEERFIELD ROAD<br>LANCASTER, PA 17603 | ☐ |

**Collateral**

Any and all direct or indirect ownership, equity and right to receive payments from GCC Investment Holdings LLC

**Designations**

| | |
|---|---|
| Select the designation which describes this financing statement | Not Applicable |
| Select an additional designation which describes this financing statement | Not Applicable |

**Alternative Designations**

| | |
|---|---|
| Select the alternative designation which describes this financing statement | Not Applicable |

| Optional Submitter Reference Data | 038853.1 |
|---|---|

5068-4976 04/19/2024 11:39 AM Received by Pennsylvania Department of State

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610



**Pennsylvania Department of State**
Bureau of Corporations and Charitable Organizations
PO Box 8721 | Harrisburg, PA 17105-8721
T: 717.787.1057
dos.pa.gov/BusinessCharities

AARON D. HOLLIS, ESQUIRE                                          April 19, 2024
AARON D. HOLLIS, ESQUIRE                          File No.:   20240419080855
28 PENN SQUARE
P.O. BOX 1889
LANCASTER, PA  17608

## Lien Acknowledgment

| FILING INFORMATION | |
|---|---|
| Lien Type: | UCC |
| Lien File No.: | 20240419080855 |
| File Date: | 4/19/2024 11:33 AM |
| Lapse Date: | 4/19/2029 11:59 PM |

| DEBTOR INFORMATION | |
|---|---|
| Debtor Name: | DARYL F. HELLER |
| Debtor Address: | 415 N. PRINCE STREET |
| | SUITE 200 |
| | LANCASTER, PA 17603 |

| SECURED PARTY INFORMATION | |
|---|---|
| Secured Party Name: | DEERFIELD CAPITAL, LLC |
| Secured Party Address: | 16 DEERFIELD ROAD |
| | LANCASTER, PA 17603 |

Case Number: CI-25-0061 20240419080855

## COMMONWEALTH OF PENNSYLVANIA
*Department of State*
*Bureau of Corporations and Charitable Organizations*
PO Box 8721
Harrisburg, Pennsylvania 17105-8721
## UCC1 FINANCING STATEMENT
Fee: $84

**Pennsylvania Department of State**

## -FILED-

File #: 20240419080855
Date Filed: 4/19/2024

**Submitter contact information**

| | |
|---|---|
| Contact Name | Aaron D. Hollis, Esquire |
| Phone Number | (717) 299-1100 |
| Email Address | adh@blakingerthomas.com |

**Submitter information**

| | |
|---|---|
| Name | Aaron D. Hollis, Esquire |
| Address | 28 PENN SQUARE<br>P.O. BOX 1889<br>LANCASTER, PA 17608 |

**Debtors**

| DEBTOR'S NAME | MAILING ADDRESS |
|---|---|
| Daryl F. Heller | 415 N. PRINCE STREET<br>SUITE 200<br>LANCASTER, PA 17603 |

**Secured Parties**

| SECURED PARTY'S NAME | MAILING ADDRESS | Assignor |
|---|---|---|
| Deerfield Capital, LLC | 16 DEERFIELD ROAD<br>LANCASTER, PA 17603 | ☐ |

**Collateral**

Any and all direct or indirect ownership, equity and right to receive payments from Heller Investment Holdings LLC

**Designations**

| | |
|---|---|
| Select the designation which describes this financing statement | Not Applicable |
| Select an additional designation which describes this financing statement | Not Applicable |

**Alternative Designations**

| | |
|---|---|
| Select the alternative designation which describes this financing statement | Not Applicable |
| Optional Submitter Reference Data | 038853.1 |

0060-4975 04/19/2024 11:39 AM Received by Pennsylvania Department of State

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

| | | |
|---|---|---|
| DEERFIELD CAPITAL, LLC<br>Deerfield Road<br>Lancaster, PA  17603, | : | IN THE COURT OF COMMON PLEAS16<br>LANCASTER COUNTY,<br>PENNSYLVANIA |
| | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION- LAW |
| | : | |
| Accordo, L.P.<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | Case No. 25-00610 |
| | : | |
| Blackford Holdings, LLC<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures, LLC<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M, LLC<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M II, LLC<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M IV, LLC<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund M V, LLC<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | |
| | : | |
| Blackford ATM Ventures Fund D, LLC<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | |
| | : | |
| Brookfield Partners, L.P.<br>415 N. Prince Street<br>Lancaster, PA  17603 | : | |
| | : | |

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Cash Ventures IV, LLC                  :
415 N. Prince Street                   :
Lancaster, PA  17603                   :
                                       :
Choice Labs, LLC                       :
4497 Phelps Drive                      :
Jackson, MI  49202-2600                :
                                       :
DataStaff Advisors, LLC                :
125 Emeryville Drive                   :
Suite 330                              :
Cranberry Township, PA  16066          :
                                       :
Dobe Investment Group, LLC             :
415 N. Prince Street                   :
Lancaster, PA  17603                   :
                                       :
DHQM3, LLC                             :
415 N. Prince Street                   :
Lancaster, PA  17603                   :
                                       :
GCC Management Company, LLC            :
2055 Crooks Road                       :
Suite B                                :
Rochester, MI  48309-3254              :
                                       :
GCC Michigan Acquisitions, LLC         :
415 N. Prince Street                   :
Lancaster, PA  17603                   :
                                       :
Glorious IL, LLC                       :
415 N. Prince Street                   :
Lancaster, PA  17603                   :
                                       :
Grandview Jets, LLC                    :
c/o DDRB, LLC                          :
415 N. Prince Street                   :
Lancaster, PA  17603                   :
                                       :
Grizzly RE, LLC                        :
415 N. Prince Street                   :
Lancaster, PA  17603                   :
                                       :
Kansas Blackjack, LLC                  :
415 N. Prince Street                   :
Lancaster, PA  17603                   :

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

Lifted NY Corp.                           :
415 N. Prince Street                      :
Lancaster, PA  17603                      :
                                          :
Lyrical, LLC                              :
415 N. Prince Street                      :
Lancaster, PA  17603                      :
                                          :
Neo Manufacturing MA, LLC                 :
365 Boston Post Road, Unit 184            :
Sudbury, MA  01776-3023                   :
                                          :
Pure Green, LLC                           :
415 N. Prince Street                      :
Lancaster, PA  17603                      :
                                          :
Raw Ventures, LLC                         :
2055 Crooks Road                          :
Rochester, MI  48309-3254                 :
                                          :
Tycoon I Operations, LLC                  :
2055 Crooks Road, Suite B                 :
Rochester, MI  48309-3254                 :
                                          :
Charlene Heller                           :
909 Greenside Drive                       :
Lititz, PA  17603                         :
                                          :
Ethan Heller                              :
330 N. Lime Street                        :
Lancaster, PA  17602                      :
                                          :
Taite Heller                              :
909 Greenside Drive                       :
Lititz, PA  17603                         :
                    Defendants            :
_____ :

## ORDER FOR PRELIMINARY INJUNCTION AND
## ORDER FOR HEARING

**AND NOW**, this __th day of February, 2025 upon consideration of Plaintiff's Petition for

Preliminary and Permanent Injunctive Relief and for Supplementary Relief under Pa.R.C.P. 3118

Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

and 1533 to Enjoin Transfers and to Preserve Collateral (the "Petition"), and the accompanying
papers, and it appearing to the Court that immediate and irreparable damage and injury will result
to Plaintiff if this Preliminary Injunction is not issued before the case can be fully heard on its
merits, that the Plaintiff has no adequate remedy at law and that greater injury will be done by
refusing the injunction than in granting it,

**IT IS HEREBY ORDERED**:

1.  All Defendants and the Judgment Debtors are preliminarily enjoined and prohibited
    from transferring any asset, property or item having a value in excess of $1,000,
    without approval of this Court;

2.  All Defendants and the Judgment Debtors are permanently prohibited and enjoined
    from transferring any asset, property or item having of value in excess of $1,000,
    without approval of this Court;

3.  Defendants and Judgment Debtors shall provide a full accounting and turnover of
    all records for the five-year period preceding the filing of the Complaint within a
    reasonable period of time as determined by this Court;

4.  All Defendants and Judgment Debtors shall promptly appear for and participate in
    discovery, but in no event later than 30 days after the date of the order.

5.  That any Defendants that have taken any action to request, direct or order any action
    that would set in motion anything that would be inconsistent with the general
    prohibitions in Paragraph 1 and 2, shall immediately take action to make certain
    that any such action that would violate Paragraph 1 and 2 does not take place.

6.  That all others with notice of this Order are enjoined, pending a hearing scheduled
    as set forth below, from either acting in concert with Defendants as agents,

Lancaster County Prothonotary E-Filed - 6 Feb 2025 11:52:48 AM
Case Number: CI-25-00610

representatives, affiliates, employees, or subcontractors of Defendants from transferring any assets related to any of the Judgment Debtors.

7.      That this Preliminary Injunction shall continue in effect until further Order of this Court.

8.      That this Order will be effective immediately upon presentation to this Court of security by Plaintiff as set forth in Pa.R.Civ.P. 1531(b)(2), in the amount of $_____.

9.      That a hearing on Plaintiff's Petition for a Preliminary Injunction be and is hereby set for _____, 2025, at ___.m. in Courtroom ___, Lancaster, Pennsylvania..

BY THE COURT:

_____

J.

# EXHIBIT 4

XXXXXXXXXXXXXX XXXXXXXXXX XX XXXX XX XXXXX XXXX XX XXXXXXXXX
XXXX XXXXXXX XX XX XXXXXX

DEERFIELD CAPITAL, LLC          :    IN THE COURT OF COMMON PLEAS16
Deerfield Road                 :    LANCASTER COUNTY,
Lancaster, PA  17603,          :    PENNSYLVANIA
                               :
          Plaintiff            :
          v.                   :    CIVIL ACTION- LAW
                               :
Accordo, L.P.                  :
415 N. Prince Street           :    Case No. 25-00610
Lancaster, PA  17603           :
                               :
Blackford Holdings, LLC        :
415 N. Prince Street           :
Lancaster, PA  17603           :
                               :
Blackford ATM Ventures, LLC    :
415 N. Prince Street           :
Lancaster, PA  17603           :
                               :
Blackford ATM Ventures Fund M, LLC  :
415 N. Prince Street           :
Lancaster, PA  17603           :
                               :
Blackford ATM Ventures Fund M II, LLC  :
415 N. Prince Street           :
Lancaster, PA  17603           :
                               :
Blackford ATM Ventures Fund M IV, LLC  :
415 N. Prince Street           :
Lancaster, PA  17603           :
                               :
Blackford ATM Ventures Fund M V, LLC  :
415 N. Prince Street           :
Lancaster, PA  17603           :
                               :
Blackford ATM Ventures Fund D, LLC  :
415 N. Prince Street           :
Lancaster, PA  17603           :
                               :
Brookfield Partners, L.P.      :
415 N. Prince Street           :
Lancaster, PA  17603           :
                               :
                               :



2025 FEB -7  AM 9: 52
PROTHONOTARY'S OFFICE
LANCASTER, PA.
ENTERED AND FILED

Cash Ventures IV, LLC                       :
415 N. Prince Street                        :
Lancaster, PA  17603                        :
                                            :
Choice Labs, LLC                            :
4497 Phelps Drive                           :
Jackson, MI  49202-2600                     :
                                            :
DataStaff Advisors, LLC                     :
125 Emeryville Drive                        :
Suite 330                                   :
Cranberry Township, PA  16066               :
                                            :
Dobe Investment Group, LLC                  :
415 N. Prince Street                        :
Lancaster, PA  17603                        :
                                            :
DHQM3, LLC                                  :
415 N. Prince Street                        :
Lancaster, PA  17603                        :
                                            :
GCC Management Company, LLC                 :
2055 Crooks Road                            :
Suite B                                     :
Rochester, MI  48309-3254                   :
                                            :
GCC Michigan Acquisitions, LLC              :
415 N. Prince Street                        :
Lancaster, PA  17603                        :
                                            :
Glorious IL, LLC                            :
415 N. Prince Street                        :
Lancaster, PA  17603                        :
                                            :
Grandview Jets, LLC                         :
c/o DDRB, LLC                               :
415 N. Prince Street                        :
Lancaster, PA  17603                        :
                                            :
Grizzly RE, LLC                             :
415 N. Prince Street                        :
Lancaster, PA  17603                        :
                                            :
Kansas Blackjack, LLC                       :
415 N. Prince Street                        :
Lancaster, PA  17603                        :

bancxxtex xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Lifted NY Corp.                              :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
Lyrical, LLC                                 :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
Neo Manufacturing MA, LLC                    :
365 Boston Post Road, Unit 184               :
Sudbury, MA  01776-3023                      :
                                             :
Pure Green, LLC                              :
415 N. Prince Street                         :
Lancaster, PA  17603                         :
                                             :
Raw Ventures, LLC                            :
2055 Crooks Road                             :
Rochester, MI  48309-3254                    :
                                             :
Tycoon I Operations, LLC                     :
2055 Crooks Road, Suite B                    :
Rochester, MI  48309-3254                    :
                                             :
Charlene Heller                              :
909 Greenside Drive                          :
Lititz, PA  17603                            :
                                             :
Ethan Heller                                 :
330 N. Lime Street                           :
Lancaster, PA  17602                         :
                                             :
Taite Heller                                 :
909 Greenside Drive                          :
Lititz, PA  17603                            :
                    Defendants               :

---

## ORDER FOR PRELIMINARY INJUNCTION AND
## ORDER FOR HEARING

**AND NOW**, this _7_th day of February, 2025 upon consideration of Plaintiff's Petition for

Preliminary and Permanent Injunctive Relief and for Supplementary Relief under Pa.R.C.P. 3118

and 1533 to Enjoin Transfers and to Preserve Collateral (the "Petition"), and the accompanying

papers, and it appearing to the Court that immediate and irreparable damage and injury will result

to Plaintiff if this Preliminary Injunction is not issued before the case can be fully heard on its

merits, that the Plaintiff has no adequate remedy at law and that greater injury will be done by

refusing the injunction than in granting it, that the requested emergency injunction is GRANTED.

**IT IS HEREBY ORDERED**:

1.     All Defendants and the Judgment Debtors are preliminarily enjoined and prohibited

       from transferring any asset, property or item having a value in excess of $1,000,

       without approval of this Court;

2.     ~~All Defendants and the Judgment Debtors are permanently prohibited and enjoined~~

       ~~from transferring any asset, property or item having of value in excess of $1,000,~~

       ~~without approval of this Court.~~

3.     Defendants and Judgment Debtors shall provide a full accounting and turnover of

       all records for the five-year period preceding the filing of the Complaint within a

       reasonable period of time as determined by this Court;

4.     All Defendants and Judgment Debtors shall promptly appear for and participate in

       discovery, but in no event later than 30 days after the date of the order.

5.     That any Defendants that have taken any action to request, direct or order any action

       that would set in motion anything that would be inconsistent with the general

       prohibitions in Paragraph 1 ~~and 2~~ shall immediately take action to make certain

       that any such action that would violate Paragraph 1 ~~and 2~~ does not take place.

6.     That all others with notice of this Order are enjoined, pending a hearing scheduled

       as set forth below, from either acting in concert with Defendants as agents,

representatives, affiliates, employees, or subcontractors of Defendants from

transferring any assets related to any of the Judgment Debtors.

7. That this Preliminary Injunction shall continue in effect until further Order of this

Court.

8. That this Order will be effective immediately upon presentation to this Court of

security by Plaintiff as set forth in Pa.R.Civ.P. 1531(b)(2), in the amount of

$ 500,000.00 .

9. That a hearing on Plaintiff's Petition for a Preliminary Injunction be and is hereby

set for February 13 , 2025, at 2:00 p.m. in Courtroom 2 , Lancaster, Pennsylvania..

10. Plaintiff shall provide an update on the efforts to serve Defendants with this order
in addition to the efforts made in Exhibit F.

BY THE COURT:

Leonard G. Brown, III, President Judge,

ATTEST: Audrey A Conrad
Deputy

COPIES TO: ALBERT A. CIARI, II, ESQ.
BRIAN W. BISIGNANI, ESQ. / JOHN W. CROUMER, ESQ.
AND ALL DEFENDANTS ON NEXT PAGE

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO. 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 2-7-25

Accordo, L.P.
415 N. Prince Street
Lancaster, PA 17603

Blackford Holdings, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund M, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund M II, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund M IV, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund M V, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund D, LLC
415 N. Prince Street
Lancaster, PA 17603

Brookfield Partners, L.P.
415 N. Prince Street
Lancaster, PA 17603

Cash Ventures IV, LLC
415 N. Prince Street
Lancaster, PA 17603

Choice Labs, LLC
4497 Phelps Drive
Jackson, MI 49202-2600

DataStaff Advisors, LLC
125 Emeryville Drive
Suite 330
Cranberry Township, PA 16066

Dobe Investment Group, LLC
415 N. Prince Street
Lancaster, PA 17603

DHQM3, LLC
415 N. Prince Street
Lancaster, PA 17603

GCC Management Company, LLC
2055 Crooks Road
Suite B
Rochester, MI 48309-3254

GCC Michigan Acquisitions, LLC
415 N. Prince Street
Lancaster, PA 17603

Glorious IL, LLC
415 N. Prince Street
Lancaster, PA 17603

Grandview Jets, LLC
c/o DDRB, LLC
415 N. Prince Street
Lancaster, PA 17603

Grizzly RE, LLC
415 N. Prince Street
Lancaster, PA 17603

Kansas Blackjack, LLC
415 N. Prince Street
Lancaster, PA 17603

Lifted NY Corp.
415 N. Prince Street
Lancaster, PA 17603

Lyrical, LLC
415 N. Prince Street
Lancaster, PA 17603

Neo Manufacturing MA, LLC
365 Boston Post Road, Unit 18
Sudbury, MA 01776-3023

Pure Green, LLC
415 N. Prince Street
Lancaster, PA 17603

Raw Ventures, LLC
2055 Crooks Road
Rochester, MI 48309-3254

Tycoon I Operations, LLC
2055 Crooks Road, Suite B
Rochester, MI 48309-3254

Charlene Heller
909 Greenside Drive
Lititz, PA 17603

Ethan Heller
330 N. Lime Street
Lancaster, PA 17602

Taite Heller
909 Greenside Drive
Lititz, PA 17603

# EXHIBIT 5

**MS&B**   McMANIMON · SCOTLAND · BAUMANN          75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com
35240-001

February 10, 2025

**Via Federal Express**
Honorable Leonard G. Brown, III          Office of the Prothonotary
President Judge                          Lancaster County Court of Common Pleas
Court of Common Pleas                    50 N. Duke St.
50 N. Duke Street                        Lancaster, PA 17602
Lancaster, PA 17608-3480

   Re:   **Deerfield Capital, LLC v. Accordo, L.P. et al.**
         **Case No. 25-00610**

Dear Judge Brown:

   This firm represents Daryl Heller. Mr. Heller filed a bankruptcy petition under the United States Bankruptcy Code. The petition was filed in the United States Bankruptcy Court for the District of New Jersey, Camden Vicinage, and bears Case No. 25-11354. As such, any and all matters against Mr. Heller are now "stayed" pursuant to 11 U.S.C. §362.

   Enclosed herewith is a copy of the Notice of Bankruptcy Filing. Moreover, Mr. Heller will shortly file a Notice of Removal of the matter before Your Honor pursuant to Fed. R. Bankr. P. 9027. Additionally, I understand certain of Mr. Heller's entities are subject to a receivership action. We appreciate Your Honor's attention to this matter.

                           Respectfully submitted,

                           /s/ Sari B. Placona

                           Sari B. Placona

SBP/sll
cc:   Albert Ciardi, III, (via email - aciardi@ciardilaw.com)
      Daniel Siedman (via email - dsiedman@ciardilaw.com)
      Heidi Sorvino (via email - sorvinoh@whiteandwilliams.com)
      James Vandermark (via email - vandermarkj@whiteandwilliams.com)
      Shane Heskin (via email - heskins@whiteandwilliams.com)
      Anthony Sodono, III (via email - asodono@msbnj.com)
      Brooke Rotheram (via email - brooke.rotheram@njcourts.gov)
      Cindy De Los Santos (via email - cindy.delossantos@njcourts.gov)
      Heidi Freese (via email - hfreese@tuckerlaw.com)
      Leo M. Gibbons (via email – lgibbons@macelree.com)

United States Bankruptcy Court
District of New Jersey

**Notice of Bankruptcy Case Filing**



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of
the United States Bankruptcy Code, entered on 02/10/2025 at 12:11 PM and filed on
02/10/2025.

**Daryl Fred Heller**
909 Greenside Drive
Lititz, PA 17543
SSN / ITIN: xxx-xx-1231



The case was filed by the debtor's attorney:

**Sari Blair Placona**
McManimon Scotland & Baumann, LLC
75 Livingston Avenue
Suite 201
Roseland, NJ 07068
973-622-1800

The case was assigned case number 25-11354.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page http://ecf.njb.uscourts.gov or at the Clerk's Office, 401 Market Street, Camden, NJ 08102.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Jeanne Naughton**
**Clerk, U.S. Bankruptcy Court**

# EXHIBIT 6

Lancaster County Prothonotary E-Filed - 11 Feb 2025 03:03:25 PM
Case Number: CI-25-00610

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

DEERFIELD CAPITAL, LLC,
    Plaintiff,

    v.                         :    No. CI-25-00610

ACCORDO, L.P., ET. AL.,
    Defendant.

## ORDER

AND NOW, this 11th day of February 2025, after notification of Daryl Heller's

bankruptcy filing and removal of this action to federal bankruptcy court, the hearing on

Plaintiff's Complaint for Supplemental Relief scheduled for Thursday, February 13, 2025, at

2:30 p.m. in Courtroom 2 of the Lancaster County Courthouse is hereby cancelled.

BY THE COURT:

LEONARD G. BROWN, III, JUDGE

ATTEST: _Audrey L. Conrad_
        Deputy

Copies to:    Albert A. Ciardi, III, Esq.
               John W. Croumer, Esq.
               BRIAN W. BISIGNANI, ESQ,
               AND DEFENDANTS ON NEXT PAGE

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO. 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 2-13-25

Accordo, L.P.
415 N. Prince Street
Lancaster, PA 17603

Blackford Holdings, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund M, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund M II, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund M IV, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund M V, LLC
415 N. Prince Street
Lancaster, PA 17603

Blackford ATM Ventures Fund D, LLC
415 N. Prince Street
Lancaster, PA 17603

Brookfield Partners, L.P.
415 N. Prince Street
Lancaster, PA 17603

Cash Ventures IV, LLC
415 N. Prince Street
Lancaster, PA 17603

Choice Labs, LLC
4497 Phelps Drive
Jackson, MI 49202-2600

DataStaff Advisors, LLC
125 Emeryville Drive
Suite 330
Cranberry Township, PA 16066

Dobe Investment Group, LLC
415 N. Prince Street
Lancaster, PA 17603

DHQM3, LLC
415 N. Prince Street
Lancaster, PA 17603

GCC Management Company, LLC
2055 Crooks Road
Suite B
Rochester, MI 48309-3254

GCC Michigan Acquisitions, LLC
415 N. Prince Street
Lancaster, PA 17603

Glorious IL, LLC
415 N. Prince Street
Lancaster, PA 17603

Grandview Jets, LLC
c/o DDRB, LLC
415 N. Prince Street
Lancaster, PA 17603

Grizzly RE, LLC
415 N. Prince Street
Lancaster, PA 17603

Kansas Blackjack, LLC
415 N. Prince Street
Lancaster, PA 17603

Lifted NY Corp.
415 N. Prince Street
Lancaster, PA 17603

Lyrical, LLC
415 N. Prince Street
Lancaster, PA 17603

Neo Manufacturing MA, LLC
365 Boston Post Road, Unit 1
Sudbury, MA 01776-3023

Pure Green, LLC
415 N. Prince Street
Lancaster, PA 17603

Raw Ventures, LLC
2055 Crooks Road
Rochester, MI 48309-3254

Tycoon I Operations, LLC
2055 Crooks Road, Suite B
Rochester, MI 48309-3254

Charlene Heller
909 Greenside Drive
Lititz, PA 17603

Ethan Heller
330 N. Lime Street
Lancaster, PA 17602

Taite Heller
909 Greenside Drive
Lititz, PA 17603

# EXHIBIT 7



**MS&B**  McMANIMON · SCOTLAND · BAUMANN                    75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
**splacona@msbnj.com**
35240-001

February 11, 2025

**Via Federal Express**
Honorable Leonard G. Brown, III                    Office of the Prothonotary
President Judge                                    Lancaster County Court of Common Pleas
Court of Common Pleas                              50 N. Duke St.
50 N. Duke Street                                  Lancaster, PA 17602
Lancaster, PA 17608-3480

      Re:   **Deerfield Capital, LLC v. Accordo, L.P. et al.**
            **Case No. 25-00610**

Dear Judge Brown:

    This firm represents Daryl Heller in his bankruptcy case filed in the United States Bankruptcy Court for the District of New Jersey. This letter follows up my previous letter to Your Honor dated February 10, 2025. Enclosed herewith please find a copy of the Notice of Removal filed in the Bankruptcy Court regarding the above-captioned matter. As always, we appreciate Your Honor's courtesy.

                    Respectfully submitted,

                    */s/ Sari B. Placona*

                    Sari B. Placona

SBP/sll
cc:  Albert Ciardi, III, Esq. (via email - aciardi@ciardilaw.com)
     Daniel Siedman, Esq. (via email - dsiedman@ciardilaw.com)
     Heidi Sorvino, Esq. (via email - sorvinoh@whiteandwilliams.com)
     James Vandermark, Esq. (via email - vandermarkj@whiteandwilliams.com)
     Shane Heskin, Esq. (via email - heskins@whiteandwilliams.com)
     Anthony Sodono, III, Esq. (via email - asodono@msbnj.com)
     Brooke Rotheram, Esq. (via email - brooke.rotheram@njcourts.gov)
     Cindy De Los Santos, Esq. (via email - cindy.delossantos@njcourts.gov)
     Heidi Frees, Esq. (via email - hfreese@tuckerlaw.com)
     Leo M. Gibbons, Esq. (via email – lgibbons@macelree.com)
     Frank Segall, Esq. (via email - frank.segall@blankrome.com)
     Martin Weis, Esq. (via email - mweis@dilworthlaw.com)

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Proposed Counsel for Daryl Fred Heller, the Chapter*
*11 Debtor and Debtor-in-Possession*

</td></tr>
</table>

| In re: | Chapter 11 |
|---|---|
| DARYL FRED HELLER, | Case No. 25-11354 (JNP) |
| Debtor. | |

### NOTICE OF REMOVAL PURSUANT TO
### 28 U.S.C. § 1452, FED. R. BANKR. P. 9027, AND D.N.J. LBR 9027-1

McManimon, Scotland & Baumann, LLC, proposed counsel for Daryl Fred Heller, the

Chapter 11 debtor and debtor-in-possession (the "Debtor"), filed the above matter in the United

States Bankruptcy Court for the District of New Jersey, and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the

Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey,

as amended on September 18, 2012; and venue being proper in this Court pursuant to 28 U.S.C. §

1408, and the Debtor hereby gives this notice of removal (the "Notice of Removal") to the Court

pursuant to 28 U.S.C. § 1452, Fed. R. Bankr. P. 9027, and D.N.J. LBR 9027-1, for the action

captioned *Deerfield Capital, LLC v Accordo, L.P., et al.*, Case No. 25-00610, commenced in the

Court of Common Pleas, Lancaster County, Pennsylvania (the "PA State Court Action"). In

support thereof, the Debtor respectfully states as follows:

### PROCEDURAL BACKGROUND

1.      On February 10, 2025 (the "Petition Date"), the Debtor filed a petition for relief

under Chapter 11, title 11 of the United States Code.

## STATEMENT OF FACTS

2.      The Debtor's home address is 909 Greenside Drive, Lititz, Pennsylvania 17543.

3.      The Debtor owns a principal asset, i.e., real property located at 7605 Pleasure Avenue, Sea Isle, New Jersey 08243 (the "Principal Asset").

4.      Pursuant to 28 U.S.C. § 1408, venue is proper in that the Debtor's Principal Asset is located in New Jersey.

5.      Pursuant to the PA State Court Action, an Order for Preliminary Injunction and Order for Hearing was granted on February 7, 2025, which preliminarily enjoined and prohibited all defendants and judgment debtors therein from transferring any asset, property or item having value in excess of $1,000 without approval of the court (the "Order"). The Order is annexed as Exhibit A. Although the Debtor is not a named defendant in the PA State Court Action, he is a "Judgement Debtor" as defined in the Petition for Preliminary and Permanent Injunctive Relief and for Supplementary Relief under Pennsylvania Rules of Civil procedure 3118 and 1533 to Enjoin Transfers and to Preserve Collateral (the "Petition"). The Petition defines Judgment Debtors as Heller Capital, Heller Investment and Daryl Heller and thus, the Debtor is subject to the Order.

6.      Deerfield Capital, LLC ("Deerfield"), the plaintiff in the PA State Court Action, is a judgment creditor of the Debtor, who is seeking to execute on the Debtor's assets. The Debtor filed bankruptcy to stave off Deerfield's collection action(s) to protect his property and address all creditors' claims in an orderly and restructured manner. Deerfield also commenced an action on February 7, 2025, against the Debtor in the Superior Court of New Jersey, Chancery Division, Cape May County, bearing Docket No. CPM-C-000004-25.

7.      The PA State Court Action (as it affects, among other assets, the Principal Asset) is related to the Debtor's bankruptcy case. Therefore, the PA State Court Action must be removed

2

to the United States Bankruptcy Court for the District of New Jersey.

8.      The PA State Court Action described above is a civil action, other than a proceeding
before the Tax Court or a civil action by a governmental unit to enforce the government unit's
police or regulatory power, and one over which this Court has jurisdiction under the provisions of
28 U.S.C. § 1334(b). The PA State Court Action is one that may be removed to the United States
Bankruptcy Court for the District of New Jersey.

9.      This Notice of Removal has been properly filed with the clerk of the bankruptcy
court pursuant to 28 U.S.C. § 1452, Fed. R. Bankr. P. 9027, and D.N.J. LBR 9027-1.

10.     This Notice of Removal is timely under Fed. R. Bankr. P. 9027 and D.N.J. LBR
9027-1.

11.     Upon removal, the proceeding constitutes a core matter pursuant to 28 U.S.C. §
157(b)(2)(A), (B) and (O).

12.     If this matter is deemed to be non-core, the Debtor consents to entry of final orders
or judgments by the Bankruptcy Judge.

Respectfully,

McMANIMON, SCOTLAND
& BAUMANN, LLC
*Proposed Counsel for Daryl Fred Heller, the*
*Chapter 11 Debtor and Debtor-in-Possession*

By:    */s/ Anthony Sodono*, III
Dated: February 11, 2025                    Anthony Sodono, III

3

# EXHIBIT A

XXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXX XXXXXXXX

| | |
|---|---|
| DEERFIELD CAPITAL, LLC<br>Deerfield Road<br>Lancaster, PA 17603,<br><br>         Plaintiff<br><br>   v. | IN THE COURT OF COMMON PLEAS16<br>LANCASTER COUNTY,<br>PENNSYLVANIA<br><br>CIVIL ACTION- LAW |

DEERFIELD CAPITAL, LLC    :    IN THE COURT OF COMMON PLEAS16
Deerfield Road              :    LANCASTER COUNTY,
Lancaster, PA 17603,       :    PENNSYLVANIA
                           :
              Plaintiff     :
                           :    CIVIL ACTION- LAW
       v.                  :
                           :
Accordo, L.P.              :
415 N. Prince Street       :    Case No. 25-00610
Lancaster, PA 17603        :
                           :
Blackford Holdings, LLC    :
415 N. Prince Street       :
Lancaster, PA 17603        :
                           :
Blackford ATM Ventures, LLC :
415 N. Prince Street       :
Lancaster, PA 17603        :
                           :
Blackford ATM Ventures Fund M, LLC :
415 N. Prince Street       :
Lancaster, PA 17603        :
                           :
Blackford ATM Ventures Fund M II, LLC :
415 N. Prince Street       :
Lancaster, PA 17603        :
                           :
Blackford ATM Ventures Fund M IV, LLC :
415 N. Prince Street       :
Lancaster, PA 17603        :
                           :
Blackford ATM Ventures Fund M V, LLC :
415 N. Prince Street       :
Lancaster, PA 17603        :
                           :
Blackford ATM Ventures Fund D, LLC :
415 N. Prince Street       :
Lancaster, PA 17603        :
                           :
Brookfield Partners, L.P.  :
415 N. Prince Street       :
Lancaster, PA 17603        :
                           :

2025 FEB -7  AM 9: 52
PROTHONOTARY'S OFFICE
LANCASTER, PA.

bannxxtex Xxxxxkx Rxxtxxxxtxxx 5x Xtxxx R Ex tx 2 R 2x t t x R 2 x 68 x 6 tt
Rxexxtxxx tx tx Xx 0x 22 x 00 2 x tx

Cash Ventures IV, LLC                    :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Choice Labs, LLC                         :
4497 Phelps Drive                        :
Jackson, MI  49202-2600                  :
                                         :
DataStaff Advisors, LLC                  :
125 Emeryville Drive                     :
Suite 330                                :
Cranberry Township, PA  16066            :
                                         :
Dobe Investment Group, LLC               :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
DHQM3, LLC                               :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
GCC Management Company, LLC              :
2055 Crooks Road                         :
Suite B                                  :
Rochester, MI  48309-3254                :
                                         :
GCC Michigan Acquisitions, LLC           :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Glorious IL, LLC                         :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Grandview Jets, LLC                      :
c/o DDRB, LLC                            :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Grizzly RE, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Kansas Blackjack, LLC                    :
415 N. Prince Street                     :
Lancaster, PA  17603                     :

```
bacccxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
           xxxxxxxxxxxxxxxxxxxxxxxxxxx
```

Lifted NY Corp.                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Lyrical, LLC                             :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Neo Manufacturing MA, LLC                :
365 Boston Post Road, Unit 184           :
Sudbury, MA  01776-3023                  :
                                         :
Pure Green, LLC                          :
415 N. Prince Street                     :
Lancaster, PA  17603                     :
                                         :
Raw Ventures, LLC                        :
2055 Crooks Road                         :
Rochester, MI 48309-3254                 :
                                         :
Tycoon I Operations, LLC                 :
2055 Crooks Road, Suite B                :
Rochester, MI 48309-3254                 :
                                         :
Charlene Heller                          :
909 Greenside Drive                      :
Lititz, PA  17603                        :
                                         :
Ethan Heller                             :
330 N. Lime Street                       :
Lancaster, PA  17602                     :
                                         :
Taite Heller                             :
909 Greenside Drive                      :
Lititz, PA  17603                        :
            Defendants                   :

---

## ORDER FOR PRELIMINARY INJUNCTION AND
## ORDER FOR HEARING

**AND NOW**, this _7_th day of February, 2025 upon consideration of Plaintiff's Petition for

Preliminary and Permanent Injunctive Relief and for Supplementary Relief under Pa.R.C.P. 3118

and 1533 to Enjoin Transfers and to Preserve Collateral (the "Petition"), and the accompanying papers, and it appearing to the Court that immediate and irreparable damage and injury will result to Plaintiff if this Preliminary Injunction is not issued before the case can be fully heard on its merits, that the Plaintiff has no adequate remedy at law and that greater injury will be done by refusing the injunction than in granting it, that the requested emergency injunction is GRANTED.

**IT IS HEREBY ORDERED:**

1. All Defendants and the Judgment Debtors are preliminarily enjoined and prohibited from transferring any asset, property or item having a value in excess of $1,000, without approval of this Court;

2. ~~All Defendants and the Judgment Debtors are permanently prohibited and enjoined from transferring any asset or property or item having of value out of the United States of America without approval of this Court;~~

3. Defendants and Judgment Debtors shall provide a full accounting and turnover of all records for the five-year period preceding the filing of the Complaint within a reasonable period of time as determined by this Court;

4. All Defendants and Judgment Debtors shall promptly appear for and participate in discovery, but in no event later than 30 days after the date of the order.

5. That any Defendants that have taken any action to request, direct or order any action that would set in motion anything that would be inconsistent with the general prohibitions in Paragraph 1 ~~and 2~~ shall immediately take action to make certain that any such action that would violate Paragraph 1 ~~and 2~~ does not take place.

6. That all others with notice of this Order are enjoined, pending a hearing scheduled as set forth below, from either acting in concert with Defendants as agents,

representatives, affiliates, employees, or subcontractors of Defendants from

transferring any assets related to any of the Judgment Debtors.

7.    That this Preliminary Injunction shall continue in effect until further Order of this

Court.

8.    That this Order will be effective immediately upon presentation to this Court of

security by Plaintiff as set forth in Pa.R.Civ.P. 1531(b)(2), in the amount of

$ 500,000.00 .

9.    That a hearing on Plaintiff's Petition for a Preliminary Injunction be and is hereby

2:00 p.m.

set for _February 13_, 2025, at xxxxxin Courtroom _2_, Lancaster, Pennsylvania..

10.    Plaintiff shall provide an update on the efforts to serve Defendants with this order
in addition to the efforts made in Exhibit F.

BY THE COURT:

Leonard G. Brown, III, President Judge

ATTEST: Audrey L Conrad
Deputy

COPIES TO: ALBERT A. CIARI, III, ESQ.
BRIAN W. BISIGNANI, ESQ. / JOHN W. CROUMER, ESQ.
AND ALL DEFENDANTS ON NEXT PAGE

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO. 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 2-7-25

Accordo, L.P.
415 N. Prince Street
Lancaster, PA  17603

Blackford Holdings, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M II, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M IV, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund M V, LLC
415 N. Prince Street
Lancaster, PA  17603

Blackford ATM Ventures Fund D, LLC
415 N. Prince Street
Lancaster, PA  17603

Brookfield Partners, L.P.
415 N. Prince Street
Lancaster, PA  17603

Cash Ventures IV, LLC
415 N. Prince Street
Lancaster, PA  17603

Choice Labs, LLC
4497 Phelps Drive
Jackson, MI  49202-2600

DataStaff Advisors, LLC
125 Emeryville Drive
Suite 330
Cranberry Township, PA  16066

Dobe Investment Group, LLC
415 N. Prince Street
Lancaster, PA  17603

DHQM3, LLC
415 N. Prince Street
Lancaster, PA  17603

GCC Management Company, LLC
2055 Crooks Road
Suite B
Rochester, MI  48309-3254

GCC Michigan Acquisitions, LLC
415 N. Prince Street
Lancaster, PA  17603

Glorious IL, LLC
415 N. Prince Street
Lancaster, PA  17603

Grandview Jets, LLC
c/o DDRB, LLC
415 N. Prince Street
Lancaster, PA  17603

Grizzly RE, LLC
415 N. Prince Street
Lancaster, PA  17603

Kansas Blackjack, LLC
415 N. Prince Street
Lancaster, PA  17603

Lifted NY Corp.
415 N. Prince Street
Lancaster, PA  17603

Lyrical, LLC
415 N. Prince Street
Lancaster, PA  17603

Neo Manufacturing MA, LLC
365 Boston Post Road, Unit 1E
Sudbury, MA  01776-3023

Pure Green, LLC
415 N. Prince Street
Lancaster, PA  17603

Raw Ventures, LLC
2055 Crooks Road
Rochester, MI  48309-3254

Tycoon I Operations, LLC
2055 Crooks Road, Suite B
Rochester, MI  48309-3254

Charlene Heller
909 Greenside Drive
Lititz, PA  17603

Ethan Heller
330 N. Lime Street
Lancaster, PA  17602

Taite Heller
909 Greenside Drive
Lititz, PA  17603